UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K.§ NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                              Defendants. | **Case No.  07-CV-10268 (LBS)** |

[*additional captions follow*]

*ESPOSITO* **PLAINTIFFS' OPPOSITION TO PLAINTIFFS GIDARO AND DONLON'S JOINT AMENDED MOTION FOR ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING THE ERISA ACTIONS AND APPOINTING LEAD PLAINTIFFS AND INTERIM LEAD COUNSEL**

**NOTICE DATE:  February 21, 2008 at 2:15 p.m.**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                  Defendants. | **Case No.  07-CV-10273 (LBS)** |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                  Defendants. | **Case No.  07-CV-10398 (LBS)** |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>       Defendants. | **Case No.  07-CV-10569 (LBS)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>       Defendants. | **Case No.  07-CV-10661 (LBS)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>               v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                   Defendants. | **Case No.  07-CV-10687 (LBS)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>               v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                   Defendants. | **Case No.  07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br><div align="center">Plaintiffs,</div><br><div align="center">v.</div><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br><div align="center">Defendants.</div> | **Case No.  07-CV-11054 (LBS)** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br><div align="center">Plaintiffs,</div><br>v.<br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br><div align="center">Defendants.</div> | **Case No. 07-Civ-11615 (LBS)** |

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated, <br><br>                Plaintiffs, <br><br>v. <br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20, <br><br>                Defendants. | **Case No. 08-Civ-0058 (LBS)** |
| DOMINICK J. PASCULLO and RAYMOND GONZALEZ, On Behalf of Themselves and All Others Similarly Situated, <br><br>                Plaintiffs, <br><br>V. <br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH & CO., INC. PLAN INVESTMENT COMMITTEE, MERRILL LYNCH & CO., INC. PLAN ADMINISTRATIVE COMMITTEE, MERRILL LYNCH & CO., INC. MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE, LOUIS DIMARIA,  E. STANLEY O'NEAL, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, AND JOHN DOES 1-10, <br><br>                Defendants. | **Case No. 08-Civ-1116 (UA)** |

# TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................................1

II. DISCUSSION ..................................................................................................................3

    A.    All Four Rule 23(g) Factors Support the Appointment of Keller
        Rohrback and Cohen Milstein as Interim Co-Lead Counsel. ...................................3

        1.    Keller Rohrback and Cohen Milstein have taken substantial
            preliminary steps to prosecute this action. ...............................................3

        2.    Keller Rohrback and Cohen Milstein Have Unmatched
            Experience in ERISA Class Action Cases of this Type and
            Knowledge of ERISA law. ......................................................................6

            a.    Keller Rohrback and Cohen Milstein ...............................6

            b.    Neither Counsel for Plaintiff Gidaro Nor Counsel
                for Plaintiff Donlon Match the Combined
                Experience of Keller Rohrback and Cohen Milstein. ...................11

        3.    Keller Rohrback and Cohen Milstein Will Dedicate the
            Resources Necessary to Provide the Class with the Best
            Representation Possible. ........................................................................13

    III. CONCLUSION .............................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Beazer Homes USA, Inc.*
  No. 07-00952 (N.D. Ga.) ................................................................................ 9

*BellSouth Corporation*
  No. 02-2440 (N.D. Ga.) .................................................................................. 9

*Bridges v. Am. Elec. Power Co.*
  498 F.3d 442, 444 (6th Cir. 2007) ................................................................ 11

*Caltagirone v. N.Y. County Bancorp, Inc.*
  2007 U.S. App. LEXIS 29516 *9-10 (S.D.N.Y. Dec. 20, 2007) ................... 11

*CMS Energy Corporation*
  No. 02-72834 (E.D. Mich.) ............................................................................. 9

*Cokenour v. Household Int'l, Inc.*
  2004 WL 725973 (N.D. Ill. Mar. 31, 2004) ................................................... 6

*Dell Inc.*
  No. 06-758 (W.D. Tex.) ................................................................................... 9

*Delphi Corporation*
  No. 05-70882 (E.D. Mich.) ............................................................................. 9

*Dynegy, Inc.*
  No. 02-3076 (S.D. Tex.) .................................................................................. 9

*Ford Motor Company*
  No. 06-11718 (S.D. Mich.) .............................................................................. 9

*Fremont General Corporation*
  No. 07-2693 (C.D. Cal.) .................................................................................. 9

*Goodyear Tire & Rubber Company*
  No. 03-02182 (N.D. Ohio) ............................................................................... 9

*Graden v. Conexant*
  496 F.3d 291, 303 (3d Cir. 2007) .................................................................. 11

*Hargrave v. TXU, Corp.*
  No. 02-2573 (N.D. Tex.) ................................................................................ 10

*Harzewski v. Guidant Corp.*
  489 F.3d 799, 803-04 (7th Cir. 2007) ........................................................... 11

*HealthSouth Corporation*
  No. 03-1700 (N.D. Ala.) .................................................................................. 9

*Hill v. BellSouth Corp.*
  313 F. Supp. 2d 1361 (N.D Ga. 2004) ........................................................... 6

*Household International, Inc.*
No. 02-7921 (N.D. Ill.) ........................................................................................... 9

*In re AIG ERISA Litigation*
No. 04-9387 (S.D.N.Y.) .......................................................................................... 8

*In re CMS Energy ERISA Litig.*
225 F.R.D. 539 (E.D. Mich. 2004) ......................................................................... 6

*In re CMS ERISA Litig.*
312 F. Supp. 2d 898 (E.D. Mich. 2004).................................................................. 6

*In re Dynegy, Inc.ERISA Litigation*
309 F.Supp.2d 861 (S.D.Tex. 2004) ..................................................................... 10

*In re Enron Corp. ERISA Litigation*
No. 01-3913 (S.D. Tex.) .......................................................................................... 8

*In re Global Crossing ERISA Litigation*
No. 02-7453 (S.D.N.Y.) .......................................................................................... 8

*In re Marsh ERISA Litigation*
No. 04-8157 (S.D.N.Y.) .......................................................................................... 8

*In Re Merck & Co., Inc. Securities, Derivative & "ERISA"* Litigation
Case No: 3:05-CV-01151-SRC-TJB (D.N.J.) ...................................................... 10

*In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, 05-CV-2369 (D.N.J.
July 11, 2006)........................................................................................................... 6

*In Re Polaroid ERISA Litig.*
240 F.R.D. 65 (S.D.N.Y. 2006) .............................................................................. 6

*In Re Polaroid ERISA Litig.*
362 F. Supp. 2d 461 (S.D.N.Y. Mar. 31, 2005)...................................................... 6

*In re Polaroid ERISA Litigation*
No. 03-8335 (S.D.N.Y.).......................................................................................... 8

*In re Syncor ERISA Litig.*
227 F.R.D. 338 (C.D. Cal.  2005) ........................................................................... 6

*In re Terazosin Hydrochloride*
220 F.R.D. 672 (S.D. Fla. 2004) ............................................................................. 5

*In re Williams Companies ERISA Litig.*
02-CV-153 (N.D. Okla. Dec. 20, 2004)................................................................... 6

*In re Williams Companies ERISA Litig.*
231 F.R.D.416 (N.D. Okla. 2005)............................................................................ 6

*In re Williams Companies ERISA Litig.*
271 F. Supp. 2d 1328 (N. D. Okla. 2003) ............................................................... 6

*In re Williams Companies ERISA Litigation*
 231 F.R.D. 416 (N.D.Okla. 2005)......................................................................... 10

*In re WorldCom ERISA Litig.*
     263 F. Supp. 2d 745 (S.D.N.Y. 2003)........................................................................ 6

*In re WorldCom, Inc. ERISA Litig.*
     2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004) ............................................................. 6

*In re WorldCom, Inc. ERISA Litig.*
     339 F. Supp. 2d 561 (S.D.N.Y. 2004)........................................................................ 6

*In re WorldCom, Inc. ERISA Litigation*
     No. 02-4816 (S.D.N.Y.)............................................................................................. 8

*In Re Xerox Corp. ERISA Litig.*
     483 F. Supp. 2d 206 (D. Conn. 2007)........................................................................ 6

*Krispy Kreme Doughnuts, Inc.*
     No. 05-06187 (M.D.N.C.)........................................................................................... 9

*Lucent Technologies, Inc.*
     No. 01-3491 (D.N.J.) .................................................................................................. 9

*Merck & Co.*
     No. 05-01151 (D.N.J.) ................................................................................................ 9

*Mirant Corporation*
     No. 03-1027 (N.D. Ga.) .............................................................................................. 9

*Nowak v. Ford Motor Co., et. al.*
     240 F.R.D. 355, 365 (E.D. Mich. 2006) .................................................................. 11

*Pfizer Inc.*
     No. MDL-1688 (S.D.N.Y.)......................................................................................... 9

*Providian Financial Corp.*
     No. 01-5027 (N.D. Cal.) ............................................................................................. 9

*Southern Company*
     No. 04-1912 (N.D. Ga.) .............................................................................................. 9

*Tittle v. Enron Corp.*
     2006 WL 1662596 (S.D. Tex.  June 7, 2006) ............................................................ 6

*Tittle v. Enron Corp.*
     284 F. Supp. 2d 511 (S.D. Tex. 2003) ....................................................................... 6

*Visteon Corporation*
     No. 05-71205 (E.D. Mich.)......................................................................................... 9

*Walsh v. Marsh & McLennan*
     No. 01-CV-8157-SWK (S.D.N.Y) ........................................................................... 10

*Whetman v. IKON*
     191 F.R.D. 457 (E.D. Pa. 2000)................................................................................. 6

*Whetman v. IKON*
     86 F. Supp. 2d 481 (E.D. Pa. 2000) ........................................................................... 6

*Williams Companies*
    No. 02-153 (N.D. Okla.) ................................................................................ 9
*Xerox Corporation*
    No. 02-1138 (D. Conn.) ................................................................................. 9

**STATUTES**

ERISA §104(b) ........................................................................................................ 3

**RULES**

Fed. R. Civ. P. 23(g) ............................................................................................ 3, 4

Fed. R. Civ. P. 23(g)(1)(C) ..................................................................................... 2

Fed. R. Civ. P. 23(g)(B) .......................................................................................... 2

## I.  INTRODUCTION

Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin (the "*Esposito* Plaintiffs") respectfully submit that they should be appointed Interim Lead Plaintiffs, and their counsel Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") should be appointed Interim Co-Lead Counsel of this large-scale complex ERISA class action against Merrill Lynch & Co., Inc. ("Merrill Lynch").  Keller Rohrback and Cohen Milstein offer unmatched experience and expertise in this precise type of ERISA class action case, and, therefore, are best able to represent the interests of the class in this case.

Given the changing line-up of the competing firms, and the several now-moot briefs this has generated, we provide the following re-cap for the Court's convenience:

- The *Esposito* Plaintiffs seek the appointment of their counsel Keller Rohrback and Cohen Milstein as interim co-lead counsel (pending class certification).  Their motion was originally filed on December 14, 2007, and is pending.[1]

- Plaintiff Yashgur sought appointment of Stull, Stull & Brody ("SSB") as interim lead counsel on December 21, 2007.  SSB's motion is pending.

- Plaintiff Gidaro sought appointment of Shalov Stone Bonner & Rocco LLP ("SSBR") as interim lead counsel on December 12, 2007.  On February 11, 2008, SSBR abandoned its effort to be appointed sole lead counsel and submitted a new proposal in which it seeks appointment as co-lead counsel with Harwood Feffer, LLP ("Harwood Feffer").  Therefore, SSBR's original motion is now moot.

- Plaintiff Donlon sought appointment of Harwood Feffer as interim lead counsel on January 3, 2008.  On February 11, 2008, Harwood Feffer abandoned its effort

---

[1] *See* Exhibit A, Esposito Plaintiffs' Amended Notice of Motion to Consolidate ERISA Cases and Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel.

to be appointed sole lead counsel, and as noted above, joined with SSBR. Therefore, Harwood Feffer's original motion is now moot.

- Plaintiff Summers sought appointment of Spector Roseman & Kodroff, P.C. ("SRK") and Stember Feinstein Doyle & Payne, LLC ("SFDP") as co-lead counsel on January 11, 2008. On February 11, 2008, SRK and SFDP withdrew their motion, and, accordingly, no longer are seeking a leadership position.

Thus, as it now stands, two groups oppose the motion for lead filed by the *Esposito* Plaintiffs. They are (1) Plaintiff Yashgur seeking appointment of SSB as interim lead counsel; and (2) Plaintiffs Gidaro and Donlon, seeking appointment of SSBR and Harwood Feffer as interim co-lead counsel. The *Esposito* Plaintiffs previously filed an opposition to Plaintiff Yashgur's leadership motion. Thus, the *Esposito* Plaintiffs respectfully submit this opposition to the Plaintiff Gidaro and Donlon's Joint Amended Motion For Entry of [Proposed] Pretrial Order No. 1 Consolidating the ERISA Actions and Appointing Interim Lead Plaintiffs and Interim Co-Lead Counsel ("Joint Amended Motion"), filed on February 11, 2008.

Despite the many changes in some of the parties' positions regarding how best to organize counsel and to litigate this case, this Court's task is clear. When presented with competing motions, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." Fed. R. Civ. P. 23(g)(B) (emphasis added). The standards for selecting class counsel are outlined in Fed. R. Civ. P. 23(g)(1)(C). Pursuant to this Rule, there are four factors that the Court should consider:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C).  With all due respect to the competing firms, it remains beyond serious dispute that no combination of these firms can provide the class with the experience and expertise of Keller Rohrback and Cohen Milstein in ERISA class action litigation in general, or in this ERISA type of case in particular.  Accordingly, the criteria set forth in Fed. R. Civ. P. 23(g) firmly supports the appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel, with Cohen Milstein's New York office serving as Liaison Counsel.[2]

## II. DISCUSSION

**A.    All Four Rule 23(g) Factors Support the Appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel.**

**1.    Keller Rohrback and Cohen Milstein have taken substantial preliminary steps to prosecute this action.**

As noted in our moving papers, Keller Rohrback and Cohen Milstein together have already taken substantial coordinated action to prosecute this lawsuit.  *See* Memorandum in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel, For Entry of Pretrial Order No. 1, and in Opposition to Plaintiff Gidaro's Motion for Consolidation and Appointment of Interim Counsel for the Class ("*Esposito* Memo") at 14-15.[3]  Counsel for the *Esposito* Plaintiffs have:

- Obtained relevant Plan documents from Merrill Lynch and made formal requests for all Plan documents pursuant to ERISA §104(b);

---

[2] As there is no dispute amongst the parties as to the motion for consolidation of the ERISA cases, this response will focus on the proposed leadership structure for these cases.

[3] For the Court's convenience, the *Esposito* Plaintiffs provided a courtesy copy of the *Esposito* Memo on February 8, 2008.

- Reviewed numerous Plan documents;

- Spoken with numerous class members;

- Interviewed additional witnesses knowledgeable about the allegations in the complaints;

- Drafted and filed detailed Complaints with careful analysis of the terms of the Plan documents as well as the specific factual circumstances that give rise to this litigation and on which Plaintiffs' allegations of ERISA breach of fiduciary duty and imprudence are based; and

- Monitored potential and on-going government investigations.

*Id*. at 14-15.

We draw particular attention to the Complaints we have filed on behalf of the *Esposito* Plaintiffs. The Complaints prepared by Keller Rohrback and Cohen Milstein are the result of the firms' own work and dedication to this area of law and their combined analysis of specific issues in this case. Having several years experience litigating ERISA cases of this type, Keller Rohrback and Cohen Milstein appreciate the importance of carefully detailing, among other allegations, the fiduciary status of the Defendants, as well as the specific conduct of Defendants alleged to have breached the particular fiduciary duties assigned to them. Such specificity can be critical in efforts to overcome challenges to the Complaint. The *Esposito* and *Boland* Complaints are detailed in these regards; Keller Rohrback and Cohen Milstein's investigation and drafting are informed by the specific challenges we have faced in the past, and lessons learned from them. Comparatively, the *Donlon* and *Gidaro* Complaints are not as detailed.

For example, the *Esposito* and *Boland* Complaints include more specific analysis of the applicable terms and workings of the three Plans, including citations to the Plan documents and Plan-related documents. Compare *Esposito* Complaint at ¶¶ 28-61 and *Boland* Complaint at ¶¶

44-77, with *Donlon* Complaint at ¶¶ 34-39 and *Gidaro* Complaint at ¶¶ 12-18.  Similarly, the *Esposito* and *Boland* Complaints include more detailed explanations of each Defendant's fiduciary status, and include supporting citations to the Plan documents and Plan-related documents.  Compare *Esposito* Complaint at ¶¶ 62-92 and *Boland* Complaint at ¶¶ 78-108, with *Donlon* Complaint at ¶¶ 40-53, and with *Gidaro* Complaint at ¶¶ 19-28.  These disparities are telling.

Furthermore, the *Esposito* Complaint contains allegations that carefully track developing ERISA jurisprudence in order to ensure that the Complaint avoids traps for the unwary.  *See, e.g., Esposito* Complaint ¶¶ 172-77 (explaining that ERISA § 404(c) defense is unavailable to Defendants); ¶¶ 178-82 (explaining that Defendants' investment in Merrill stock is not entitled to a presumption of prudence); and ¶¶ 183-98 (explaining how Defendants breached their duty to prudently manage the assets of the Plans).  As noted ERISA scholar Professor John Langbein states in his declaration submitted herewith, skillful research, drafting, and knowledge of the law are of particular importance, given the range of issues potentially contested in an ERISA action.  *See* Exhibit B, Declaration of Professor John Langbein ("Langbein Decl."), ¶ 13(a)–(h) (discussing the importance of expert ERISA counsel in ERISA company stock cases).

Keller Rohrback and Cohen Milstein's concerted efforts in investigating the Plans' provisions, researching the law, and drafting the Complaints filed on behalf of the *Esposito* Plaintiffs are representative of the substantial steps we have taken to date to advance this litigation, and reflect our expertise in this complex and rapidly developing area of law.

**2. Keller Rohrback and Cohen Milstein Have Unmatched Experience in ERISA Class Action Cases of this Type and Knowledge of ERISA law.**

The second and third Rule 23(g) factors are generally considered the most important. *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). Here, application of the second and third factors strongly supports the appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel for the class.

**a. Keller Rohrback and Cohen Milstein**

A review of the various firms' resumes submitted in this case demonstrates that the *Esposito* Plaintiffs' proposed leadership structure consists of counsel with the most experience, both in ERISA litigation generally, and particularly with regard to ERISA company stock cases. *See Esposito* Memo at 15-24; *See also* Exhibit C, Keller Rohrback Complex Litigation Group resume; and Exhibit D, Cohen Milstein ERISA Group resume.

Keller Rohrback and Cohen Milstein are national leaders in the field of ERISA class action litigation. As noted in our moving papers, Keller Rohrback and Cohen Milstein have:

- Pioneered and obtained ground-breaking opinions in a wide range of ERISA class action cases, including a multitude of cases like this one challenging the prudence of investments in company stock;[4]

---

[4] Some of the many examples of favorable motion to dismiss ERISA company stock opinions involving Keller Rohrback and/or Cohen Milstein include: *Whetman v. IKON*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *In re Williams Companies ERISA Litig.*, 271 F. Supp. 2d 1328 (N. D. Okla. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D Ga. 2004); *Cokenour v. Household Int'l, Inc.*, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004); *In re CMS ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004); *In Re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. Mar. 31, 2005);*In re Marsh ERISA Litig.*, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In Re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn.

- Served as lead or co-lead counsel in the leading ERISA 401(k) plan company stock litigations and currently serve as lead or co-lead in the leading ERISA company stock cases currently pending nationwide;

- Litigated every stage of this type of ERISA case, from early motions to dismiss through discovery (both fact and expert) through motions for summary judgment to final settlements;

- Exhaustively briefed and argued several of the specific issues likely to arise in this litigation ranging from motions to dismiss, class certification, and disputes regarding the scope of discovery to motions for summary judgment, coordination with parallel securities cases, mediation, and final settlements;

- Frequently appeared as faculty at national CLEs and other training programs addressing ERISA breach of fiduciary duty class actions;[5]

- Worked closely with the United States Department of Labor ("DOL") on ERISA class action cases;

---

2007); *In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, 05-CV-2369 (D.N.J. July 11, 2006). Examples of favorable class certification ERISA company stock opinions include: *Whetman v. IKON*, 191 F.R.D. 457 (E.D. Pa. 2000); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Williams Companies ERISA Litig.*, 231 F.R.D.416 (N.D. Okla. 2005); *Tittle v. Enron Corp.*, 2006 WL 1662596 (S.D. Tex. June 7, 2006); *In Re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006). Other favorable ERISA company stock opinions include: *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561 (S.D.N.Y. 2004) (bar order approved); *In re Williams Companies ERISA Litig.*, 02-CV-153 (N.D. Okla. Dec. 20, 2004) (apply ERISA fiduciary exception to attorney-client privilege).

[5] For example, Mr. Lynn Sarko spoke recently at the DOL Speaks: Employee Benefits Conference; the American Bar Association's Employee Benefits Committee Meeting; the Glasser Annual ERISA Litigation Conference; and The Los Angeles Benefits Conference which was co-sponsored by the Internal Revenue Service, the American Society of Pension Professionals & Actuaries, and the National Institute of Pension Administrators. Mr. Loeser recently spoke at the West Legalworks 20th Annual ERISA Litigation Conference. Additionally, Mr. Marc Machiz has appeared on panels for the ABA, ALI-ABA, PLI, the New York Bar, the District of Columbia Bar and others.

- Worked with and for independent fiduciaries in connection with the DOL's regulated review of ERISA company stock settlements involving corporate plan sponsors and corporate officials;

- Established relationships with many of the key experts in the field;

- Worked extensively with counsel in parallel securities cases, and developed systems for effectively coordinating the discovery in the parallel cases; and

- Successfully guided clients through the exceptionally complex ERISA field, recovering hundreds of millions of dollars on behalf of employees.

This catalog of experience is not mere puffery. It reflects many years of dedication by the attorneys at Keller Rohrback and Cohen Milstein to ERISA and to this specific area of law. Our knowledge of, and contributions to, the developing body of ERISA law are acknowledged by our fellow attorneys and academics alike. *See* Exhibit E, Declaration of Mary Ellen Signorille in Support of Esposito Plaintiffs' Motion for Appointment as Lead Plaintiffs and Lead Counsel, ¶¶ 15–19 (discussing the competence, dedication, and resources of Cohen Milstein and Keller Rohrback); *See also* Exhibit B, Langbein Decl., ¶ 20 (discussing Keller Rohrback's ability to meet the demanding qualifications of counsel in ERISA employer stock cases).

### (i)    Keller Rohrback

As noted previously, Keller Rohrback has played a leading role in the development of this area of law by obtaining favorable landmark decisions and recovering over $750 million dollars on behalf of employees in this case. *Esposito* Memo at 16-20. Keller Rohrback served as co-lead counsel in the ground-breaking case *In re Enron Corp. ERISA Litigation*, No. 01-3913 (S.D. Tex.). In addition, in this district alone, Keller Rohrback serves or has served as lead or co-lead counsel in the following nationally prominent ERISA company stock cases:

- *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.) (J. Cote);
- *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y.) (J. Lynch);

- *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.) (J. Pauley);
- *In re Marsh ERISA Litigation*, No. 04-8157 (S.D.N.Y.) (J. Kram); and
- *In re AIG ERISA Litigation*, No. 04-9387 (S.D.N.Y.) (J. Sprizzo).[6]

In addition, Keller Rohrback serves, or has served, in a leadership capacity in ERISA

company stock cases throughout the country, including the following cases:

- *Beazer Homes USA, Inc*., No. 07-00952 (N.D. Ga.);
- *BellSouth Corporation*, No. 02-2440 (N.D. Ga.);
- *CMS Energy Corporation*, No. 02-72834 (E.D. Mich.);
- *Dell Inc*., No. 06-758 (W.D. Tex.);
- *Delphi Corporation*, No. 05-70882 (E.D. Mich.);
- *Dynegy, Inc*., No. 02-3076 (S.D. Tex.);
- *Ford Motor Company*, No. 06-11718 (S.D. Mich.);
- *Fremont General Corporation*, No. 07-2693 (C.D. Cal.);
- *Goodyear Tire & Rubber Company*, No. 03-02182 (N.D. Ohio);
- *HealthSouth Corporation*, No. 03-1700 (N.D. Ala.);
- *Household International, Inc.,* No. 02-7921 (N.D. Ill.);
- *Krispy Kreme Doughnuts, Inc*., No. 05-06187 (M.D.N.C.);
- *Lucent Technologies, Inc*., No. 01-3491 (D.N.J.);
- *Merck & Co*., No. 05-01151 (D.N.J.);
- *Mirant Corporation*, No. 03-1027 (N.D. Ga.);
- *Pfizer Inc*., No. MDL-1688 (S.D.N.Y.);
- *Providian Financial Corp.,* No. 01-5027 (N.D. Cal.);
- *Southern Company*, No. 04-1912 (N.D. Ga.);
- *Visteon Corporation*, No. 05-71205 (E.D. Mich.);
- *Williams Companies*, No. 02-153 (N.D. Okla.); and
- *Xerox Corporation*, No. 02-1138 (D. Conn.).

Because of this extensive experience and the results achieved on behalf of our clients,

Keller Rohrback is widely regarded as the nation's leading firm in litigating ERISA breach of

fiduciary duty class actions.

(ii)    **Cohen Milstein**

Cohen Milstein also has impressive experience and success in this field.  As detailed in

the *Esposito* Memo, Cohen Milstein's Employee Benefits Practice Group, headed by the former

---

[6] In the *AIG ERISA Litigation*, Keller Rohrback serves on a "Provisional Committee" that
includes three other firms, including Harwood Feffer.

chief ERISA lawyer for the DOL, has prosecuted a wide range of ERISA class actions, including cases similar to this action. *Esposito* Memo at 20-24. The Employee Benefits Practice Group includes three attorneys who previously occupied management positions at the DOL with responsibility for ERISA litigation at both the trial and appellate levels. The decades of ERISA litigation experience enforcing the fiduciary provisions of ERISA is unmatched by any other plaintiff's firm seeking to represent benefit plan participants and beneficiaries injured by the conduct alleged in these cases.

As detailed in our moving papers, Cohen Milstein's experience covers a rich variety of ERISA class actions, involving a wide range of ERISA claims (*i.e.*, retiree healthcare cutbacks, ESOP purchase of stock, pension benefit terminations and cutbacks). Cohen Milstein has led the prosecution of a number of ERISA company stock cases, and, as noted below, has often done so with Keller Rohrback:

- *In re Williams Companies ERISA Litigation,* 231 F.R.D. 416 (N.D.Okla. 2005) (with KR);

- *In re Dynegy, Inc. ERISA Litigation*, 309 F.Supp.2d 861 (S.D.Tex. 2004) (with KR);

- *In Re Merck & Co., Inc. Securities, Derivative & "ERISA"* Litigation, No. 05-01151 (D.N.J.) (with KR);

- *Hargrave v. TXU, Corp.*, No. 02-2573 (N.D. Tex.); and

- *Walsh v. Marsh & McLennan*, No. 01-8157 (S.D.N.Y) (with KR).

Thus, it is clear that Keller Rohrback and Cohen Milstein have significant experience in ERISA litigation in general, and ERISA company stock litigation in particular, and have devoted significant resources and time to developing an expertise in this area of law.

Defendants in this action have retained expert counsel with extensive ERISA experience, Skadden, Arps, Meagher & Flom LLP and Gibson, Dunn & Crutcher LLP. We respectfully

submit that the best interests of the class would be served by the appointment of Keller Rohrback and Cohen Milstein whose experience in and knowledge of ERISA law is second to none.

        **b.**    **Neither Counsel for Plaintiff Gidaro Nor Counsel for Plaintiff Donlon Match the Combined Experience of Keller Rohrback and Cohen Milstein.**

        **(i)**    **SSBR – Counsel for Plaintiff Gidaro**

While fine attorneys to be sure, SSBR cannot seriously contend to have ERISA litigation experience or resources comparable to either Keller Rohrback or Cohen Milstein.[7]  SSBR identifies four ERISA class actions in which it has been involved.  While it is not our intent to

---

[7] In its initial motion, SSBR argued that it should be appointed lead counsel because it was "first to file" a complaint.  The Manual for Complex Litigation advises that courts should conduct an "independent review" of the relative qualifications of each proposed lead counsel. David F. Herr, Annotated Manual for Complex Litigation § 10.22 (4th ed. 2007).  Hence, a court should not appoint lead counsel based merely on who filed first, but rather such appointment must be based on a careful consideration of the Rule 23(g) factors.  *See, e.g., Nowak v. Ford Motor Co., et. al.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g).").  In addition, SSBR argued that it should be appointed lead counsel because its client suffered a large individual loss.  SSBR appears to have been unaware that ERISA requires that actions for monetary losses caused by breaches of fiduciary duty be brought *on behalf of the Plan*, and not for any one individual.  Thus, the amount of an individual class member's loss is neither the focus of the litigation, nor an incentive for prospective lead plaintiffs in an ERISA case.  *See* Exhibit B, Langbein Decl., ¶¶ 17–19.  In addition, we note that Plaintiffs Esposito and Boland both suffered a loss in their Plan accounts, and thus, have standing to pursue this action.  *See* Exhibit F, Esposito Decl. and Exhibit G, Boland Decl.

SSBR also argued that Gidaro's status as a current employee and participant provided her with enhanced standing compared to former participants.  But every Court of Appeals considering the issue has rejected the argument that former participants lack standing to sue under ERISA.  *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007); *Graden v. Conexant*, 496 F.3d 291, 303 (3d Cir. 2007); *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442, 444 (6th Cir. 2007).  Second Circuit authority is not to the contrary.  *See Caltagirone v. N.Y. County Bancorp, Inc.*, 2007 U.S. App. LEXIS 29516 *9-10 (S.D.N.Y. Dec. 20, 2007) (distinguishing the foregoing authority in a case where the plaintiffs had taken a full distribution from the plan before the fiduciary conduct alleged to have constituted a violation of law took place).  In addition, at any rate, Plaintiffs Esposito and Boland are current Plan participants.  *See* Exhibit F, Esposito Decl. and Exhibit G, Boland Decl.

denigrate their efforts in any way, their efforts in these four cases do not match the years of ERISA experience, and dozens of ERISA cases for which Keller Rohrback and Cohen Milstein have served as lead or co-lead counsel. While SSBR notes its success in other areas of law, this success does not distinguish the firm from Keller Rohrback and Cohen Milstein, both of which also have active securities and other class action resumes. We submit, moreover, that in this complex large-scale **ERISA** case, the focus should be on **ERISA** class action experience.

### (ii)    Harwood Feffer – Counsel for Plaintiff Donlon

Harwood Feffer has some experience in this area of law and, as reflected in their motion. While we certainly respect their efforts, we respectfully submit that, like SSBR, Harwood Feffer cannot claim the same level of experience or expertise as Keller Rohrback and Cohen Milstein. Of the approximately dozen distinct ERISA breach of fiduciary duty cases in which Harwood Feffer is involved (nine of the actions listed in their motion are related actions pertaining to multi-district litigation regarding mutual fund market timing), most are at relatively early stages.

Rule 23(g) requires a careful review by the Court of the relative qualifications of competing counsel. While we have the utmost respect for competing counsel, their firm resumes and legal argument do not support their claim that their "relevant class action experience and knowledge of applicable law …strongly favor [appointment of] SSBR and Harwood Feffer, which are uniquely qualified to lead this prosecution on behalf of the participants in the Plan." *See* Joint Amended Motion, at 14. On the contrary, based on the four Rule 23(g) factors, Keller Rohrback and Cohen Milstein are the best qualified to represent the interests of the class as Keller Rohrback and Cohen Milstein have vastly more experience in cases of this type than the competing firms.[8]

---

[8] We note that while Plaintiff Summers has expressed support for the leadership petition of SSBR and Harwood Feffer, the Court should accord this little weight. Plaintiff Summer's

    **3.**    **Keller Rohrback and Cohen Milstein Will Dedicate the Resources Necessary to Provide the Class with the Best Representation Possible.**

As detailed in their moving papers, the *Esposito* Plaintiffs' Counsel have successfully managed numerous prominent ERISA company stock suits and have invested substantial resources in these efforts. *Esposito* Memo at 24. There is no question regarding our ability to dedicate the necessary resources to effectively pursue this case. Keller Rohrback includes fifty-four attorneys, while Cohen Milstein has sixty-six lawyers in the United States in five cities, as well as a closely affiliated London office staffed by four solicitors. Numerous attorneys at both firms dedicate their practice to ERISA litigation, and, indeed, have done so for years. Importantly, Keller Rohrback and Cohen Milstein's history of collaboration on ***ERISA*** cases ensures that the class will be represented by a cohesive team of attorneys, proven capable of the efforts necessary to pursue these claims, and bound by a shared history of shaping the field of ERISA law.

As demonstrated by Keller Rohrback's and Cohen Milstein's track record of success litigating ERISA class actions of this precise type, Keller Rohrback and Cohen Milstein have the resources and the expertise required by this large-scale and complex ERISA class action. We are national leaders in this area of law, with a broad store of our work-product that we can draw upon to efficiently and forcefully pursue plaintiffs' ERISA claims in this case. Consequently, the Interim Co-Lead Counsel structure proposed by the *Esposito* Plaintiffs meets the fourth and final requirement of Rule 23(g). Considering all four factors, we respectfully submit that Keller Rohrback and Cohen Milstein are the best qualified to represent the class in this case.

---

counsel does not explain how the class would be best served by the appointment of firms with less experience in this area of law than Keller Rohrback and Cohen Milstein, and, indeed the suggestion otherwise is nonsensical.

## III.  CONCLUSION

For the foregoing reasons, the *Esposito* Plaintiffs request that the Court grant their motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiffs and Interim Co-Lead and Liaison Counsel, and deny the competing motions filed by Plaintiffs Donlon and Gidaro and by Plaintiff Yashgur.

DATED:  February 15, 2008.

Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD**
  **& TOLL, P.L.L.C.**

By:_____/s/_____

Lynda G. Grant  (LG-4784)
150 East 52nd Street
Thirtieth Floor
New York, NY  10022
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

Steven J. Toll
Bruce F. Rinaldi
Michelle C. Yau
1100 New York Avenue, NW
Suite 500 West
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Marc I. Machiz
1 South Broad Street
Suite 1850
Philadelphia, PA  19107
Telephone:  (215) 825-4016
Facsimile:  (215) 825-4001

**KELLER ROHRBACK L.L.P.**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for the Esposito Plaintiffs and*
*Proposed Interim Co-Lead Counsel for the*
*Class*

## CERTIFICATE OF SERVICE

I, Michelle C. Yau, hereby certify that on February 15, 2008, I electronically filed true

and correct copies of the attached document with the Clerk of Court using the CM/ECF system,

which will send notification of filing to the CM/ECF participants on the attached Service List,

and I hereby certify that I have caused true and correct copies of the foregoing documents to be

served via U.S. mail to the following non-ECF participants on the attached Service List.


_____/s/_____
Michelle C. Yau

| | |
|---|---|
| Wai Kin Chan, Esq.<br>Curtis Victor Trinko, Esq.<br>Law Offices of Curtis V. Trinko, LLP<br>16 West 46th Street, Seventh Floor<br>New York, New York  10036<br>Fax:  (212) 986-0158<br><br>Email:  kchan@trinko.com<br>        ctrinko@trinko.com<br><br><br><br>*Counsel for Plaintiff Elizabeth Estey and Tara Moore* | Edward W. Ciolko, Esq.<br>Joseph H. Meltzer, Esq.<br>Joseph A. Weeden, Esq.<br>Katherine B. Bornstein, Esq.<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, PA  19087<br>Fax:  610-667-7056<br><br>Email:  eciolko@sbclasslaw.com<br>        jmeltzer@sbclasslaw.com<br>        jweeden@sbclasslaw.com<br>        kbornstein@sbclasslaw.com<br><br>*Counsel for Plaintiffs Elizabeth Estey and Tara Moore* |

| | |
|---|---|
| Ralph M. Stone, Esq.<br>Thomas George Ciarlone, Jr., Esq.<br>Amanda Claire Scuder, Esq.<br>Shalov Stone & Bonner LLP<br>485 Seventh Avenue, Suite 1000<br>New York, New York  10018<br>Fax:  (212) 239-4310<br><br>Email:  rstone@lawssb.com<br>          tciarlone@lawssb.com<br>          ascuder@lawssb.com<br><br>*Counsel for Plaintiff Mary Gidaro* | Edwin J. Mills, Esq.<br>Stull Stull & Brody<br>6 East 45th Street, 5th Floor<br>New York, New York  10017<br>Fax:  (212) 490-2022<br><br>Email:  ssbny@aol.com<br><br>*Counsel for Plaintiff Gregory Yashgur* |
| Robert A. Izard, Esq.<br>William Edward Bernarduci, Esq.<br>Schatz Nobel Izard P.C.<br>20 Church Street, Suite 1700<br>Hartford, CT  06103<br>Fax:  (860) 493-6290<br><br>Email:  rizard@snlaw.net<br>          wbernarduci@snlaw.net<br><br>*Counsel for Plaintiff Sean Shaughnessey* | Robert I. Harwood, Esq.<br>Samuel Kenneth Rosen, Esq.<br>Harwood Feffer LLP<br>488 Madison Avenue, 8th Floor<br>New York, New York  10022<br>Fax:  (212) 753-3630<br><br>Email:  rharwood@hfesq.com<br>          srosen@hfesq.com<br><br>*Counsel for Plaintiff Christine Donlon* |
| Jill S. Abrams<br>Abbey Spanier Rodd & Abrams LLP<br>212 East 39th Street<br>New York, New York  10016<br>Fax:  (212) 684-5191<br><br>Email:  jabrams@abbeyspanier.com<br><br>*Counsel for Plaintiff Francis Lee Summers, III* | Arvind Khurana<br>Lori G. Feldman<br>Sara E. Fuks<br>Milberg Weiss Bershad & Schulman LLP<br>One Pennsylvania Plaza<br>New York, New York  10119<br>Fax:  (212) 656-1222<br><br>Email:  akhurana@milbergweiss.com<br>          lfeldman@milbergweiss.com<br>          sfuks@milbergweiss.com<br><br>*Counsel for Plaintiff James Eastman* |

| | |
|---|---|
| Jay B. Kasner, Esq.<br>Skadden, Arps, Slate Meagher & Flom LLP<br>Four Times Square<br>New York, New York  10036<br>Fax:  (212) 735-2000<br><br>Email:  jay.kasner@skadden.com<br><br>*Counsel for Defendant Merrill Lynch* | Paul Blankenstein, Esq.<br>William J. Kilberg, Esq.<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-5306<br>Fax:  (202) 530-9532<br><br>Email:  pblankenstein@gibsondunn.com<br>       wkilberg@gibsondunn.com<br><br>*Counsel for All Defendants, except Merrill* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>                            Plaintiffs,<br><br>                v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                      Defendants. | **Case No. 07-CV-10268 (LBS)** |

*[additional captions follow]*

***ESPOSITO*** **PLAINTIFFS' AMENDED NOTICE OF MOTION**
**TO CONSOLIDATE ERISA CASES AND APPOINT INTERIM LEAD PLAINTIFFS**
**AND INTERIM CO-LEAD COUNSEL**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>       Defendants. | **Case No. 07-CV-10273 (LBS)** |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>       Defendants. | **Case No. 07-CV-10398 (LBS)** |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>     Defendants. | **Case No.  07-CV-10569 (LBS)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>     Defendants. | **Case No.  07-CV-10661 (LBS)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>           v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                 Defendants. | **Case No.  07-CV-10687 (LBS)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>           v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                 Defendants. | **Case No.  07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>               Defendants. | **Case No.  07-CV-11054 (LBS)** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>               Defendants. | **Case No. 07-Civ-11615 (LBS)** |

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>              v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>                Defendants. | **Case No. 08-Civ-00058 (LBS)** |

TO:    See Attached Service List

PLEASE TAKE NOTICE that on Thursday, February 21, 2008 at 2:15 p.m., Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin ("Esposito Plaintiffs") will move this court before the Honorable Leonard B. Sand, at the Daniel Patrick Moynihan United Courthouse, 500 Pearl Street, Courtroom 15-A, New York, New York 10007 to enter an order: (1) consolidating the above-captioned actions; (2) appointing the Carl Esposito, Barbara Boland and Anna Molin as Interim Lead Plaintiffs; and (3) appointing Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld, and Toll, P.L.L.C. ("Cohen Milstein") as Co-Lead Counsel, with Cohen Milstein's New York office serving as liaison counsel.  This Amended Notice of Motion amends the Notice of Motion previously filed on December 14, 2007 in all above captioned cases except *Summers v. Merrill Lynch & Co., Inc., et al.*, Case No. 07-11615 ("*Summers*") and

*Eastman v. Merrill Lynch & Co., Inc., et al.*, Case No. 08-0058 ("*Eastman*"), which had not been docketed at that time.

The original Notice of Motion was filed with a Memorandum of Law and Declaration of Derek Loeser in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel.[1]  All moving papers previously filed on December 14, 2007 were docketed in the *Summers* and *Eastman* cases prior to the filing of this Amended Notice of Motion, which is based on the above referenced Memorandum of Law and Declaration and other papers on file in this and the related cases filed with this Court. (*See* DE# 7, 8, and 9 in *Summers* and DE# 4, 5, and 6 in *Eastman*)

The *Esposito* Plaintiffs will move this Court for an Order formally setting forth procedures for the efficient management of the ERISA Actions, including the appointment of Interim Lead Plaintiffs and a leadership structure for Plaintiffs' counsel.  Because the above-captioned ERISA Actions contain similar allegations and seek the same relief, in accordance with the *Manual for Complex Litigation* (4th 2004) (the "*Manual*"), in addition to consolidation, it is appropriate for the Court to enter an order setting forth procedures for the management of these cases and appointing a leadership structure for Plaintiffs' counsel.

In accordance with the recommendations of the *Manual on Complex Litigation* (4th 2004), Plaintiffs are submitting for the Court's consideration a [Proposed] Order Consolidating

---

[1]    The Notice of Motion, Memorandum of Law and Declaration of Derek Loeser were docketed on December 14, 2007 as DE # 6 , 7 & 8, respectively in *Estey v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10268 (LBS); as DE # 7, 8 & 9, respectively in *Gidaro v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10273 (LBS); as DE # 6, 7 & 8, respectively in Moore v. Merrill Lynch & Co., Inc., et al., No. 07-CV- 10398 (LBS); as DE # 6, 7 & 8, respectively in *Yashgur v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV- 10569 (LBS); as DE # 5, 6 & 7, respectively in *Donlon v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10661 (LBS); and as DE # 5, 6 & 7, respectively in *Shaughnessey v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10710 (LBS).

ERISA Cases and Appointing Interim Lead Plaintiffs and Leadership Structure, which: (i) consolidates the related ERISA actions, (ii) provides for the appointment of Interim Lead Plaintiffs and their counsel, (iii) describes the duties and obligations attributable to counsel thereunder, and (iv) directs counsel to confer regarding a preliminary schedule for these proceedings. Plaintiffs' Co-Lead Counsel will coordinate and organize Plaintiffs in the conduct of this litigation, and will ensure that the interests of all Plaintiffs are represented in the prosecution of this action on behalf of the Class. Pursuant to Fed. R. Civ. P. 23(g)(2)(A), Keller Rohrback and Cohen Milstein seek appointment as Interim Co-Lead Counsel to act on behalf of the putative class before determining whether to certify the action as a class action.

All responses or replies to this Amended Notice of Motion are to be filed in accordance with Judge Sand's Individual Practices.

Dated: February 8, 2008

Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

By:_____/s/_____
Lynda J. Grant (LG-4784)
lgrant@cmht.com
150 East 52nd Street
Thirtieth Floor
New York, NY 10022
Telephone:  (212 838-7797
Facsimile:  (212) 838-7745

8

Bruce F. Rinaldi
brinaldi@cmht.com
Michelle C. Yau
myau@cmht.com
1100 New York Avenue, NW
Suite 500 West
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Marc I. Machiz
mmachiz@cmht.com
1 South Broad Street
Suite 1850
Philadelphia, PA 19107
Telephone:  (215) 825-4016
Facsimile:  (215) 825-4001

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
lsarko@kellerrohrback.com
Derek W. Loeser
dloeser@kellerrohrback.com
Erin M. Riley
eriley@kellerrohrback.com
Tyler L. Farmer
tfarmer@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

***Counsel for the Esposito Plaintiffs and
Proposed Interim Co-Lead Counsel for the
Class***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated, <br><br>                    Plaintiffs, <br><br>        v. <br><br> MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, <br><br>                    Defendants. | **Case No.  07-CV-10268 (LBS)** |

[*additional captions follow*]

**DECLARATION OF PROFESSOR JOHN LANGBEIN**

MARY GIDARO, individually and on behalf of
all others similarly situated,

<div style="text-align: center;">Plaintiffs,</div>

<div style="text-align: center;">v.</div>

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

<div style="text-align: center;">Defendants.</div>

Case No. 07-CV-10273 (LBS)

TARA MOORE, individually and on behalf of
all others similarly situated,

<div style="text-align: center;">Plaintiffs,</div>

<div style="text-align: center;">v.</div>

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

<div style="text-align: center;">Defendants.</div>

Case No. 07-CV-10398 (DC)

GREGORY YASHGUR, individually and on
behalf of all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

                Defendants.

                                     **Case No.  07-CV-10569 (JSR)**

CHRISTINE DONLON, individually and on
behalf of all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

                Defendants.

                                     **Case No.  07-CV-10661 (CM)**

CARL ESPOSITO, individually and on behalf
of all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

                Defendants.

Case No.  07-CV-10687 (JGK)


SEAN SHAUGHNESSEY, individually and on
behalf of all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

                Defendants.

Case No.  07-CV-10710 (GEL)

BARBARA BOLAND, individually and on
behalf of all others similarly situated,

<div style="text-align:center">Plaintiffs,</div>

<div style="text-align:center">v.</div>

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

Case No.  07-CV-11054 (MGC)

<div style="text-align:center">Defendants.</div>

FRANCIS LEE SUMMERS, III, Individually
and on behalf of all others similarly situated,

<div style="text-align:center">Plaintiffs,</div>

Case No. 07-Civ-11615 (LBS)

<div style="text-align:center">v.</div>

MERRILL LYNCH & CO., INC.; STAN
O'NEAL; LOU DIMARIA; INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
SAVINGS AND INVESTMENT PLAN;
ADMINISTRATIVE COMMITTEE OF THE
MERRILL LYNCH SAVINGS AND
INVESTMENT PLAN; and JOHN DOES 1-30,

<div style="text-align:center">Defendants.</div>

JAMES EASTMAN, On Behalf of Himself
and All Others Similarly Situated,

        Plaintiff,

v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, LOUIS DIMARIA,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS,
CHARLES O. ROSSOTTI, JILL K.
CONWAY, CAROL T. CHRIST, JUDITH
MAYHEW JONAS, JOSEPH W. PRUEHER,
ANN N. REESE, DAVID K. NEWBIGGING,
THE INVESTMENT COMMITTEE OF THE
MERRILL LYNCH & CO., INC. 401(K)
SAVINGS AND INVESTMENT PLAN, THE
ADMINISTRATIVE COMMITTEE OF THE
MERRILL LYNCH 401(K) SAVINGS AND
INVESTMENT PLAN, and JOHN DOES 1-20,

        Defendants.

I, John Langbein, declare as follows:

1.      I am the Sterling Professor of Law and Legal History at Yale Law School. For more than three decades I have specialized in the connected fields of trusts, fiduciary administration, probate administration, and pension and employee benefits, with particular attention to fiduciary investment matters.

2.      I make this Declaration at the request of counsel for the *Esposito* Plaintiffs in support of their Motion for Consolidation and Appointment of Lead Counsel in this matter. In particular, I have been asked, in my capacity as an expert on ERISA fiduciary and litigation matters, to present my opinions on the relative importance of the factors that bear on the selection of class counsel in this matter.

3.      This Declaration is organized as follows: Part I summarizes my expert credentials; Part II is an overview of the circumstances that have given rise to the class actions in this case; Part III points to the range and difficulty of the issues that arise in these so-called employer stock plan cases; and Part IV relates these attributes of the litigation to the selection standards for class counsel.

## I. Expert Credentials

4.      <u>Current and Past Employment</u>. I have been a Professor of Law at the Yale Law School since 1990, first as the Chancellor Kent Professor Law and Legal History and then, since 2001, as the Sterling Professor of Law and Legal History. Before joining Yale, I held faculty appointments at the University of Chicago (1971-90). Concurrently with my positions at Chicago and Yale, I held visiting positions at the Stanford Law School (1985-86) and at Cambridge University (1997-98).

5.    <u>Publications</u>.  I co-author the principal coursebook that is used in most American law schools that teach the pensions curriculum.  John H. Langbein, Susan J. Stabile & Bruce A. Wolk, Pension and Employee Benefit Law (Foundation Press, 4th ed. 2006).  In my scholarly writing about pension and benefit matters (scheduled in Exhibit A), I have particularly emphasized ERISA fiduciary issues.

6.    <u>Uniform Laws</u>.  I have served continuously as a Uniform Law Commissioner, pursuant to gubernatorial appointments from Illinois and Connecticut, since 1984.  I was the reporter and principal drafter of the Uniform Prudent Investor Act (1994), which governs most fiduciary investing at the state level in the United States; it has been enacted in 45 states and the District of Columbia, and is emulated in nonuniform legislation in the other states.  I served on the drafting committee for the Uniform Management of Public Employee Retirement Systems (UMPERS) (1997), which adapts aspects of ERISA fiduciary and regulatory law for ERISA-exempt state and local plans.  Since 1994, I have served on the drafting and oversight committees for the Uniform Trust Code, the national trust act promulgated in 2000.  I presently serve on the drafting committee preparing a uniform statutory business trust act.

7.    <u>Restatements</u>.  For the American Law Institute I am the associate reporter for the Restatement (Third) of Property: Wills and Other Donative Transfers, ongoing since 1990 (Vols. I & II, 1999, 2003; Vol. III forthcoming in 2008).  I served on the advisory panel for the Restatement (Third) of Trusts: Prudent Investor Rule (1992), which updated the Second Restatement to take account of the developments in investment practice known as Modern Portfolio Theory.  I continue on the advisory panel that is overseeing a full Restatement (Third) of Trusts (Vols. I & II, 2003; Vol. III, 2007).

8.    <u>Consulting and litigation</u>.  I serve as a consultant on fiduciary practice and fiduciary investment matters in pension and trust settings, and as an expert in pension and trust fiduciary litigation.  Prior trial and deposition testimony is scheduled in Exhibit B.  For published opinions discussing my testimony, *see Cobell v. Norton*, 283 F. Supp. 2d 66, 258-59 (D.D.C. 2003); *Nickel v. Bank of America Nat'l Trust & Sav. Ass'n*, 290 F.3d 1134, 1138 (9th Cir. 2002); *Eychaner v. Gross*, 321 Ill. Ap. 3d 759, 772, 776, 779-80, 747 N.E.2d 969, 980, 983, 985-86 (2001).  Since 1994, I have appeared in a series of training videos for bank trust officers on aspects of fiduciary investing (produced by Federated Investors).

9.    <u>Employer stock plan ERISA litigation</u>.  I have a particular interest in the fiduciary implications under ERISA of using company stock in pension plans, especially IRC § 401(k) plans.  I have served as an expert in a number of the major class actions concerning that practice. Responsive to the merits of those cases, I have served mostly for plaintiff classes but also on one occasion for defendants.  I have testified on invitation to Congress regarding employer stock plan and other pension matters, most recently in hearings held by the Senate Committee on Governmental Affairs, Jan. 24, 2002, as a consequence of the collapse of Enron Corporation. My testimony in that hearing has been republished as "What's Wrong with Employee Stock Pension Plans," in *Enron: Corporate Fiascos and Their Implications* 487 (Nancy B. Rapoport & Bala G. Dharan eds., Foundation Press 2004), attached as Exhibit C.

## II. Nature of the Merrill Lynch ERISA Case

10.    <u>The allegations against Merrill Lynch</u>.  Plaintiffs allege that during 2006 and 2007, Merrill Lynch engaged in a variety of business misconduct, primarily relating to its Collateralized Debt Obligations ("CDO") business.  This misconduct has been widely reported in the financial press and is described in the detail in the *Esposito* Complaint.  In brief, Merrill

Lynch mismanaged its exposure to subprime loans in its CDO portfolio and failed to make appropriate disclosures about its subprime exposure, resulting in billions of dollars in losses, which were first revealed in October 2007. The SEC has begun an investigation of Merrill Lynch's handling of its subprime portfolio. The misconduct and related losses have severely diminished the value of the firm, and its stock price plummeted accordingly.

11.    Pension plan consequences.    Merrill Lynch sponsored three pension plans for its employees, the Merrill Lynch 401(k) Savings and Investment Plan, the Merrill Lynch Employee Stock Ownership Plan, and the Retirement Accumulation Plan. The structure and operation of the plans are described in detail in the Esposito Complaint. In brief, all three are defined contribution plans; the first is a typical 401(k) plan, the second a typical non-contributory ESOP, and the third a hybrid plan tied to the ESOP. All three plans had substantial holdings of Merrill Lynch stock.

### III. Employer Stock Litigation

12.    ERISA liability.    Employer stock plan cases have become an important genre of ERISA litigation in recent years. The effort to recover some of the loss to the Plan in these cases typically takes the form of a class action alleging that the company, various of its officers and directors, and/or various outside service providers were ERISA fiduciaries, and that they breached ERISA fiduciary duties of loyalty and prudence to the plan participants and beneficiaries by engaging in and concealing the misconduct that subsequently impaired the value of the Plan shares. Dozens of such cases have been brought and successfully concluded; many others are pending, having been sustained against motions to dismiss, including the notorious *Enron* and *WorldCom* cases. *See, e.g., In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) (motion to dismiss denied); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D.

Tex. 2003) (motion to dismiss denied); *In re WorldCom, Inc. ERISA Litig.*, 02-4816, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004) (class certified); *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561 (S.D.N.Y. 2004) (bar order sustained); *In re WorldCom, Inc. ERISA Litig.*, 02-4816, 2004 WL 2338151 (S.D.N.Y. Oct. 14, 2004) (partial settlement approved). *See also In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005) (motion to dismiss denied); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006) (class certified); *In re Marsh ERISA Litig.*, 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006) (motion to dismiss denied).

13.    The challenges of establishing liability. ERISA provides a broad framework that has allowed class action counsel and the courts to shape the employer stock cases, but ERISA does not provide a precise roadmap for such cases. Most of the case law has developed in the district courts on motions to dismiss that are, as a practical matter, not reviewable. The cases tend thereafter to settle, with the consequence that there is relatively little case law on found facts, and scant authority from the courts of appeals. Among the sometimes contested issues of complexity that can arise in an employer stock case are the following:

(a). Fiduciary status of the company. In order to recover for breach of fiduciary duty, the plaintiffs must establish that the defendants fall within ERISA's definition of fiduciary status, ERISA § 3(21)(A). In many employer stock cases, the company defends by contending that it has escaped fiduciary status by delegating fiduciary functions, often to committees or to individual employees. Substantial progress has been made in overcoming such purported defenses on a variety of grounds. *See, e.g., Howell v. Motorola, Inc.*, 337 F. Supp. 2d 1079 (N.D. Ill. Sept. 23, 2004); *In re Tyco Int'l Litig.*, MDL No. 02-1335, 2004 WL 2903889 (D.N.H. Dec. 2, 2004); *In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In Re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

(b). <u>Fiduciary status of officers and directors</u>.  Similar claims denying fiduciary status are commonly made by officers and directors.  A main theme of recent litigation has been to establish that when such persons exercise the power to appoint other fiduciaries, the appointing fiduciaries have a continuing fiduciary responsibility to monitor those whom they appoint, and to inform those whom they monitor of matters within their knowledge.  *See, e.g., In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *Cokenour v. Household Int'l, Inc.*, 02-7921, 2004 WL 725973 (N.D. Ill. 2004); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D Ga. 2004); *Agway, Inc. v. Magnuson*, No. 5:03-CV-1060 (N.D.N.Y. June, 1, 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005); *In re Marsh ERISA Litig.*, 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In Re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

(c). <u>Plan design</u>.  A common defense is that the decision to offer company stock was a matter of plan design, not subject to fiduciary duty.  There is important but as yet imprecise appellate authority for the view that the fiduciary duties of plan administration limit the scope of plan design defenses when the fiduciaries have reason to know that the company stock has become imprudent.  *See, e.g., Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995); *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995); *Herman v. NationsBank Trust Co.*, 126 F.3d 1354 (11th Cir. 1997).

(d). <u>Relation to Securities Acts liabilities</u>.  In contrast to liability under the Securities Acts, the ERISA claims involve different parties.  The ERISA plaintiff class includes persons who were deceived into holding the employer stock as well as those induced to buy it.  ERISA also entails standards of care (prudence) and loyalty that are more protective than the fraud standard under the Securities Acts.  In circumstances giving rise to causes of action under

both ERISA and the Securities Acts, the interests of the two plaintiff classes is commonly adverse, because the likely recovery is seldom large enough to make all victims whole. For that reason, and because the standards differ, it has proven wise to have separate counsel and separate suits. ERISA defendants sometimes attempt to treat Securities Act standards as a shield against ERISA liability; there is growing case law support for resisting such moves. *See, e.g., Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *Rankin v. Rots*, 278 F. Supp. 2d 853 (E.D. Mich. 2003); *Cokenour v. Household Int'l, Inc.*, No. 02-7921, 2004 WL 725973 (N.D. Ill. 2004); *In Re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

(e). The ERISA fiduciary duty of disclosure. An essential element of most employer stock plan cases is the claim that the breaching fiduciaries concealed information that they knew or should have known regarding the wrongdoing that caused the employer stock to be improperly overvalued when sold to or retained by the affected plan. Defendants seeking to resist this liability sometimes claim that the duty does not exist, because it is not explicit in ERISA. The response has been that the duty to disclose is a traditional component of the fiduciary duties of loyalty and prudence, which ERISA absorbs and codifies from the law of trusts. *See* ERISA § 404(a)(1)(A)-(B). Other lines of defense against liability for breach of the duty to disclose attempt to distinguish between active misrepresentation and "mere" nondisclosure. Class counsel in such cases needs to show why nondisclosure misleads. *See, e.g., Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005); *In Re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

(f). The ERISA 404(c) defense. ERISA § 404(c) protects the fiduciary of a defined contribution plan from liability when the plan participant "exercises control over the assets in his account ...." Important Department of Labor (hereafter DoL) regulations interpret this standard. 29 C.F.R. § 2550.404c-1. Defendants commonly seek to treat the deluded participant as having exercised such control. The cases have developed authority that helps counsel for the plaintiff class resist such defenses, on the ground that the nondisclosure at the core of the breach also prevented the plan participants from exercising the "control" envisioned under § 404(c). *See, e.g., In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003).

(g). Damages and remedy issues. ERISA remedy law is extraordinarily complex, both because the damages and remedy provisions are clumsily drafted, and because the Supreme Court has overlaid the statute with a series of complex and counterintuitive readings of the provisions authorizing equitable relief. I have discussed the latter problem in the scholarly literature. John H. Langbein, *What ERISA Means by "Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and Great-West*, 103 Columbia L. Rev. 1317 (2003). Below, in Part IV of this report, I discuss further the remedial implications of ERISA §§ 409 and 502(a)(2) for the conduct of an ERISA class action in an employer stock plan case.

(h). Co-fiduciary liability. ERISA § 405 provides for liability of co-fiduciaries who neglect to prevent or to remedy breaches of trust by other fiduciaries. The dimensions of actionable lassitude remain contested in the case law. *See, e.g., Chao v. Wheeler*, 2007 WL 4233464 (N.D. Ind. Nov. 28, 2007).

Beyond these large and prominent features of the landscape of employer stock cases under ERISA, there are literally dozens of lesser issues that can become contentious.

## IV. Selecting Class Counsel in an Employer Stock ERISA Case

14.    _The four factors._ Rule 23(g), added in 2003, codifies the longstanding standard that class counsel should "fairly and adequately represent the interest of the class." Fed. R. Civ. P. § 23(g)(1)B). Section 23(g)(1)(C)(i) specifies four factors that the court "[i]n appointing class counsel ... must consider ...." I reproduce the four factors here verbatim, save that, for ease of subsequent reference, I have interpolated the identifying Roman numerals (I to IV):

> (I) the work counsel has done in identifying or investigating potential claims in the action,
>
> (II) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>
> (III) counsel's knowledge of the applicable law, and
>
> (IV) the resources counsel will commit to representing the class ....

Fed. R. Civ. P. § 23(g)(1)(C)(i).

15.    _The centrality of ERISA expertise._ For the reasons discussed in Part III of this report, ERISA fiduciary litigation regarding company stock plans is a developing field of extraordinary complexity. Counsel needs to master not only a sprawling and sometimes poorly drafted statute but also the DoL regulations, the interconnection with the Internal Revenue Code, and a burgeoning case law. The technical difficulty of this rapidly developing body of law places special demands upon the expertise of counsel. Factors II and III of the Rule 23(g)(1)(C) factors for selecting class counsel bear directly on this aspect of a contested employer stock plan case such as the class action in Merrill Lynch, by emphasizing the importance of counsel's "experience in handling class actions ... of the type asserted" in the particular case, and "counsel's knowledge of the applicable law."

16.    _Investigative work_.  The Merrill Lynch case is likely to be intensely fact-intensive, because the outcome will turn in part on the question of who among the persons alleged to be fiduciaries knew what when.  The need for such discovery implicates Factors I and IV of Rule 23(g)(1)(C), because pretrial investigation and discovery call upon "the resources of counsel" both going forward (Factor IV) and already expended (Factor I).  The depth of counsel's expertise in ERISA employer stock cases bears on these resource questions as well, in the sense that experienced ERISA class action counsel is more likely to be able to target discovery activities and expenditures efficiently.

17.    _Number of individual plaintiffs; size of plaintiff accounts_.  Neither the number of individual plaintiffs that a particular attorney represents nor the size of the claim or claims of those plaintiffs is among the factors that Rule 23(g)(1)(C) requires courts to consider when selecting counsel.  For convenience I shall refer to such factors as the numerosity value.  The numerosity value is not a required consideration because it does not bear on all types of class actions.  There are fields in which the courts have identified numerosity as important for the incentive that it may provide in monitoring the performance of counsel.  However, in my opinion, ERISA employer stock plan litigation is not such a field, for the reasons discussed infra in §§ 18-19.

18.    _IRC § 415 restrictions on account size_.  Unlike other fields in which a class action may aggregate claimants with grossly differing interests, in the ERISA employer stock cases the individual accounts are mostly comparably sized and modest in extent.  For reasons of tax policy, both employer and employee contribution levels are capped under the Internal Revenue Code.  _See_ IRC §§ 404 and 415, limiting the deductibility of, respectively, employer and

employee contributions.  Under IRC § 415(c), "annual additions" to a participant's plan account may not exceed the lesser of $40,000.

19.    Recovery to the plan.  The structure of ERISA remedy law also diminishes the supervisory incentive of particular plaintiffs, because the statute requires that relief for such breaches of duty run to the plan.

(a).  ERISA § 409(a).  ERISA's liability-creating section for the enforcement of ERISA-created fiduciary rights such as those at stake in the Merrill Lynch case is section 409(a), which provides:  "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary ...." (emphasis supplied).

(b).  ERISA § 502(a)(2).  ERISA remedy law then tracks section 409(a), authorizing "appropriate relief under section 409 ...." ERISA § 502(a)(2).

(c).  The complaint.  The *Esposito* Complaint in this matter repeatedly invokes recovery to the plan under ERISA §§ 409 and 502(a)(2).  (The *Esposito* Complaint also seeks equitable relief under other provisions.)

(d).  The trust law basis of ERISA § 409(a).  Recovery to the plan under ERISA replicates the result reached under the common law of trusts in circumstances in which the breach of trust diminishes a trust fund to which the beneficiary is not presently entitled or does not presently elect to receive distribution.  In such cases, as in the employer stock plan cases under ERISA, the recovery for breach of trust runs to the trust.

(e). <u>The intrinsically representative character of recovery under ERISA § 409(a)</u>. Unlike class actions that aggregate distinct harms on account of important commonalities, class actions for breach of fiduciary duty in ERISA employer stock plan cases vindicate an intrinsically representative cause of action, for recovery to the plan. Accordingly, considerations developed in other fields of class action law to align the incentives of class counsel with particularly aggrieved claimants have no counterpart in cases such as Merrill Lynch.

**V. Conclusion**

20. <u>The importance of selecting counsel who are deeply experienced in ERISA employer stock cases</u>. The facts alleged in the Merrill Lynch case, if proven, would establish liability for an egregious breach of fiduciary duty under ERISA. The pending class actions against the breaching fiduciaries are the only hope for restoring some portion of the Plan's losses, hence for restoring assets on which many of the participants and beneficiaries depend for their retirement. Successful prosecution of this civil suit will, in combination with other such suits that have been concluded or are in progress, have an important deterrent effect against future wrongdoing by company insiders who are ERISA fiduciaries. Because of the complexity both of the law and of the necessary fact-gathering, it is vital to select counsel who are deeply experienced in ERISA employer stock cases and who will devote the necessary resources to investigating and pursuing the Merrill Lynch case.

Based on my experience working with Keller Rohrback on several employer stock ERISA cases, I am confident that Keller Rohrback meets these qualifications. They are learned in the field, they have staffed their cases well, and they have been persistent and successful in obtaining settlements that genuinely maximize the interests of affected plan participants.

Pursuant to 28 U.S.C. § 1746, I declare that under penalty of perjury that the foregoing statements of fact are, to the best of my knowledge, true and correct and that the foregoing statements of opinion are my honestly held opinions.

Executed in New Haven, Connecticut this 4 day of February, 2008.

_____
John Langbein

Beth A. Barnes
Notary Public
February 4, 2008

My Commission Expires Oct. 31, 2011

# Exhibit A

November 2007

John H. Langbein

Mailing address:

    Yale Law School
    P.O. Box 208215
    New Haven, CT 06520-8215

Street address (for courier deliveries):

    127 Wall Street
    New Haven, CT 06511

Telephone:  203-432-7299 (office); 203-389-6564 (home)

FAX: 203-432-1109 (office); 203-389-2608 (home)

Email: john.langbein@yale.edu

## I. <u>Professional</u>

Sterling Professor of Law and Legal History, Yale University, since 2001; previously Chancellor
    Kent Professor of Law and Legal History, 1990-2001

Honorary Fellow, Trinity Hall, Cambridge (elected 2000)

Previous positions: University of Chicago, Max Pam Professor of American and Foreign Law,
    1980-90; professor, assistant professor 1971-80

Visiting professor: Arthur Goodhart Professor in Legal Science, Cambridge University (1997-
    98); Yale Law School (1989-90); Stanford Law School (1985-86); University of
    Michigan Law School (summer 1976)

Visiting fellow:
    Trinity Hall, Cambridge (1997-98)
    All Souls College, Oxford (1977)
    Max Planck Institute for European Legal History, Frankfurt (1977; 1969-70)
    Max Planck Institute for Criminal Law, Freiburg (1973) (Alexander von Humboldt-
        Stiftung Fellow)

Teaching subjects:
    Pension and employee benefit law (ERISA)
    Wills and succession
    Trusts, estates, and fiduciary administration
    English, European, and American legal history
    Comparative law (emphasizing German law and legal institutions)

Admitted to the bar:
    District of Columbia (1969)
    England: Of the Inner Temple, Barrister-at-Law (1970)
    Florida (1971)

Member:
        Academy of European Private Law (elected 2001)
        American Academy of Arts and Sciences (elected 1987)
        American Bar Association (sections: Legal Education; Real
            Property, Probate & Trust)
        American College of Trust and Estate Counsel (elected 1985)
        American Historical Association
        American Law Institute (elected 1983)
        American Society for Legal History
        Association internationale de droit judiciaire (elected 1984)
        Connecticut Bar Association (section: Estates & Probate)
        Gesellschaft für Rechtsvergleichung (Germany)
        International Academy of Comparative Law (elected 1984)
        International Academy of Estate and Trust Law (elected 1985)
        International Commission for the History of Representative and Parliamentary
            Institutions
        National Academy of Social Insurance (elected 2004)
        Selden Society
        Society of Legal Scholars (UK)

## II. Degrees

M.A. 1990 (hon.), Yale University

Ph.D. 1971, Cambridge University, England (Trinity Hall).
        Thesis: "The Criminal Process in the Renaissance" (awarded Yorke Prize)

LL.B. 1969, Cambridge University; first class honours;
        Trinity Hall Prize in English law; Scholar of Trinity Hall

LL.B. 1968, Harvard Law School; magna cum laude; editor, Harvard
        Law Review, vol. 80, articles editor, vol. 81; Frank Knox Fellow, 1968-69; Harvard Law
        School Fellow in Foreign and Comparative Law, 1968-71

A.B. 1964, Columbia University (economics)

## III.  Personal

Born 17 November 1941; American citizen; married 24 June 1973, Kirsti M. Langbein; children, Christopher H., b. 11 July 1979; Julia L., b. 6 June 1981; Anne K., b. 25 March 1983

Languages: fluent German, good French, working Italian

Listed in:  Who's Who in America
Who's Who in American Law
Who's Who in American Education
Who's Who in the World

## IV.  Public Service

Uniform Law Commission, Reporter, Uniform Prudent Investor Act (1991-94)

American Law Institute, Associate Reporter, Restatement of Property (Third): Wills and Other Donative Transfers (since 1990); vols. 1-2 published (1999, 2003), vol. 3 (forthcoming 2008), vol. 4 in preparation

American Law Institute, Adviser, Restatement of the Law of Trusts (Third) (since 1993); and Restatement of the Law of Trusts (Third): Prudent Investor Rule (1987-92)

National Academy of Social Insurance, Panel Member, Uncharted Waters: Paying Benefits from Individual Accounts in Federal Retirement Policy (2003-05)

Uniform Law Commission (National Conference of Commissioners on Uniform State Laws), Commissioner, since 1984; gubernatorial appointments, from Illinois, 1984-91, from Connecticut, since 1991; Current: Drafting Committee on Uniform Statutory Trust Entity Act, since 2003.

Completed projects: Co-reporter, Uniform Transfer on Death Security Registration Act; Drafting Committee on Uniform Custodial Trust Act; Drafting Committees to Revise Articles II & VI, Uniform Probate Code; Drafting Committee on Uniform Health-Care Decisions Act (right to die); Drafting Committee on Uniform Principal and Income Act; Drafting Committee on Uniform Management of Public Employee Retirement Systems Act; Drafting Committee on the Uniform Trust Code; Drafting Committee on Uniform Prudent Management of Institutional Funds Act.

Joint Editorial Board for the Uniform Trust and Estate Acts (formerly Joint Editorial Board for the Uniform Probate Code), Uniform Law Commission representative (since 1985)

Connecticut Law Revision Commission, Probate Advisory Committee, member, since 1990

U.S. Secretary of State's Advisory Committee on Private International Law, Member, Study Groups on Trusts and Decedents' Estates, 1984-1998

3

V.  Principal Publications: Books

Pension and Employee Benefit Law (with Susan Stabile & Bruce Wolk) (4th ed., Foundation
    Press 2006) (prior eds., with Bruce Wolk, 2000, 1995; 1990); annual supplements (1991-
    2007); teacher's manual (2006 and previous eds.)

History of the Yale Law School: The Tercentenary Lectures (with A. Kronman et al.) (Yale Univ.
    Press 2004)

The Origins of Adversary Criminal Trial (Oxford Univ. Press 2003, paperback 2005) (2006,
    awarded Biennial Coif Book Award for outstanding book in law)

Uniform Statutes on Trusts and Estates: 2007-08 Edition (with Lawrence Waggoner)
    (Foundation Press 2007) (previous editions, 2005-06, 2004, 2003, 2002, 2001; sub nom.
    Selected Statutes on Trusts and Estates, 1995, 1994, 1992, 1991, 1989, 1987)

The Privilege Against Self-Incrimination: Its Origins and Development (with R.H. Helmholz et
    al.) (Univ. Chicago Press 1997)

Comparative Criminal Procedure: Germany (West Pub. Co., American Casebook Series 1977)

Torture and the Law of Proof: Europe and England in the Ancien Régime (Univ. Chicago Press
    1977; paperback edition with new introduction, 2006)

Prosecuting Crime in the Renaissance:  England, Germany, France (Harvard Univ. Press 1974;
    reprint edition issued 2005); excerpted in part and published in translation as "Die
    Carolina" in F.C. Schroeder, ed., Die Carolina: Die Peinliche Gerichtsordnung Kaiser
    Karls V. von 1532 (Wissenschaftliche Buchgesellschaft, Darmstadt 1986)

VI.  Principal Publications: Articles

Pension and Investment Law

Trust Law as Regulatory Law: The Unum/Provident Scandal and Judicial Review of Benefit
    Denials Under ERISA, 101 Northwestern Univ. Law Review 1315 (2007)

Social Security and the Private Pension System, in In Search of Retirement Security: The
    Changing Mix of Social Insurance, Employee Benefits, and Individual Responsibility (T.
    Ghilarducci et al. eds.) (National Academy of Social Insurance 2005)

What's Wrong with Employee Stock Pension Plans, in Enron: Corporate Fiascos and Their
    Implications 487 (Nancy B. Rapoport & Bala G. Dharan eds. 2004) (reproducing
    testimony presented to U.S. Senate Committee on Governmental Affairs, Jan. 24, 2002)

What ERISA Means by "Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and
    Great-West, 103 Columbia Law Review 1317 (2003), substantially republished in New
    York University Review of Employee Benefits and Executive Compensation 2-1 (2004)

4

Trust-Investment Law in the United States: Main Themes of the Uniform Prudent Investor Act, Shintaku No. 189 (Feb. 1997) (in Japanese)

The Uniform Prudent Investor Act and the Future of Trust Investing, 81 Iowa Law Review 641 (1996); republished in Modern International Developments in Trust Law (D. Hayton, ed.) (1999)

The New American Trust-Investment Law, 8 Trust Law International 123 (1994)

Reversing the Nondelegation Rule of Trust-Investment Law, 59 Missouri Law Review 104 (1994) (William Fratcher memorial issue)

The Supreme Court Flunks Trusts, [1990] Supreme Court Review 207 (1991)

The Conundrum of Fiduciary Investing under ERISA, in Proxy Voting of Pension Plan Equity Securities 128 (D. McGill, ed.) (Wharton School: Pension Research Council 1989)

ERISA's Fundamental Contradiction: The Exclusive Benefit Rule (with Daniel R. Fischel), 55 Univ. Chicago Law Review 1105 (1988)

Social Investing of Pension Funds and University Endowments: Unprincipled, Futile, and Illegal, in Disinvestment: Is it Legal, Is it Moral? Is it Productive? (National Legal Center for the Public Interest, Washington 1985)

Social Investing and the Law of Trusts (with Richard Posner), 79 Michigan Law Review 72 (1980)

Market Funds and Trust-Investment Law II (with Richard Posner), 1977 American Bar Foundation Research Journal 1

The Revolution in Trust Investment Law (with Richard Posner), 62 American Bar Association Journal 887 (1976)

Market Funds and Trust-Investment Law (with Richard Posner), 1976 American Bar Foundation Research Journal 1

<u>Trust and Estate Law</u>

Why Did Trut Law Become Statute Law in the United States?, 58 Alabama Law Review 1069 (2007) (Meador Lecture 2006)

Questioning the Trust-Law Duty of Loyalty: Sole Interest or Best Interest? 114 Yale Law Journal 929 (2005) (2006 Green Bag award, best written article)

The Rise of the Management Trust, 143 Trusts & Estates Magazine 52 (Oct. 2004), substantially republished in 4 Trusts Trimestrale di Approfondimento Scientifico e Professionale 338 (2005)

Mandatory Rules in the Law of Trusts, 98 Northwestern Univ. Law Review 1105 (2004) (Hess Memorial Lecture of the Ass'n of the Bar of the City of New York, April 2002)

Curing Execution Errors and Mistaken Terms in Wills: The Restatement of Wills Delivers New Tools (and New Duties) for Probate Lawyers, 18 Probate & Property 28 (Jan./Feb. 2004); substantially republished in 51 Yale Law Report 36 (Sum. 2004)

The Uniform Trust Code: Codification of the Law of Trusts in the United States, 15 Trust Law International 69 (2001).

The Secret Life of the Trust: The Trust as an Instrument of Commerce, 107 Yale Law Journal 165 (1997); republished in Modern International Developments in Trust Law (D. Hayton, ed.) (1999)

The Contractarian Basis of the Law of Trusts, 105 Yale Law Journal 625 (1995)

Will Contests, 103 Yale Law Journal 2039 (1994) (review)

Reforming the Law of Gratuitous Transfers: The New Uniform Probate Code (with Lawrence Waggoner), 55 Albany Law Review 871 (1992) (Uniform Probate Code Symposium Issue)

The Inheritance Revolution, The Public Interest 15-31 (Winter 1991)

Education and Family Wealth, 20 Planning for Higher Education 1 (1991)

Taking a Look at the Pluses and Minuses of the Practice, Trusts & Estates 10-18 (Dec. 1989)

The Twentieth-Century Revolution in Family Wealth Transmission, 86 Michigan Law Review 722 (1988)

The Twentieth-Century Revolution in Family Wealth Transmission and the Future of the Probate Bar, 1988 Probate Lawyer 1 (American College of Probate Counsel)

Excusing Harmless Errors in the Execution of Wills: A Report on Australia's Tranquil Revolution in Probate Law, 87 Columbia Law Review 1 (1987)

Redesigning the Spouse's Forced Share (with Lawrence Waggoner), 22 Real Property, Probate and Trust Journal 303 (ABA, 1987); abridged and republished, 32 Law Quadrangle Notes 30 (Univ. Michigan Law School 1988)

The Nonprobate Revolution and the Future of the Law of Succession, 97 Harvard Law Review 1108 (1984)

Reformation of Wills on the Ground of Mistake: Change of Direction in American Law? (with Lawrence Waggoner), 130 Univ. Pennsylvania Law Review 521 (1982)

Defects of Form in the Execution of Wills: Australian and Other Experience with the Substantial
Compliance Doctrine, in American/Australian/New Zealand Law: Parallels and Contrasts
59 (ABA Press 1980)Crumbling of the Wills Act:  Australians Point the Way, 65
American Bar Association Journal 1192 (1979); substantially republished as The
Crumbling of the Wills Act:  The Australians Point the Way, 25 Univ. Chicago Law
School Record 3 (1979)

Living Probate:  The Conservatorship Model, 77 Michigan Law Review 63 (1978)

Substantial Compliance with the Wills Act, 88 Harvard Law Review 489 (1975)


<center>Comparative Law</center>

Cultural Chauvinism in Comparative Law, 5 Cardozo Journal of International & Comparative
Law 41 (1997)

Scholarly and Professional Objectives in Legal Education: American Trends and English
Comparisons, in What Are Law Schools For? (P. Birks, ed.) (Oxford Univ. Press 1996)

Money Talks, Clients Walk, Newsweek, April 17, 1995, at 32-34

The Influence of Comparative Procedure in the United States, 43 American Journal of
Comparative Law 545 (1995) (United States National Report to the Tenth World
Congress for Procedure Law).

American Legal Education in Comparative Perspective, in Legal Education in the Netherlands in
a Comparative Context 55-64  (Grotius Academy 1995)

The Influence of the German Émigrés on American Law: The Curious Case of Civil and
Criminal Procedure, in Einfluß deutschsprachiger juristischer Emigranten auf die
Rechtsentwicklung in den USA und in Deutschland (Mohr Verlag, Tübingen 1993)

Trashing "The German Advantage," 82 Northwestern Law Review  763 (1988)

Comparative Civil Procedure and the Style of Complex Contracts,
35 American Journal of Comparative Law 381 (1987); republished in Der komplexe
Langzeitvertrag/The Complex Long-Term Contract 445 (F. Nicklisch, ed.) (C.F. Müller
Verlag, Heidelberg 1987); republished in German as Zivilprozeßrechtsvergleichung und
der Stil komplexer Vertragswerke, 86 Zeitschrift für vergleichende Rechtswissenschaft
141 (1987)

The German Advantage in Civil Procedure, 52 Univ. Chicago Law Review 823 (1985)

Mixed Court and Jury Court: Could the Continental Alternative Fill the American Need?, 1981
American Bar Foundation Research Journal 195

Land without Plea Bargaining: How the Germans Do It, 78 Michigan Law Review 204 (1979)

Judging Foreign Judges Badly: Nose Counting Isn't Enough, 18 Judges' Journal 4 (Fall 1979)

<center>7</center>

Comparative Criminal Procedure: "Myth" and Reality (with Lloyd L. Weinreb), 87 Yale Law Journal 1549 (1978)

Controlling Prosecutorial Discretion in Germany, 41 Univ. Chicago Law Review 439 (1974)

<u>Legal History</u>

The Legal History of Torture, in Torture: A Collection 93  (Sanford Levinson ed.) (Oxford Univ. Press 2004)

Review, The Trial in History (Vol.1, M. Mulholland & B. Pullan eds., Vol. 2, R.A. Melikan ed.), 119 English Historical Review 192 (Feb. 2004)

Trinity Hall and the Relations of European and English Law from the Fourteenth to the Twenty-First Centuries, in The Milestones Lectures (Cambridge, England 2001)

The Prosecutorial Origins of Defence Counsel in the Eighteenth Century: The Appearance of Solicitors, 58 Cambridge Law Journal 314 (1999) (awarded the Sutherland Prize, American Society for Legal History, 2000)

The Later History of Restitution, in Restitution Past, Present and Future: Essays in Honour of Gareth Jones 57-62 (Oxford 1998)

The Historical Foundations of the Law of Evidence: A View from the Ryder Sources, 96 Columbia Law Review 1168 (1996)

The Historical Origins of the Privilege Against Self-Incrimination at Common Law, 92 Michigan Law Review 1047 (1994)

Chancellor Kent and the History of Legal Literature, 93 Columbia  Law Review 547 (1993)

On the Myth of Written Constitutions: The Disappearance of Criminal Jury Trial, 15 Harvard Journal of Law & Public Policy 119 (1992); published in translation as Sobre el mito de las constituciones escritas: La desaparicion del juicio penal por jurados, 1996 Nueva Doctrina Penal 45 (Argentina, 1996)

Culprits and Victims, Times (London) Literary Supplement, Oct. 11, 1991 (review)

The Twilight of Amateur Law Enforcement, 9 Law & History Review 398 (1991) (review)

The English Criminal Trial Jury on the Eve of the French Revolution, in The Trial Jury in England, France, Germany: 1700-1900 (Comparative Studies in Continental and Anglo-American Legal History) (Duncker & Humblot, Berlin 1987)

The Constitutio Criminalis Carolina in Comparative Perspective: An Anglo-American View, in Strafrecht, Strafprozess und Rezeption (P. Landau & F.-C. Schroeder, eds.) (Frankfurt 1984)

Shaping the Eighteenth-Century Criminal Trial: A View from the Ryder Sources, 50 Univ. Chicago Law Review 1 (1983)

8

Illustrations as Legal Historical Sources, 29 Univ. Chicago Law School Record 3 (1983)

Encyclopedia of Crime and Justice, entry for the history of the law of torture (Macmillan, 1983)

Albion's Fatal Flaws, Past and Present (No. 98, February 1983) 96-120

Biographical Dictionary of the Common Law (A.W.B. Simpson, ed.), entries for G. Gilbert, W. Lambarde, D. Ryder, T. de Veil, J. Wild (Butterworths 1983)

Introduction, Sir William Blackstone, Commentaries on the Laws of England, Volume III (Univ. Chicago Press, reprint ed. 1979)

Understanding the Short History of Plea Bargaining, 13 Law and Society Review 261 (1979)

Torture and Plea Bargaining, 46 Univ. Chicago Law Review 4 (1978); republished in Spanish as "Tortura Y Plea Bargaining," in El Procedimiento Abreviado (J.B. Maier & A. Bovino eds.) (Buenos Aires 2001); substantially republished without notes in The Public Interest (Winter 1980) at 43; latter version republished in The Public Interest on Crime and Punishment (N. Glazer ed. 1984)

The Criminal Trial Before the Lawyers, 45 Univ. Chicago Law Review 263 (1978)

The Historical Origins of the Sanction of Imprisonment for Serious Crime, 5 Journal of Legal Studies 35 (1976)

Fact Finding in the English Court of Chancery: A Rebuttal, 83 Yale Law Journal 1620 (1974)

The Origins of Public Prosecution at Common Law, 17 American Journal of Legal History 313 (1973)

# Exhibit
# B

November 2007

John H. Langbein

Prior Deposition and Trial Testimony

In re Cushing Trusts,, 9th Judicial Dist., Douglas County, NV, Case No. 07-PB-0023 (Dept. No.1); fiduciary duties of loyalty, prudence, impartiality, diversification, and disclosure owed by conflicted trustees holding close corporation stock; retained by John Frankovich, Esq McDonald, Carano, Wilson, LLP, 100 West Liberty St., 10th Fl., Reno, NV 89501, tel. 775) 788-2000; deposition taken in Reno, NV, Oct. 22, 2007.

Stoffels et al. v. SBC Communications Inc, U.S. Dist. Ct., W. D. Tex (San Antonio Div.), (CA. No. SA05CA0233); whether employer-provided reimbursement for certain home telephone services constituted defined benefit pension plan under ERISA; retained for defendant AT&T, Inc., by John L. Carter, Esq., Vinson & Elkins LLP, First City Tower, 1001 Fannin St., Suite 2500, Houston, TX 77002-6760, tel. 713-627-1410; deposition taken in Houston, TX, Oct. 4, 2007.

In re Galloway Family Trusts (Galloway v. U.S. Bank N.A.), Ramsey County Minnesota District Court, Second District, Court File C1-04-200006/0045; fiduciary duty of professional trustee of irrevocable trust to commission and institute suitable tax planning measures; retained for plaintiff by John A. Cotter, Esq., Larkin, Hoffman, Daly & Lindgren, 1500 Wells Fargo Plaza, 7900 Xerxes Ave. South, Minneapolis, MN 55431-1194, tel. 952-835-3800; deposition taken in New Haven, CT., May 8, 2006; trial testimony in St. Paul, MN, Sept. 27, Nov. 16, 2006.

Janet M. Jeanes v. Bank of America et al., Shawnee County Kansas District Court, Civil Case No. 046 1636; investment responsibilities under agency account with express exclusion of investment authority over particular asset; retained for defendant by Charles A. Redd., Esq., Sonnenschein Nath & Rosenthal, 1 Metropolitan Square, Suite 3000, St. Louis, MO 63102; deposition taken in New York City, April 13, 2006.

Bayer v. Harris Trust Co., Jackson County Oregon Circuit Court, Case No 032370-L7; imprudent investing and failure to diversify prevailingly single-stock portfolio; retained for plaintiff by Jeffrey R. Sylvester, Esq., Sylvester & Polodnak, Ltd., 7371 Prairie Falcon, Suite 120, Las Vegas, NV 89128; deposition taken in New Haven, CT, Mar. 10, 2006.

1

Matter of Conservatorship of Estate of Ruth Lilly; Matter of the Ruth Lilly Charitable Remainder Annuity Trusts, Marion County Indiana Probate Division, Cause No. 48D08 0211 TR002770-71; breach of duty to diversify single-stock inception asset charitable remainder annuity trusts; retained for plaintiffs Americans for the Arts by Andrew J. Goodman, Esq., Kurzman Eisenberg Corbin Lever & Goodman LLP, 675 Third Ave, 18th Fl., New York, NY 10017, 212-661-2150; depositions taken in New York City Mar. 4 & Apr. 29, 2005.

Furstenau v. AT&T Corp. et al., U.S. District Court, District of New Jersey, Civil Action No. 02-CV-5409; ERISA class action alleging breaches of fiduciary duty arising from employer stock option in 401(k) plan; retained for defendants by Mark Blocker, Esq., Sidley Austin Brown & Wood LLP, Bank One Plaza 10 South Dearborn St., Chicago, IL 60603; 312-853-6097; deposition taken in Hartford, CT, Jan. 6, 2005.

In re William C. Roettger Trust, Vandenburgh County Indiana Superior Court, Cause No. 82D07-0110-TR-00539; loyalty and impartiality issues in distributions from inter vivos trust; retained for plaintiff by Martha T. Starkey, Esq., Starkey Law Group, 30 South Meridian St., Suite 850, Indianapolis, IN 46280; 317-705-8888; teleconference deposition taken in New Haven, CT, June 9, 2004; trial testimony in Evansville, IN, Aug. 11, 2004.

In Re Harry Winston; Bruce Winston v. Deutsche Bank, Westchester County N.Y. Surrogates Court File No. 3806/1978; cotrusteeship and fiduciary investing responsibilities of corporate fiduciary when trust owns an operating business; retained for plaintiff by Raymond A. Bragar, Esq., Bragar Wexler Eagel & Morgenstern, LLP, 885 Third Ave., Suite 3040, New York, N.Y. 10022; 212-308-5858; deposition taken in New York City Feb. 12, 2004; trial testimony, White Plains, N.Y., Dec. 7, 2004.

Cobell v. Norton, U.S. District Court, District of Columbia, Case No. 1:96 CV 01285 RCL (D.D.C.); fiduciary standards in federal Indian Trust accounting action; retained for defendant United States by John T. Stemplewicz, Esq., U.S. Department of Justice, Civil Division, P.O. Box 875, Ben Franklin Station Washington, D.C. 20044-0875; trial testimony in Phase 1.5 trial Jun. 2-3, 2003.

Richard L. Berry v. Key Trust Co., et. al., Court of Common Pleas, Cuyahoga County, Ohio, Case No. 431079; trust termination action; retained for petitioner in April 2002 by Martha T. Starkey, Esq., Starkey Law Group, 2 Meridian Corporate Plaza, 401 Pennsylvania Parkway, Suite 100, Suite 100, Indianapolis, IN 46280; 317-705-8888; deposition taken in Cleveland, OH, Sept. 27, 2002.

Keach & Sage v. U.S. Trust Co., N.A., et. al., U.S. District Court, Central District of Illinois, Peoria Division, Case No. 01-1168; ESOP fiduciary investment issues under ERISA; retained by Dean B. Rhoads, Esq., Sutkowski & Rhoads, Ltd., 124 S.W. Adams St., Suite 560, Peoria, IL 61602-1357; deposition taken in New York, NY, Aug. 12, 2002.

Bishop v. McNeil, Court of Chancery, New Castle County, DE; trust division proceeding, including issues of co-trustee fiduciary duties; retained for Henry McNeil in April

2

2002 by Lawrence T. Hoyle, Esq., Hoyle, Morris & Kerr LLP, 1 Liberty Place, Suite 4900, 1650 Market St., Philadelphia, PA 19103-7397; 215-981-5700; deposition taken in Philadelphia, PA, Jun. 13, 2002.

Godfrey v. Kamin, U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 01 C 3433; breach of trust action: loyalty, prudence, and diversification issues arising from investment in close corporation; impartiality issues arising from excessive concentration of financial assets in fixed income investments; retained in Dec. 2000 by David H. Latham, Esq., Suite 1118, 300 West Washington St., Chicago IL 60606; 312-782-1910; retained for plaintiff trust beneficiaries; deposition taken in Chicago, January 8, 2002.

Whetman v. IKON, U.S. District Court, Eastern District of Pennsylvania, Civil No. 00-87, also D. Utah No. Civil 2-98-CV-89; ERISA action involving fiduciary duties of employer and other fiduciaries in the designation of employer stock as an investment option under a 401(k) plan; retained in March 2000 by Ron Kilgard, Esq., Dalton, Gotto, Samson & Kilgard, Suite 900, National Bank Plaza, 3101 North Central Ave., Phoenix, AZ 85012; (602) 230-6324; retained for plaintiff plan participants; deposition taken in New York, August 2, 2001.

Stoddart v. Miller (Peccole Trusts), Las Vegas, NE, state court; equitable accounting issues; retained for trusts by William R. Phillips, Esq., General Counsel, Peccole Nevada Corp., 851 South Rampart Blvd., Suite 220, Las Vegas, NE  89145; trial testimony in Las Vegas, NE, May 4, 2001.

Ceridian Corporation Retirement Plan, et al., Claimants, v. Corporate Officers & Directors Assurance, Ltd., Respondents: International Arbitration under the Laws of Bermuda; ERISA attorney fees issues in construction of fiduciary liability insurance policy; retained in April 2000 by R. Scott Davies, Briggs & Morgan PA, 2400 IDS Center, 60 South Eighth St., Minneapolis, MN 55402; 612-334-8561; retained for claimant Ceridian Plan; deposition taken in New York, May 3, 2000; arbitration testimony in Toronto, Canada, May 31, 2000.

Tanaka v. First Hawaiian Bank et al., U.S. District Court for the District of Hawaii, Honolulu, HI, Civil No. 96-00734-SPK; fiduciary standards in probate and trust administration; retained in 1997 by Gerald A. Brooks, P.O. Box 121, Honolulu, HI 96810; 808-533-3312; retained for plaintiff, Yoshitaro K. Tanaka; deposition taken in New York, May 5, 2000.

First National Bank of Chicago v. Acco USA, Inc.-IBT Retirement Plan, U.S. District Court, N.D. IL, Chicago IL, No. 93 C 0896; issues of impartiality and prudent administration in the operation of a collective real estate investment trust; retained in 1999 by William Conlan & Mark Blocker, Sidley & Austin, 10 South Dearborn St., Chicago, IL 60603, 312-853-7000; retained for functional defendant, First National Bank of Chicago; deposition taken November 1999, trial testimony in Chicago December 16, 1999.

Board of Pensions of the Municipal Employees Pension and Relief Fund of Prichard, Alabama v. Regions Bank, No. CV-97-002524; Mobile County, AL, Circuit Court; fiduciary duties of trustee under "legal list" trust-investment statute; retained in 1998 by J. Marshall

3

Gardner, Esq., Vickers, Riis, Murray & Curran, LLC, Regions Bank Bldg., 106 St. Francis St., Mobile, AL 36602-3408, 334-432-9772; retained on behalf of defendant trustee; deposition in New Haven, CT, April 22, 1999; trial testimony in Mobile AL, August 29, 1999.

In re Eric A. Knudsen Trust, No. T No. 95-120; First Circuit Court, Honolulu, Hawaii; trust investment issues, including duties of diversification, prudence, and productivity; retained in 1994 by John Hoshibata, Suite 2300 Pauahi Tower, 1001 Bishop St., Honolulu, HI 96813, 808-524-5644; retained on behalf of trust beneficiaries; deposition in New Haven, CT, June 9-10, 1999.

Eychaner & Weiss v. Theodore Gross & Roosevelt University, No. 94 CH 11328; Cook County, IL, Circuit Court, Chancery Division; trust creation issues affecting ownership of landmark structure; retained in 1998 by Susan A. Stone, Esq., Sidley & Austin, 10 South Dearborn St., Chicago IL. 60603, 312-853-2177; retained on behalf of defendant university, an Illinois not for profit corporation, and its president; deposition in Chicago, May 29, 1998; trial testimony in Chicago, July 7, 1998.

Fisher v. Bank of America National Trust and Savings Ass'n, et. al, U.S. District Court, N.D. CA (San Francisco), No. C 96-0203 CAL; loyalty, prudence, diversification, and remedy issues arising from corporate fiduciary's investing trust accounts in real estate limited partnerships; retained in 1997 by Derek G. Howard, Esq., The Mills Firm, 200 Drake's Landing, Suite 155, Greenbrae, CA 94904, 415/464-4770; retained on behalf of plaintiff class; deposition in San Francisco, April 13-14, 1998.

Sheronas v. Glenmede Trust Co. et al., Court of Common Pleas, Montgomery County, Orphans' Court Division, PA, Nos. 90-1320, 84-422; fiduciary loyalty and impartiality issues; retained in 1995 by William T. Hangley, Esq., Hangley Aronchick Segal & Pudlin, 1 Logan Square, 12th Fl., Philadelphia, PA 19103-6933, 215/668-0300; retained for defendant trustee's counsel; expert report June 13, 1997; deposition in Philadelphia, August 1, 1997.

Arthur R. Moore et al. v. Raymond J. Sweeney, et al., Circuit Court, Alexandria, VA, No. CL941029; ERISA loyalty, prudence, and prohibited transactions issues in attorney malpractice action; retained in 1997 for defendant attorney by Nicholas Lobenthal, Esq., Mayer, Brown & Platt, 1675 Broadway, New York, NY 10019-5820, 212/506-2584; deposition in Alexandria, VA, June 12, 1997.

Carol F. Nickel v. Bank of America National Trust and Savings Ass'n, et al., U.S. District Court, N.D. CA (San Francisco), No. C 94 2716 CAL; remedy and measure of damages issues in trustee fee overcharge class action; retained in 1996 by Derek G. Howard, Esq., The Mills Firm, 200 Drake's Landing, Suite 155, Greenbrae, CA 94904, 415/464-4770; retained on behalf of plaintiff class; deposition in San Francisco, July 24-25, 1996; trial testimony in San Francisco, September 19, 1996. Testimony cited with approval in reported appellate case, 290 F. 3d. 1134, 1138 (9th Cir. 2002).

In re McCune Foundation, Court of Common Pleas, Orphans' Court Division, Allegheny County (Pittsburgh) PA, No. 2-79-R-4788; trustee loyalty and diversification issues; retained in 1993 by Donald G. Gerlach, Esq., Reed Smith Shaw & McClay, 435 Sixth Ave., Pittsburgh, PA 15219-1886, 412/288-3192; retained for plaintiffs, members of trust distribution committee; trial testimony April 24, 1996.

Fisher v. Wilmington Trust Co. Court of Chancery, New Castle (Wilmington) DE Civil Action 11376; trust investment issues touching diversification and principal and income allocations; retained in 1993 by Phebe S. Young, Esq., Bayard, Handelman & Murdoch, P.A., 922 Market St., 13th Floor, Wilmington DE 19899, 302/429-4236; retained for plaintiff; deposition taken April 18, 1996.

In re William F. Dart Trust, Ingham County (Lansing) MI Probate Court, Probate Case No. G-6372; trustee removal and breach of trust proceedings; retained in 1995 by Allan T. Claypool, Esq., Foster, Swift, Collins & Smith, 313 So. Washington Square, Lansing, MI 48933-2193, 517/371-6264; retained for defendant trustee; depositions taken December 1995 and November 1996.

Chubet v. Huntington Trust Co., Court of Common Pleas, Franklin County, Columbus, OH, Case No. 94CVA-06-4133; trustee loyalty and diversification issues; retained in 1995 by Bernard Mazer, Esq., Mazer & Co., 420 B Metro Place South, Dublin, OH 43017, 614/766-8108; retained for Mary Ann Prescott Chubet, plaintiff; expert report provided; deposition taken October 1995.

Estate of Elizabeth Peebles Jones, Circuit Court for Indian River County, FL, Probate Div., Case No. P-93-374.01; prudence of executor's retention of nondiversified block of shares; retained in 1994 by James G. Pressly, Jr., Esq., 222 Lakeview Dr., West Palm Beach FL 33401-6112, 407/659-4040; retained for Owen Jones, plaintiff; deposition taken June 1995.

Maud Hill Schroll Trust, Ramsey County (St. Paul) District Court, MN; principal and income issues affecting timber lands; retained in 1994 by James M. Dombrowski, Esq., P.O. Box 751027, Petaluma, CA 94975-1027, 707/762-7807; retained for Christopher Schroll, plaintiff; trial testimony May 1995.

In re Trust under Will of Isabel Stillman Rockefeller, Court of Probate, District No. 57, Greenwich CT; trustee loyalty and investment issues; retained 1994 by Charles A DeLuca, Esq., P.O. Box 3057, 80 Fourth St., Stamford, CT, 203/357-9200; retained in 1994 for John W. Roberts, Esq., Guardian ad Litem; deposition taken February 1995.

Vivian R. Broderick et al. v. Colorado National Bank et al., City and County of Denver CO Probate Court, Case No. 92 PR 1520; trustee's liability for exposing unrelated trust assets to environmental liability of trust-held enterprise; retained in 1994 by Gregory A. Ruegsegger, Esq., Dufford & Brown, 1700 Broadway, Suite 1700, Denver. CO 80290-1701, 303/861-8013; retained for plaintiffs; deposition taken June 1994.

First National Bank of Chicago v. Stephen R. Steinbrink, U.S. District Court, N.D. IL, Chicago IL, No. 92 C 4053, and related federal administrative court hearings, Chicago 1993; prudence and regulatory compliance of bank trustee's administration of collective real estate investment trust; retained by Harold C. Hirshman, Esq., Sonnenschein, Nath & Rosenthal, 8400 Sears Tower, Chicago, IL 60606-6404, 312/876-7934; retained for functional defendant, First National Bank of Chicago; affidavit provided, 1993; deposition taken June 1993; trial testimony in administrative court September 1993.

Virginia D'Addario, et al. v. Stanley Bergman et al., Superior Court for District of Fairfield (Bridgeport), CT, Case No. CV 90-0266582S; trustee's liability for resignation to facilitate third-party's intentional breach of trust; retained by Allan M. Cane, Esq., 1172 Post Rd., Fairfield, CT 06430, 203/255-2626; retained for plaintiffs; pretrial deposition July 1993

CAHP, et al. v. Prudential Securities, Inc., et al., San Mateo CA Superior Court, Case No. 372537; prudence of conduct of stock broker alleged to have been fiduciary regarding investments of non-ERISA pension investor; retained by Michael Lawson, Esq., Steefel, Levitt & Weiss, One Embarcadero Center, 29th Floor, San Francisco, CA 94111-3784, 415/788-0900; retained for defendant, Prudential Securities, Inc.; pretrial deposition June 1993.

Virginia D. Blake et al. v. Federal Deposit Insurance Corp., et al.,  U.S. District Court, District of Maine, Portland ME, Civil Action No. 91-422 P-C; bank co-trustee's liability for retention of trust holding of the bank's shares; retained in 1992 by Thomas A. Cox, Friedman & Babcock, 6 City Center, P.O. Box 4726, Portland, ME 04112, 207/761-0900; retained for defendant Federal Deposit Insurance Corp. as successor to defendant Bank of New England; pretrial deposition September 1992, in Boston, MA.

Weyerhaeuser Co. v. Geewax Terker & Co., federal district court proceeding in Seattle, WA; pension investment manager's liability under ERISA for investing beyond account authority; retained in 1991 by Harry H. Schneider, Jr., Perkins Coie, 1201 Third Ave., 40th Fl., Seattle, WA 98101-3099, 206/583-8888; retained for plaintiff Weyerhaeuser Co.; pretrial deposition November 1991.

In re Estate of Raymond Marks, Circuit Court of Lake County (Waukeegan) IL, No. 82-P-0547; conflict-tainted executors' breach of fiduciary duties of loyalty and prudence in funding estate's marital devise; retained in 1989 by Lee A. Freeman, Sr., Freeman, Freeman & Salzman, 401 No. Michigan Ave., Chicago, IL 60611, 312/222-5110; retained for plaintiff Carol Marks Jacobsohn; pretrial deposition and trial testimony 1990.

In re Estate of Jaffe, state court action in Seattle Washington; bank trustee's fiduciary duties in funding spousal trust; retained in 1987 by Henry M. Aronson, Esq., Seattle, WA; retained for plaintiff Ruby Jaffe; pretrial deposition and trial deposition taken in March 1987.

# Exhibit
# C

# What's Wrong with Employer Stock Pension Plans

*John H. Langbein\**

I appreciate the invitation to speak with you about the pension investment aspects of the Enron Corporation bankruptcy.

I have been teaching and writing about pension law and pension policy for two decades. I coauthor the principal book on pension law that is used in American law schools.[1] I serve as a Uniform Law Commissioner from Connecticut, and I was the reporter (drafter) for the Uniform Prudent Investor Act (1994), which now governs fiduciary investing at the state level in most American states.

*1. The Enron plan.* Enron Corp. sponsored a 401(k) pension plan for its employees.[2] The plan permitted the employee to contribute up to 15 percent of his or her salary, subject to a ceiling.[3] Enron made a matching contribution of half of what the employee contributed.[4] The sums contributed by both employee and employer were tax deferred under Sections 401(a) and 401(k) of the Internal Revenue Code. The plan provided that Enron's contribution would be entirely in Enron stock.[5] The employee

---

\* JOHN H. LANGBEIN, THE ENRON PENSION INVESTMENT CATASTROPHE: WHY IT HAPPENED & HOW CONGRESS SHOULD FIX IT (Jan. 24, 2002), *available at* http://www.law.yale.edu/outside/html/Public_Affairs/183/Langbein.pdf.

[1] JOHN H. LANGBEIN & BRUCE WOLK, PENSION AND EMPLOYEE BENEFIT LAW (3d ed. 2000 & 2001 Supp.).

[2] The plan document is titled "Enron Corp. Savings Plan As Amended and Restated Effective July 1, 1999" [hereafter cited as Enron Plan].

[3] *Id.,* § III.1.

[4] *Id.,* § III.4. (The matching contribution was subject to the limit that it could not exceed six percent of the employee's base pay.)

[5] *Id.* § V.16(a).

participant could choose to invest his or her contribution among a menu of options, including leading well-diversified mutual funds[6] or more Enron stock.

The plan required the employee-participant to hold the employer-contributed Enron shares until age fifty.[7] Only at that age could he or she direct that the Enron shares be sold and the proceeds redirected into other investments. With respect to these match shares, the plan made the employee-participants into involuntary Enron shareholders until age fifty.

As Enron's financial difficulties began to be revealed in the fall of 2001, the value of Enron shares, including those held in the pension plan accounts, declined precipitously. Shares that had traded above $80 per share at the apogee are now effectively worthless. As a result, many Enron employees have lost huge portions of their expected retirement funds—both the employer-match shares and those Enron shares that many employees elected to purchase with their own contributed funds.

Although some of the alleged financial skullduggery of Enron's managers, directors, and accountants may have violated ERISA fiduciary law, it is vital for Congress to understand that the key feature of the Enron plan that made it possible for these losses to occur—the large concentration of employer stock in the plan's investments—was permitted under ERISA, the federal pension regulatory law.

ERISA invited this mess, and unless you change ERISA, I can predict to you with utter certainty that such cases will happen again, as they have repeatedly in the past. What's new about the Enron calamity is simply the enormity of the losses.

*2. DC plans.* 401(k) plans such as Enron's are known as defined contribution (DC) plans, or in the language of ERISA, as "individual account plans." DC plans "provide[] for an individual account for each participant;" the participant's "benefits are based solely upon the amount contributed to the participant's account," plus the investment experience (dividends, gains or losses) of the account. ERISA § 3(34).

The distinctive feature of any DC plan is that investment risk rests entirely upon the account of each participating employee. The employee captures market gains, the employee suffers market declines.

By contrast, in a traditional defined benefit (DB) plan of the sort that prevails among large employers in manufacturing and transportation industries and utilities, the employer (or other sponsor) bears the investment risk. In a DB plan, the employer promises the employee a certain benefit on retirement, and if the investments in the pension fund don't produce enough to pay the benefit, the employer must make up the shortfall from company assets.

*3. The DC or 401(k) structure is not the problem.* As ERISA now stands, the high concentration of employer stock that allowed the catastrophic losses to the Enron

---

[6] Including the Vanguard 500 Index Trust, the Fidelity Magellan Fund, the Fidelity Growth and Income Fund, the PIMCO total Return II Fund, and the T. Rowe Price Small Cap Fund. *See* Enron Benefits Dept., *Money in Motion: Enron Corp. Savings Plan 401(k) Plan Details.*

[7] Enron Plan § IV-16(b).

employees could only have occurred in a DC plan, because ERISA's diversification requirements (discussed below) would have prevented these concentrations in a DB plan. It would be a fallacy, however, to conclude that the problem lies in the nature of DC plans. The truth is that it is as easy to avoid over-concentration in a single stock in a DC plan as in a DB plan. For example, most of us who are employed in academia participate in DC plans operated by TIAA-CREF. TIAA-CREF diversifies its stock and bond investments across literally thousands of issues.

The ERISA failure that allowed the Enron employees' loss to occur is that ERISA contains an exception to its diversification requirement. ERISA allows certain types of DC plans, including 401(k) plans, to permit and/or require employees to hold these large concentrations of employer stock in their plan accounts.

Over the past two decades that 401(k) plans have been allowed[8] there has been a huge increase in the use of DC plans, especially 401(k) plans. The Employee Benefits Research Institute (EBRI) reports that, as of the year 2000, there were more than 327 thousand 401(k) plans in effect, covering more than 43 million active participants, holding assets of $1.8 trillion. There are many reasons for this complex development.

DC plans do have disadvantages,[9] but they have two great advantages for employees that help explain their popularity.

First, DC plans offset the lack of portability in the private pension system. DC plans produce better results for the employee who works for several employers across his or her career than does a DB plan, because DB plans use career-average service formulas that favor long-service employees. DC plans are a response to the increasing mobility of the workforce.

Second, DC plans encourage employees to engage in more pension saving than usually occurs under DB plans,[10] both because the transparency of the individual account mechanism is easier for the employee to understand and to value than a distant benefit formula; and because there are ways to arrange that any money in a DC account that the employee and his or her spouse do not turn out to need for their retire-

---

[8] IRC § 401(k) originated in the Revenue Act of 1978, but 401(k) plans became attractive only when the IRS issued regulations in 1981 clarifying the salary reduction mechanism that allows the employee to contribute pretax dollars.

[9] The two most important: (1) DC plans require ordinary workers to make important investment management decisions, which in a DC plan are the work of investment professionals; (2) DB plans can deliver larger retirement benefits per dollar of savings, because they mandate annuitization as the mode of distribution, recapturing for other plan members the sums not needed to support short-lived participants and beneficiaries. *See* LANGBEIN & WOLK, *supra* note 1, at 51–61 (providing for further discussion of the pluses and minuses of DC plans).

[10] *See* James M. Poterba, Steven F. Venti & David Wise, *The Transition to Personal Accounts and Increasing Retirement Wealth: Macro and Micro Evidence*, (National Bureau of Economic Research Working Paper 8610) (2001), *available at* http://papers.nber.org/papers/w8610.pdf (providing evidence that "assets at retirement after lifetime employment under a 401(k) plan would typically be much higher than under a defined benefit plan").

ment will pass to their heirs. The ability to transfer the account balance on death encourages employees to make more ample provision for their retirement, secure in the knowledge that they will not forfeit the cushion.

Accordingly, the lesson to learn from the Enron debacle is not that DC plans should be restricted, but that the diversification standards that Congress wisely imposed on DB plans need to be extended to DC plans.

*4. Diversification.* The duty to diversify investments is a standard principle of good fiduciary investing practice, which was long ago[11] absorbed into the trust investment law.[12] ERISA has, from its enactment in 1974, imposed this duty to diversify pension fund investments. ERISA § 404(a)(1)(C).

ERISA's duty to diversify does not, however, apply to all pension plans. Rather, Congress allowed an exception for certain types of DC plans. ERISA §§ 404(a)(2), 407(d)(3). That exception is a major mistake of pension policy, and until Congress fixes it, I can predict to you with utter certainty that cases like Enron will continue to occur.

Let me say a quick word about the underlying economics of the duty to diversify. The importance of diversification is by far the most important finding in the entire field of financial economics. Over the past 40 years, we have had a stream of empirical and theoretical studies, which have led so far to six Nobel prizes in economics, conclusively showing that there are large and essentially costless gains to diversifying an investment portfolio thoroughly.

Investment risk has three distinct components: market risk, industry risk, and firm risk. Market risk is common to all securities; it reflects general economic and political conditions, interest rates, and so forth; hence, it cannot be eliminated. Industry risk, by contrast, is specific to all the firms in each industry or industry grouping. Firm risk refers to factors that affect the fortunes only of the particular firm. My favorite illustration is the example of the international oil companies. All of them suffered from the 1973 Arab embargo (industry risk). By contrast, only Exxon incurred the liabilities arising from the great Alaskan oil spill of March 1989 (firm risk). Holding shares in other industries helped prudent investors to offset the decline of the oils in 1973; holding shares of other oils helped offset the decline in Exxon.

Only about 30 percent of the risk of security ownership is market risk, that is, risk that cannot be eliminated by diversification. By contrast, industry risk amounts to about 50 percent of investment risk, and firm risk comprises the remaining 20 percent.[13] Thus, effective diversification can eliminate roughly 70 percent of investment risk.

---

[11] We have had the duty to diversify in American trust investment law for well over a century. *See, e.g.,* Dickinson, Appellant, 152 Mass. 184, 25 N.E. 99 (1890).

[12] RESTATEMENT (SECOND) OF TRUSTS § 228 (1959); RESTATEMENT (THIRD) OF TRUSTS: Prudent Investor Rule § 227(b) (1992).

[13] R.A. BREALEY, AN INTRODUCTION TO RISK AND RETURN FROM COMMON STOCKS 117 (2d ed. 1983). Brealey's actual numbers are 31 percent market risk; 12 percent industry risk; 37 percent other groupings; and 20 percent firm risk. I consolidate industry and other groupings as industry risk and round to 50 percent.

And that is why, from the standpoint of good investment practice, a portfolio such as the Enron pension fund, so heavily concentrated in a single stock, any stock, is pure folly. But there are many plans sitting out there with even more employer stock than Enron. For example, as of January 2000, Proctor and Gamble had a DC plan with 96 percent in employer stock, Pfizer has one with 88 percent, Abbott Laboratories with 87 percent.[14]

According to the most recent data reported by EBRI, employer stock comprises 19 percent of all 401(k) plan assets,[15] but that number, which averages plans with and without employer stock, understates the magnitude of the problem for the plans with the employer stock.[16]

*5. What's wrong with employer stock.* A pension fund portfolio holding a massive part of its assets in any one stock is bad; but holding such a concentration in the stock of the employer is worse. For the employees of any firm, diversification away from the stock of that employer is even more important. The simple reason is that the employee is already horrifically underdiversified by having his or her human capital tied up with the employer. The employee is necessarily exposed to the risks of the employer by virtue of the employment relationship. The last thing in the world that the employee needs is to magnify the intrinsic underdiversification of the employment relationship, by taking his or her diversifiable investment capital and tying that as well to the fate of the employer.

The Enron debacle illustrates this point poignantly. Just when many of the employees have lost their jobs, they have also lost their pension savings, which in a 401(k) plan they could have borrowed against (or with a penalty, withdrawn) in order to tide them over.

*6. The incentives argument.* What's the case for having employer stock in pension funds? The argument is that employers want to incentivize employees to identify with the stockholders of the firm. Making employees into stockholders will motivate them to care about the firm's profitability.

There's a simple answer to that argument: Don't do it in the pension fund. If you want to sell stock to your employees for such sound business reasons, go right ahead and do so (subject to adequate disclosure of the risks—a subject to which I shall return). But you should not be able to treat such a program as a pension fund, for two very good reasons: It abuses the pension tax subsidy and it misleads employee-participants.

Congress provides two huge tax subsidies for qualified pension plans: Employee and employer contributions to such plans are tax-deferred, and so is any investment buildup. Congress grants this subsidy in order to promote pension saving, hence to promote retirement income security. That policy is concerned to protect the employee

---

[14] PENSIONS & INVESTMENTS, Jan. 24, 2000, at 26.

[15] Sarah Holden & Jack VanDerhei, *401(k) Plan Asset Allocation, Account Balances, & Loan Activity in 2000*, EMPLOYEE BENEFIT RESEARCH INST., Issue Brief (Nov. 2001), at 1, 6 & Chart 3.

[16] *See id.* at 13 & Table 10.

and his spouse in their post-employment years. The policy has nothing to do with promoting employer interests. To the contrary, the most fundamental principle of ERISA fiduciary law is the so-called exclusive benefit rule, requiring that pension plan investing and administration must be done "solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of providing benefits" to them. ERISA § 404(a)(1)(A). Ordinarily, therefore, subordinating the interests of the employees to those of the employer is a breach of the fiduciary duty to avoid such conflicts of interest under ERISA. Apart from the statutory exception that allows employer stock in pension plans, the message of ERISA is: pension plans are for employees, not for employers. Congress provides the pension tax subsidy for employee interests.

Another way to make that point is to remind ourselves that the employee has earned the pension. Employers do not offer pension plans in order to be nice guys—indeed, employers have a fiduciary duty to their shareholders not to waste the company's assets by giving those assets away to people, even employees. These plans are not gratuities.. Employers offer pension plans as part of the compensation package, as what we call deferred compensation.[17] Pensions are the employee's earnings, channeled into retirement saving at the source. We should not let supposed employer preferences interfere with the best interests of the employee.

As the Enron calamity shows, employees do not understand the risks involved in holding employer stock in their pension accounts. They rely on these accounts for their retirement. Many of the employees do not have enough years left in the workforce to be able to replace the losses in subsequent employment.

*7. The plan formation argument.* The other claim on behalf of the status quo is that in our voluntary private pension system, if you don't let employers stuff employer stock in these plans, they won't offer the plans at all. This is highly unlikely.

In competitive markets, if one employer won't offer a pension plan while others do, that employer will be at a disadvantage in competing for workers. The employers who offer pensions today do so in order to be competitive for workers who are pension-sensitive, and such employers will continue to want to be competitive for such workers by offering pensions even if the employers are forbidden to stuff the plans with company stock.

We heard the same argument when Congress imposed vesting rules in ERISA in 1974, and when congress mandated spousal shares in 1984. The truth is that sensible pension regulation does not discourage plan formation. To the contrary, by making pension promises more reliable, it increases the attractiveness of pension plans to employees, and causes firms to offer more of them.

As regards 401(k) plans, the argument is sometimes made that if employer stock investments were curtailed, employers might continue to offer 401(k) plans, but em-

---

[17] The claim that pensions were gifts, the so-called gratuity theory of pensions, has a long history. American law decisively rejected the gratuity theory in favor of the deferred compensation theory across the twentieth century. For discussion, see LANGBEIN & WOLK, *supra* note 1, at 16–17, 122–27. ERISA's vesting and benefit accrual rules *implement the deferred compensation view.*



ployers would not continue to offer matching contributions unless in employer stock. While I doubt that, there is an easy compromise: let the employer who wishes continue to contribute employer stock (and to get the tax deduction for doing so), but require that the plan fiduciary dispose of it on the open market within a short period and reinvest the proceeds in a diversified portfolio.

*8. The solution is already in ERISA.* If there is one bright spot for the future in the Enron pension catastrophe, it is that we know exactly how to prevent such cases from occurring again. We not only know the cause, we also know the cure.

The losses have been caused by allowing DC plans to be underdiversified. The cure is to require diversification. Congress has successfully insisted on diversifying plan investments in DB plans for a quarter century. What is needed is to extend that regime across the DC universe, to cover all tax-qualified plans.

Congress should not prohibit employer stock from pension plans altogether, because there are situations in which a prudent fiduciary investor may choose to hold some. For example, it is common for pension investment managers to buy index funds in fiduciary accounts. Index funds hold shares in all the companies in the index, and the employer may be one of those companies.

In ERISA § 407(a)(2), Congress set a ceiling on employer stock, saying that a plan may never hold more than ten percent,[18] but Congress then left it to the prudence and diversification rules of ERISA § 404(a) to govern the question of how much less than 10 percent is appropriate. The normal answer will be little or none. The one time a DB plan tried to approach the 10 percent limit, in the most famous of all ERISA investment cases, Donovan v. Bierwirth, the Second Circuit held that the investment in employer stock was imprudent. Bierwirth stands for the proposition that the prudence and diversification norms of ERISA § 404(a) govern the exercise of the up-to-ten-percent authority in ERISA § 407(a)(2).

The paradox of ERISA is that it contains both the problem and the solution to the Enron mess. ERISA contains a diversification regime that would prevent such cases form ever happening again if extended from DB to all DC plans. (Obviously, were Congress to take that step, it would be important to provide a transition period to assure orderly compliance.)

*9. ESOPs.* I must emphasize that everything I have said about the evils of employer stock in 401(k) plans applies equally to employee stock ownership plans (ESOPs). It has been known from the beginning in the specialist literature that ESOPs represent bad retirement policy.[19] They are tools of corporate finance masquerading as pension plans.

---

[18] ERISA § 407(a)(2), 29 U.S.C. § 1107(a) (2000).

[19] ESOPs have been trenchantly criticized on a variety of policy grounds. *See, e.g.,* Michael W. Melton, *Demythologizing ESOPs,* 45 TAX L. REV. 363 (1990); Richard L. Doernberg & Jonathan R. Macey, *ESOPs & Economic Distortion,* 23 HARV. J. LEGIS. 103 (1986); D. Bret Carlson, *ESOPs & Universal Capitalism,* 31 TAX L. REV. 289 (1976).

*10. Disclosure.* My main recommendation to you is to extend ERISA's diversification regime to all tax-qualified plans. If a plan gets the tax benefits of a pension plan, it should not hold material concentrations of employer stock.

If Congress lacks the political will to take that step, or to take it across the entirety of the DC plan universe, I would offer a weaker alternative: Congress should at least insist upon alerting employees about the risks of holding employer stock. My source of inspiration is the Surgeon General's warnings on cigarette packages. The thinking behind those warnings is that people need to be aware of the risks, so that they can alter their behavior. Transferred to the pension arena, the point is that, if employees were warned about the risks of employer stock, they would be in a better position (1) to avoid electing to buy more of it in plans that offer it as an employee option, and (2) to pressure employers to move away from ESOPs and to discontinue using employer stock in the match feature of 401(k) plans.

ERISA § 102 presently requires employers or other plan sponsors to send to employees annually a summary plan description ("SPD"), describing key features of each plan. I would recommend that Congress require that the SPD for any plan that contains an employer stock option or employer stock match contain a Surgeon General's warning, something like this:

<div align="center">WARNING</div>

> Under commonly accepted principles of good investment practice, a retirement account should be invested in a broadly diversified portfolio of stocks and bonds. It is particularly unwise for employees, who are already subject to the risks incident to employment, to hold significant concentrations of employer stock in an account that is meant for retirement saving.

A disclosure solution of this sort is, I repeat, a second-best solution.

The best solution is for Congress to mandate diversification across the entire universe of pension plans, as a condition of the tax subsidy that Congress grants these plans. By taking that step, Congress could tell the American worker with confidence that Congress has done what is necessary to assure that there will never again be another Enron-type pension calamity.




## COMPLEX LITIGATION GROUP



Keller Rohrback L.L.P.    1201 Third Avenue  Suite 3200    Seattle, WA 98101 | 206.623.1900

Keller Rohrback P.L.C.   3101 North Central Avenue    Suite 1400    Phoenix, AZ 85012 | 602.248.0088

www.SeattleClassAction.com

  **COMPLEX LITIGATION GROUP**

# LEADERS IN CLASS ACTION LITIGATION

The firm's Complex Litigation practice began in 1988 with the Specialty Steel Pipe case. Keller Rohrback represented four large Wisconsin electric utility companies suing on behalf of other owners of industrial plants containing stainless steel and special alloy pipe and fittings. Fabricators and suppliers, including Allied Signal and Johnson Controls, who sold such Specialty Steel Pipe on a cost-plus basis allegedly engaged in a price-fixing conspiracy. This antitrust case was certified as a class action in *Transamerica Refining Corp. v. Dravo Corp.,* 130 F.R.D. 70 (S.D. Tex. 1990). The Class achieved settlements of $49.5 million.

The ability of the firm has received judicial recognition both locally and nationally.

For example, Chief Judge Coughenour of the Western District of Washington found that the adequate representation requirement of Rule 23 had been satisfied appointing Keller Rohrback as class counsel, *Mortimore v. F.D.I.C.,* 197 F.R.D. 432, 438 (W.D. Wash. 2000). Federal courts throughout the country have similarly found Keller Rohrback qualified to serve as class counsel. *In re Potash Antitrust Litigation*, 159 F.R.D. 682, 692 (D. Minn. 1995); *In re Carbon Dioxide Antitrust Litigation*, 149 F.R.D. 229, 223 (M.D. Fla. 1993).

"The Court finds that [Keller Rohrback] is experienced and qualified counsel who is generally able to conduct the litigation as lead counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as co-lead counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of

*Founded in 1919, today Keller Rohrback has 58 attorneys and 90 staff members who provide expert legal services to clients nationwide. We use cutting-edge technology and case management techniques in the preparation and trial of complex cases. Our excellent support staff includes in-house programming personnel and experienced paralegals who contribute significantly to our ability to effectively and efficiently litigate complex class action cases nationwide. The firm's Complex Litigation Group regularly calls on firm attorneys in other practice areas for expertise in bankruptcy, contracts, employment law, executive compensation, corporate transactions, financial institutions, insurance coverage, mergers and acquisitions, professional malpractice, and securities transactions. The firm's in-house access to these resources distinguishes Keller Rohrback from other plaintiffs' class action firms and also contributes to the firm's success.*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infoaz@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com





**KELLER·ROHRBACK**
L A W   O F F I C E S

**COMPLEX LITIGATION GROUP**

law." *In re Williams Cos. ERISA Litigation*, No. 02-153, 2002 U.S. Dist. LEXIS 27691, *8 (N.D. Okla. Oct. 28, 2002) (Holmes, J.).

"Despite substantial obstacles to recovery, Keller Rohrback was willing to undertake the significant risks presented by this case. After a year and a half of intensive litigation, including extensive discovery, motion practice, and mediation, Class Counsel achieved real and substantial benefits for members of the Class. Keller Rohrback's extensive prior experience in complex class action securities litigation and with Ponzi investment schemes enabled the Class to analyze and achieve this excellent result." *Getty v. Harmon* ("SunAmerica Sec. Litig."), No. 98-0178 (W.D. Wash. Sept. 20, 1999) (Dwyer, J.).

"The Keller Rohrback firm is experienced in class action litigation and management." *Hansen v. Ticket Track, Inc.,* 213 F.R.D. 412, 416 (W.D. Wash. 2003) (Pechman, J.).

"[Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity . . . [Keller Rohrback] has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions . . . [Keller Rohrback] should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions. *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 2004 WL 2338151, *10 (S.D.N.Y. Oct. 18, 2004) (Cote, J.).

"The Court has repeatedly stated that the lawyering in the case at every stage was superb, and do again." *In re Linerboard Antitrust Litigation*, MDL 1261, 2004 WL 1221350 *6 (E.D. Pa. June 2, 2004) (DuBois, J.).

"The evidence also demonstrates that Keller Rohrback . . . possess[es] the experience and competence to provide adequate representation to Bjustrom and members of the proposed class and subclass." *Bjustrom v. Trust One Mortgage Corp.*, 199 F.R.D. 346, 349 (W.D. Wash. 2001).

In approving a settlement, Judge Alan McDonald stated, "[T]he Court is impressed by the manner in which the issues have been addressed, the action has been initiated and resolved; and that is, of course, an accolade to the attorneys on both sides of the issue. And, of course, that is the underlying basis for the Court's approval. No one has more respect for the art of settlement than the incumbent of this bench. It is the most difficult of all undertakings by trial lawyers, and a settlement always recognizes their composite judgment, oftentimes of nuances which are impossible to articulate. So given the caliber of the attorneys involved on both sides of this matter, the Court is satisfied that if it is good enough for them, it should be good enough for the Court." *In re Soft Drink Bottling Antitrust Litigation* (E.D. Wash. 1990).

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.SeattleClassAction.com



2

  **COMPLEX LITIGATION GROUP**

An Assistant U.S. Attorney in Seattle has also recognized the firm's ability. "Fortunately, the Receiver persuaded the Seattle law firm Keller Rohrback, to review the merit of several potential cases. Keller Rohrback then immediately set to work and pursued several cases. Thus far, the lawyers have recovered approximately $8.69 Million in damages on behalf of the victims. These recoveries far outstripped anything the United States Attorney has accomplished or could have accomplished in this case, and together they represent the best hope that the victims may recover a significant portion of their losses." *United States v. Philip E. Harmon*, (W.D. Wash. 1999).

## Antitrust

Keller Rohrback's antitrust and trade regulation practice represents individual and class plaintiffs in state and federal litigation. Our clients include consumer and business class members who have been harmed by illegal, anti-competitive conduct. Keller Rohrback has substantial expertise in pursuing claims under the Sherman and Clayton Acts for price fixing, customer allocation, market division, exclusive dealing, price discrimination, the tying or bundling of products, misleading and deceptive marketing practices, monopolization and attempted monopolization of markets, and other related practices. By litigating claims on behalf of businesses and consumers harmed by such practices, Keller Rohrback helps achieve the goal of the nation's antitrust and trade regulation statutes, ensuring that consumers get the benefits of free and fair competition in the marketplace.

Keller Rohrback has played a prominent role in large price-fixing and price discrimination cases litigated across the country. The following are examples of our antitrust experience:

### *Airlines*
Keller Rohrback served on the Steering Committee of this class action antitrust lawsuit brought in Georgia federal court against the seven major United States airlines, which alleged a conspiracy to artificially increase the price of domestic airline tickets. The class achieved settlements totaling $458 million -- $408 million in certificates and $50 million in cash. This is one of the largest class action settlements ever reached in the United States.

### *Architectural Hinge*
This class action lawsuit brought in Missouri federal court involved a nationwide price-fixing conspiracy among manufacturers of architectural hinges during the period 1986 through 1988. Almost $7.4 million in settlements were achieved in this case.

### *Bronze and Copper Flake*
This class action suit was brought in New Jersey federal court and alleged a nationwide price-fixing conspiracy among major producers of bronze and copper flake from 1986 through 1989. The class achieved $2 million in settlements.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com



3

  **COMPLEX LITIGATION GROUP**

### Carbon Dioxide

This class action lawsuit resulted in over $53 million in settlements. Litigated in Florida federal court, this case involved a nationwide price-fixing conspiracy among the major sellers of carbon dioxide, including Archer Daniels Midland, from January 1, 1968 to October 26, 1992.

### Carpet Antitrust

This case was also was filed in the Northern District of Georgia and resulted in a $50 million settlement. United States District Judge Harold L. Murphy stated that the attorneys' "efforts in this case to date have demonstrated their great skill and ability" and that "the Court's own observations of Plaintiffs' counsel support a determination that Plaintiffs' counsel are highly reputable and responsible attorneys."

### Catfish

This nationwide class action lawsuit brought in Mississippi federal court achieved almost $28 million in settlements. The class claimed a price-fixing conspiracy among processors of catfish products, including subsidiaries of Hormel and ConAgra, during the period 1985 through 1988.

### Chain Link Fence

Keller Rohrback served on the Executive Committee in this class action price-fixing lawsuit brought against chain link fence manufacturers in sixteen Midwest and Western states. The class achieved over $1.3 million in settlements.

### Commercial Explosives

This class action lawsuit was brought in Utah federal court alleging a nationwide conspiracy to fix prices and allocate markets among six commercial explosive manufacturers, including DuPont, from 1985 through 1993. Years of litigation yielded settlements totaling slightly more than $77 million.

### Commercial Tissue

This antitrust case filed in the Northern District of Florida involved allegations of a nationwide price-fixing conspiracy among the major manufacturers of facial tissue, toilet paper, paper towels, and related products used in "away from home" settings, such as office buildings, hotels, restaurants, and schools. The parties entered into a settlement agreement valued at $56.2 million in cash and coupons.

### Drill Bits

Purchasers of drill bits (primarily, those used in oil exploration) brought a class action lawsuit in Texas federal court claiming that manufacturers fixed prices during the period 1986 through 1991. The class achieved settlements totaling $52 million.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 4

  **COMPLEX LITIGATION GROUP**

### Infant Formula
This class action lawsuit involved a nationwide price-fixing conspiracy among three manufacturers of infant formula who dominate the market during the period January 1, 1980 to January 13, 1992. The class achieved settlements totaling $125.76 million.

### Linerboard Antitrust Litigation
The class actions in this litigation recently were resolved with the recovery of more than $202 million for the benefit of a class of businesses that purchased corrugated boxes and sheets. The combined settlements are the largest ever obtained in a price-fixing class action in the Eastern District of Pennsylvania and among the largest obtained in such a case nationally.

### Marshfield Clinic
Keller Rohrback served as lead counsel in this consumer class action alleging illegal market divisions between medical clinics, hospitals and Health Maintenance Organizations (HMO's) in North Central Wisconsin. The class recovered $4,650,000 in settlements.

### Microsoft Antitrust Litigation
Keller Rohrback L.L.P. served on the Executive Committee of plaintiffs' counsel in this class action challenging Microsoft's monopolistic practices. A class of direct purchasers of operating system software achieved a settlement of $10.5 million in the United States District Court for the District of Maryland.

### Minnesota Pharmacy
Keller Rohrback was lead counsel in a class action antitrust lawsuit brought in Minnesota state court on behalf of independent pharmacies based on price discrimination in the sale of brand-name prescription drugs. The case resulted in settlements for over $1 million.

### Monosodium Glutamate Antitrust Litigation
Keller Rohrback represents the Plaintiff Class in this case pending in the United States District Court for the District of Minnesota. So far, $124 million has been recovered for the benefit of a class of businesses which purchased food flavor enhancers from suppliers in the U.S., Japan, Korea, and Taiwan. Businesses which participated in the recovery received nearly 200% of the amounts they were overcharged.

### NASCAR
Keller Rohrback was counsel for plaintiff in a lawsuit that charges NASCAR with breach of contract and unlawful monopolization. The suit also claims that NASCAR and another defendant, International Speedway Corporation ("ISC"), have engaged in a conspiracy to restrain trade in violation of the antitrust laws. Keller Rohrback

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 5

  **COMPLEX LITIGATION GROUP**

represented the shareholders of Speedway Motorsports, Inc. ("SMI"), a publicly traded company that owns six motorsports facilities, including Texas Motor Speedway ("TMS"). The plaintiffs allege that NASCAR breached a promise to award a second annual Nextel Cup race date to Texas Motor Speedway. They also allege that NASCAR unlawfully maintains a monopoly and has conspired with ISC in the allocation of new Nextel Cup race dates to motorsports facilities. Specifically, NASCAR has awarded the last three new Nextel Cup dates to speedways in which ISC owns an interest, to the exclusion of superior non-ISC tracks. In May 2004, the parties announced that they had reached a settlement agreement, pursuant to which SMI would purchase North Carolina Speedway, located in Rockingham, North Carolina ("Rockingham"), from ISC for $100.4 million. NASCAR would then sanction the Nextel Cup Series race previously hosted by Rockingham at TMS in the 2005 season. Therefore, TMS would host two Nextel Cup Series races in 2005: on April 17, 2005 and again on November 6, 2005. The settlement was approved by the Texas federal court.

### NASDAQ
This nationwide class action brought in New York federal court alleged a price-fixing conspiracy among market makers that comprise the NASDAQ stock exchange. The class achieved a settlement of over $1 billion, which is the largest antitrust recovery (class action or otherwise) ever achieved.

### Pipe and Tube
Keller Rohrback served as lead counsel in this class action case that was brought in Washington federal court involving a price-fixing conspiracy among pipe and tube distributors in eight Western states during the period 1984 through 1986. *See, Koulouris v. Builders Fence*, 146 F.R.D. 193 (W.D. 1991). Settlements totaling $650,000 were achieved.

### Soft Drink
Keller Rohrback served as lead counsel in this class action lawsuit bought on behalf of purchasers against soft drink bottling companies in Eastern Washington claiming a price-fixing conspiracy during the period 1976 through 1989. Almost $2 million in settlements were achieved in this case.

### Steel Pail
This case involved a price-fixing conspiracy among manufacturers of steel pails throughout the United States during the period 1989 through 1992. Keller Rohrback served on the Executive Committee in this case brought in Ohio federal court. The class achieved settlements totaling $4 million.

### Steel Drum
Keller Rohrback served on the Executive Committee in this class action case brought

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com



   **COMPLEX LITIGATION GROUP**

in Ohio federal court. Purchasers of new steel drums throughout the United States claimed a price-fixing conspiracy among manufacturers during the period 1987 through 1990. The class achieved $7.36 million in settlements.

### Toys "R" Us

This class action was brought in New York federal court where the FTC found that Toys "R" Us had unlawfully used its dominant market power to orchestrate and enforce agreements between itself and toy manufacturers to restrict sales to "wholesale" clubs. The settlement achieved by plaintiff class and 44 state attorney's general provides for injunctive relief and the payment of almost $57 million in toys and cash.

### Wholesale Vitamins Price Fixing

Keller Rohrback played an extensive role in trial preparation in this case, one of the largest and most successful antitrust cases in history. Chief Judge Thomas Hogan of the United States District Court for the District of Columbia certified two classes of businesses who directly purchased bulk vitamins and were overcharged as a result of a ten-year global price-fixing and market allocation conspiracy. Through settlement and verdict, recoveries were achieved, including four major settlements between certain vitamin defendants and Class Plaintiffs, including a landmark partial settlement of $1.1 billion.

### Wisconsin Pharmacy

Keller Rohrback was lead counsel in a class action lawsuit brought in Wisconsin state court on behalf of over 500 independent pharmacies based on price discrimination in the sale of brand-name prescription drugs. The case resulted in settlements of over $5 million.

## ERISA

Our ERISA Litigation Group helped pioneer this field of law in the *IKON*, *Lucent* and *Enron* ERISA cases, the first large-scale ERISA 401(k) breach of fiduciary duty cases of their kind. Since then, Keller Rohrback has played a major role in developing the law and establishing that ERISA's strict fiduciary duties apply to companies' investment of employees' retirement savings in the stock of the employers. Our efforts have resulted in numerous published decisions upholding plaintiffs' ERISA claims, granting class certification, and approving several multi-million dollar settlements. In all, to date, Keller Rohrback has recovered over $426 million for employees on behalf of their retirement savings plans.

Federal courts throughout the country have recognized Keller Rohrback's qualifications to vigorously pursue ERISA class action claims. Thus, Keller Rohrback serves as lead or co-lead counsel in almost every major ERISA breach of fiduciary duty case involving 401(k) and ESOP plans, including the *Enron ERISA Litigation, WorldCom, Inc. ERISA*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 7

 

**COMPLEX LITIGATION GROUP**

*Litigation, Global Crossing, Ltd. ERISA Litigation, Lucent Technologies, Inc. ERISA Litigation, Providian Financial Corp. ERISA Litigation, Dynegy, Inc. ERISA Litigation, Williams Companies ERISA Litigation, CMS Energy Corp. ERISA Litigation, Xerox Corporation ERISA Litigation, Household International, Inc. ERISA Litigation, CIGNA Corp. ERISA Litigation, BellSouth Corporation ERISA Litigation, Syncor ERISA Litigation, HealthSouth ERISA Litigation, In re Polaroid ERISA Litigation, Mirant Corporation ERISA Litigation, Southern Company ERISA Litigation, The Goodyear Tire & Rubber Company ERISA Litigation, Marsh & McClennan ERISA Litigation, Pfizer ERISA Litigation, Krispy Kreme ERISA Litigation,* and *Delphi ERISA Litigation.*

## ERISA 401(k) and ESOP Cases

From the first ever reported 401(k) company stock breach of fiduciary duty case, *Whetman v. IKON Office Solutions, Inc.*, No. MDL 1318 (E.D. Pa.), Keller Rohrback attorneys have successfully guided clients through the exceptionally complex ERISA field. Indeed, since *Whetman v. IKON Office Solutions, Inc.*, Keller Rohrback has continued to act as a trailblazer by serving as lead or co-lead counsel in numerous ERISA breach of fiduciary duty cases – including the landmark cases listed below – in which the claims now routinely alleged in other complaints have been validated include: (1) failure to prudently and loyally manage the plan and plan assets; (2) failure to provide complete and accurate information regarding company stock to Plan participants; and (3) failure to prudently monitor Plan. Courts have again and again praised Keller Rohrback's leadership and successful results in this highly complex and rapidly developing area of law.

### *First Of Its Kind ERISA 401(k) And ESOP Cases:*

### *Whetman v. IKON Office Solutions, Inc.*
(Also cited as "*In re IKON Office Solutions, Inc. Securities Litigation.*") The current wave of 401(k) company stock cases began with *Whetman v. IKON Office Solutions, Inc.* In a first-of-its-kind complaint, we alleged that company stock was an imprudent investment for the plan, that the fiduciaries of the plan failed to provide complete and accurate information concerning company stock to the participants, and that they failed to address their conflicts of interest. This case resulted in ground-breaking opinions in the ERISA 401(k) area of law on motions to dismiss, *Whetman v. IKON Office Solutions, Inc.*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); class certification, *Whetman v. IKON Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000); approval of securities settlements with a carve-out for ERISA claims, *In re IKON Office Solutions Sec. Litigation,* 194 F.R.D. 166 (E.D. Pa. 2000); and approval of ERISA settlements, *Whetman v. IKON Office Solutions, Inc.*, 209 F.R.D. 94 (E.D. Pa. 2002).

### *In re Lucent Technologies, Inc. ERISA Litigation*
Keller Rohrback was appointed co-lead counsel in this class action brought on behalf

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com



  **COMPLEX LITIGATION GROUP**

of participants and beneficiaries of the Lucent defined contribution plans that invested in Lucent stock. The complaint alleged that the defendants withheld and concealed material information from participants, thereby encouraging participants and beneficiaries to continue to make and to maintain substantial investments in company stock and the plans. The settlement provided for, among other relief, the payment of $69 million in cash and stock to the plan. Judge Joel Pisano of the New Jersey federal court approved the settlement on December 12, 2003.

### In re Enron Corp. ERISA Litigation

Keller Rohrback L.L.P. serves as co-lead counsel in this class action filed in the Southern District of Texas. On September 30, 2003, Judge Melinda Harmon denied defendants' numerous motions to dismiss in a landmark decision that addressed in detail defendants' obligations as ERISA fiduciaries, and upheld plaintiffs' core ERISA claims. *See Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex 2003). Plaintiffs have achieved four partial settlements totaling more than $264 million in cash to the Enron Plans against Enron directors, officers and plan fiduciaries.

### In re WorldCom, Inc. ERISA Litigation

Keller Rohrback serves as lead counsel in this class action filed in the Southern District of New York on behalf of participants and beneficiaries of the WorldCom 401(k) Salary Savings Plan. On June 17, 2003, Judge Denise Cote denied in part defendants' motions to dismiss. *See In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), and on October 4, 2004, granted plaintiffs' motion for class certification. *See In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004). Settlements providing for injunctive relief and payments of over $48 million to the plan were approved on October 26, 2004 and November 21, 2005.

### Groundbreaking ERISA 401(k) and ESOP Settlements:

Keller Rohrback's qualifications to lead ERISA 401(k) and ESOP class actions is nowhere more evident than in the highly favorable settlements it has achieved for the benefit of employees in several of its nationally prominent cases. In addition to the Enron, WorldCom, IKON, and Lucent settlements discussed above, these settlements include:

### In re Dynegy, Inc. ERISA Litigation

On March 5, 2004, the court denied, in part, defendants' motions to dismiss. *See In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004). Subsequently, the parties reached a settlement that provided for the payment of $30.75 million in cash to the plan. On December 10, 2004, Judge Sim Lake approved the settlement. *See In re Dynegy, Inc. ERISA Litig.,* No. 02-3076 (S.D. Tex. Dec. 10, 2004).

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 9

  **COMPLEX LITIGATION GROUP**

### *In re Global Crossing, Ltd. ERISA Litigation*

The *Global Crossing ERISA Litigation* settlement provided for, among other relief, the payment of $79 million to the plan. Judge Gerard Lynch approved the settlement on November 10, 2004. *See In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453, 2004 WL 3019763 (S.D.N.Y. Dec. 29, 2004).

### *In re Household International, Inc., ERISA Litigation*

On March 31, 2004, Judge Samuel Der-Yeghiayan denied, in part, defendants' motions to dismiss. *See Cokenour v. Household Int'l Inc.,* No. 02-7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004). The case subsequently settled for $46.5 million in cash to the plan. The court approved the settlement on November 22, 2004. *See Cokenour v. Household Int'l Inc.*, No. 02 C 7921 (N.D. Ill. Nov. 22, 2004).

### *In re Providian Financial Corp. ERISA Litigation*

The *Providian ERISA Litigation* settlement provided for structural changes to the plan, as well as the payment of $8.6 million in cash to the plan. The court approved the settlement on June 30, 2003. *See In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027 2003 WL 22005019 (N.D. Cal. June 30, 2003).

### *In re Sears Retiree Group Life Insurance Litigation*

Keller Rohrback represented retired employees of Sears who were the victims of unlawful life insurance benefit reductions, in violation of ERISA. This nationwide class action suit, in the United States District Court for the Northern District of Illinois, resulted in a settlement valued at more than $232 million.

## Securities Fraud

Keller Rohrback enjoys a national reputation for excellence in prosecuting securities fraud claims on behalf of injured shareholders. These cases typically assert claims against at least one corporate defendant, its officers and directors, its underwriters, and/or its auditors. The firm relies upon the business and financial background of a number of our attorneys, led by managing partner Lynn Sarko (who has an M.B.A. in Accounting and Finance). This expertise, along with the use of knowledgeable experts and state-of-the-art technology, contributes to Keller Rohrback's successful securities fraud litigation practice.

Keller Rohrback has played a prominent role in large securities fraud cases litigated across the country. The following are examples of our securities fraud experience:

### *2TheMart.Com Inc.*

Keller Rohrback served as co-lead counsel in this securities fraud class action filed in the Central District of California, Southern Division. The class achieved settlements totaling $2.7 million.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com



  **COMPLEX LITIGATION GROUP**

### Anicom, Inc.
Keller Rohrback L.L.P. was one of three counsel representing the State of Wisconsin Investment Board in this securities fraud class action. Counsel achieved settlements on behalf of the class and other parties in excess of $39 million, including a payment of $12.4 million directly from one of the named defendants, described as "one of the largest payments obtained in connection with allegations of securities and accounting fraud in recent times." In all, over 80% of the total recovery was obtained from sources other than Anicom's insurance policy.

### Cyber-Care Inc. (NASDAQ:CYBR)
This shareholder class action was brought in the Southern District of Florida on behalf of shareholders who purchased Cyber-Care Inc. common stock between November 4, 1999 and May 12, 2000, inclusive. The parties reached a settlement consisting of $3.1 million in cash, plus interest, and 4 million shares of Cyber-Care Inc. common stock.

### Foundry Networks, Inc. Shareholder Derivative Litigation
Keller Rohrback L.L.P. has been appointed Co-Lead Counsel in the federal derivative shareholder action against nominal defendant Foundry Networks, Inc., and current and former officers and members of Foundry's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 2000 and 2003, which practice has diverted millions of dollars of corporate assets to Foundry executives.

### Herrington v. Hawthorne
This class action was successfully prosecuted in King County Superior Court against Phillip Harmon's accountant and against his partner in various business ventures alleging violations of the Washington State Securities Act and civil conspiracy. An opinion by the State Court of Appeals concerning some of these claims is found at 111 Wn.App. 824 (2002). Over $2.4 million in settlements were achieved from this litigation.

### IKON
Keller Rohrback L.L.P. served as co-lead counsel representing the City of Philadelphia and eight other lead plaintiffs in this certified class action alleging securities fraud. Class Counsel achieved the highest securities fraud settlement in the history of the Court by settling with defendant IKON Office Solutions, Inc. for $111 million. This settlement was listed as one of the "largest settlements in class-action securities-fraud lawsuits since Congress reformed securities litigation in 1995" in the February 12, 2002 issue of *USA Today*.

### Immunex
Keller Rohrback served as liaison counsel in this class action securities fraud lawsuit filed in Western Washington federal court. The class recovered $14 million in settlements.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 11

  **COMPLEX LITIGATION GROUP**

### McGrew, et al. v. Harris Bank
Keller Rohrback L.L.P. filed a class action complaint against Defendants Harris Bank, N.A.; U.S. Bank, N.A.; Craig and Associates, Inc.; and Gary L. Craig. The litigation concerned alleged violations of the Washington State Securities Act, breach of contract, breach of fiduciary duty, and civil conspiracy. Over $23 million in settlements were achieved in this case.

### Phillip Morris
This shareholder class action was brought in New York federal court alleging misrepresentations regarding various inventory and trade loading practices used to distort the timing of sales. This case was settled as part of a $115 million settlement.

### Scientific-Atlanta, Inc. Securities Litigation
Keller Rohrback L.L.P. serves as co-lead counsel in this case, in which plaintiffs allege that defendants engaged in a course of fraudulent conduct by misrepresenting and omitting material information pertaining to Scientific-Atlanta's financial results and by engaging in extensive channel stuffing in order to enable the company to meet its stated earnings expectations.

### Sons of Norway
Keller Rohrback was appointed lead counsel in this class action securities fraud case brought in Western Washington federal court. Defrauded investors obtained settlements totaling $4,320,000. Keller Rohrback also obtained a $225,000 settlement in a related case.

### Starnet Communications International, Inc. (OTC Bulletin Board: SNMM)
Keller Rohrback represented individual shareholders who purchased or otherwise acquired Starnet securities between March 11, 1999, and August 20, 1999 in a securities fraud class action, filed in the District of Delaware. The obtained settlement provided for the distribution of one million fifty thousand (1,050,000) American Depository Receipts of World Gaming PLC, the publicly traded parent of Starnet, for the benefit of the Class.

### SunAmerica
Keller Rohrback served as lead counsel in this securities fraud action filed in Western Washington federal court involving a "Ponzi" scheme. Plaintiffs allege that at least one key person responsible for this scheme was affiliated with SunAmerica Securities, which knew or should have known that securities laws were being violated. The Class achieved settlements totaling $7 million.

### United Companies Financial (OTC: UCFNQ, UCFPQ; Former NYSE: UC, UCPRI)
Keller Rohrback served as co-lead counsel in this class action lawsuit filed in the Middle District of Louisiana, on behalf of individual shareholders who purchased or

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 12

  **COMPLEX LITIGATION GROUP**

otherwise acquired equity securities in United Companies Financial Corporation between April 30, 1998 and February 2, 1999, inclusive. The Class recovered $20.5 million in settlements.

### West Point-Pepperell
Shareholders of West Point-Pepperell common stock filed a class action lawsuit in the Northern District of Illinois after a successful hostile take-over of that company by Farley, Inc. The case included claims of securities fraud and other securities law violations. Investors achieved over $8 million in settlements.

### Westell Technologies, Inc. (NASDAQ:WSTL)
This shareholder class action was brought in the Northern District of Illinois on behalf of shareholders who purchased Westell Technologies, Inc. common stock between June 27, 2000 and October 18, 2000, inclusive. In the spring of 2003, the parties reached a settlement of $3.35 million.

### Worldport Communications, Inc.
This shareholder class action was brought in Georgia federal court alleging securities fraud. Parties in this case reached a $5.1 million settlement.

## Consumer Protection

### Centex Real Estate
Keller Rohrback represented families who purchased homes from builder-vendor Centex Real Estate in King County Superior Court. Centex improperly finished the exterior of the homes, causing the paint to fail prematurely. The original suit was dismissed on summary judgment, but the Washington State Court of Appeals reversed and remanded. *Griffith v. Centex Real Estate*, 93 Wn. App. 202 (1998). The Class achieved a settlement of $395,000.

### First USA Bank
This class action was filed on behalf of owners of credit cards issued by First USA Bank who signed up for "introductory rate" credit cards that were subject to false and deceptive "repricing." A settlement in this class action resulted in an automatic depricing benefit of over $50 million plus over $36 million in benefits from other settlement-related offers.

### Kislak Mortgage
Keller Rohrback represented a class of borrowers who were charged unsecured fees as part of the payoff of their real estate loans. The original suit was dismissed on summary judgment, but the Washington State Court of Appeals reversed and remanded. *Dwyer v. Kislak*, 103 Wn.App. 542 (2000). A settlement was achieved and approved by the King County Superior Court.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com



13

www.SeattleClassAction.com

  **COMPLEX LITIGATION GROUP**

### Ticket Track

Plaintiffs alleged that Spokane-based Ticket Track, Inc. violated the Washington State Consumer Protection Act and other laws by collecting and attempting to collect violation fees in addition to parking lot fees owed. The Court granted class certification. *Hansen v. Ticket Track, Inc.,* 213 F.R.D. 412 (W.D. Wash. 2003). The Court also granted partial summary judgment in favor of the class. *Hansen v. Ticket Track, Inc.*, 280 F.Supp.2d 1196 (W.D. Wash. 2003). Ticket Track was permanently enjoined from engaging in this illegal activity, and the Legal Aid for Washington Fund (LAW Fund) received almost $228,000 under the *cy pres* doctrine, the largest donation in the organization's history.

# Product Liability

### Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)

These cases involve numerous plaintiffs in Washington and other states who seek medical monitoring and/or personal injury compensation in relation to their ingestion of the prescription diet drugs Pondimin and Phentermine (i.e. Fen-Phen) or Redux. Keller Rohrback serves as Class Counsel for a certified medical monitoring class of Washington patients who ingested these diet drugs. In addition, the federal court Judge in Philadelphia who supervised the national settlement and litigation appointed Lynn Lincoln Sarko, Keller Rohrback's managing partner, to serve as a member of the MDL 1203 Plaintiffs' State Liaison Counsel Committee. Keller Rohrback has represented, and continues to represent numerous plaintiffs in pursuing individual personal injury claims through the American Home Products' Nationwide Class Action Diet Drug Settlement or through individual lawsuits brought in state or federal courts.

### Jack-in-the-Box

Keller Rohrback served as Co-Lead Counsel in the class action litigation brought in Washington Superior Court. Both class action and direct action cases were filed on behalf of persons claiming injury as a result of the consumption of food products sold by Jack-In-The-Box Restaurants which contained the E coli 0157:H7 bacteria in five western states. Damage claims included individuals with hemolytic uremic syndrome. The Class successfully negotiated a Medical Monitoring and Treatment Trust for the benefit of the class. In addition to the benefits of this Trust, total settlements achieved through this litigation amounted to over $13 million.

### Louisiana Pacific

This case involved a series of direct action suits brought in Washington federal court and in Oregon State court by the owners of large commercial buildings against Louisiana Pacific Corporation, alleging that LP exterior siding was defective and breached applicable warranties. Keller Rohrback obtained settlements for our clients totaling more than $25 million.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

 14

 

**COMPLEX LITIGATION GROUP**

### *Malt-O-Meal*

This nationwide product liability class action arose out of a salmonella outbreak in the Malt-O-Meal plant in Northfield, Minnesota. It was brought on behalf of all people who became ill after eating cereal manufactured by Malt-O-Meal (under names such as "Toasty-Os"). A class settlement was granted final approval in this case filed in Hennepin County Court of Minnesota.

### *Odwalla*

Based in large part on the firm's experience with the Jack-in-the-Box E.coli outbreak, Keller Rohrback was retained by several victims of the Odwalla E. coli outbreak in the fall of 1996. Settlement for our clients totaled $390,000.

## Other Cases

### *Bartell Drug*

Keller Rohrback was proud to represent the Plaintiff class in the landmark opinion issued in *Erickson v. Bartell Drug Co.*,141 F.Supp.2d 1266 (W.D. Wash. 2001). Judge Robert Lasnik held that when an otherwise extensive health plan covers almost all drugs and devices used by men, the exclusion of prescription contraceptives creates a "gaping hole in the coverage offered to female employees, leaving a fundamental and immediate healthcare need uncovered. . . . Title VII requires employers to recognize the differences between the sexes and provide equally comprehensive coverage, even if that means providing additional benefits to cover women-only expenses." Id. at 1277. This monumental decision has paved the way for implementation of non-discriminatory prescription coverage in employee benefit plans nationwide.

### *Exxon Valdez*

Keller Rohrback L.L.P. represents fishermen, Alaska natives, municipalities, and other injured plaintiffs in this mass tort lawsuit arising out of the March 24, 1989, oil spill in Prince William Sound, Alaska. After a three-month jury trial, plaintiffs obtained $5 billion in punitive damages – the largest punitive damages verdict in U.S. history. Keller Rohrback L.L.P. played a leadership role during discovery and at trial, and was chosen to serve as Administrator of both the Alyeska and Exxon Qualified Settlement Funds. Litigation, including an appeal, continues. Mr. Sarko, Mr. Woerner and Mr. Copley were members of the trial team who were awarded 1995 Trial Lawyer of the Year for their successful work in the *Exxon Valdez Oil Spill Litigation*.

### *Skagit County*

In an unanimous ruling, the Washington State Supreme Court held that over 100 residents of the Nookachamps area of Skagit County failed to plead a viable theory for imposing liability on the County for levee-induced flooding because the County did not

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.SeattleClassAction.com

KR    15



# COMPLEX LITIGATION GROUP

own the levees or property on which they were built. Skagit County was represented by Keller Rohrback in this appeal. See the Court's opinion at *Halverson v. Skagit County*, 139 Wn.2d 1 (1999).

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.SeattleClassAction.com

KR    16

 **KELLER·ROHRBACK**
L A W   O F F I C E S



# BIOGRAPHIES

## *Lynn Lincoln Sarko*



Lynn Lincoln Sarko, the managing partner of Keller Rohrback L.L.P. since 1991, leads the firm's nationally recognized Complex Litigation Group. An accomplished trial lawyer, he regularly serves as lead counsel in multi-party and class actions involving ERISA, antitrust, securities, and environmental issues, and professional organizations have honored him for his work in high profile public cases. Mr. Sarko first came to Seattle for a federal clerkship. He returned after serving as an Assistant U.S. Attorney in Washington D.C. Courts. After serving as trial counsel in the Exxon Valdez Oil Spill case, which resulted in a $5 billion punitive damages verdict, he was appointed by the court as Administrator for all funds recovered. Currently, Mr. Sarko serves as lead or co-lead counsel in several leading breach of fiduciary duty plan cases, including the largest and most complex – the *Enron*, *WorldCom*, and *Global Crossing* cases, and numerous other 401(k) and ESOP cases including: *In re Lucent Technologies, Inc. Litigation*; *In re Xerox Litigation*; *In re Dynegy, Inc. Litigation*; *In re Williams Cos. Litigation*; *In re BellSouth Corp. Litigation*; *In re Household International, Inc. Litigation*; and *In re Polaroid Litigation*.

In addition to his work as lead or co-lead counsel in leading breach of fiduciary duty and fraud cases, Mr. Sarko has previously prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, Vitamins price-fixing cases, the MDL *Fen/Phen Diet Drug Litigation*, as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.*, establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

**Education and Admissions**
Mr. Sarko received his undergraduate, M.B.A. and law degrees at the University of Wisconsin, where he served as the editor-in-chief of the law review and was selected by the faculty as the outstanding graduate of his class. He is admitted to practice in Washington State; Wisconsin; the District of Columbia; United States District Courts in Arizona, Colorado, D.C., Washington and Wisconsin; United States Courts of Appeal for the Fourth, Seventh, Ninth, and Tenth Circuits, and for the District of Columbia; as well as the United States Supreme Court.

*Continued on next page*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com



 

## BIOGRAPHIES

## *Lynn Lincoln Sarko (continued)*

Mr. Sarko is also a featured speaker at many continuing education seminars and conferences around the nation.

**Memberships**
He is a member of the King County Bar Association, the Washington State Bar Association, and the American Bar Association.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                                                www.SeattleClassAction.com

2

   **BIOGRAPHIES**

## *Laurie Ashton*



Laurie Ashton is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. She currently serves in a leadership position in the *Xerox Corporation ERISA Litigation*, *Household International, Inc. ERISA Litigation*, and the *Williams Companies ERISA Litigation*. Her practice emphasizes bankruptcy, commercial, ERISA, and environmental litigation. Ms. Ashton has been very active in the Arizona State Bar, having served on the Ethics Committee for six years, and frequently lectures on bankruptcy issues and other matters. Additionally, Ms. Ashton has taught semester courses in Advanced Chapter 11 Bankruptcy and Lawyering Theory and Practice at the ASU College of Law, and for several years running, has been a guest lecturer on Chapter 11 at Harvard Law School. She is the co-author of *Arizona Legal Forms: Limited Liability Companies and Partnerships*, 1996-2002. Following law school Ms. Ashton served as law clerk for the Honorable Charles G. Case, U.S. Bankruptcy Court, for the District of Arizona for two years. Ms. Ashton graduated from Arizona State University College of Law where she has twice returned as an Adjunct Professor to teach semester courses in Lawyering Theory and Practice and Advanced Chapter 11. Ms. Ashton is admitted to practice in Arizona and Colorado.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                    www.SeattleClassAction.com

KR  3

  **BIOGRAPHIES**

## *John H. Bright*



John Bright, a senior member of Keller Rohrback L.L.P.'s Complex Litigation Group, joined the firm in 1977. Prior to that, he served as Counsel to the Governor of Washington State, the Honorable Daniel J. Evans, from 1972-1973, and was Chief of the Consumer Protection and Antitrust Division of the Washington State Attorney General's Office from 1973-1977. At the Antitrust Division, he participated in many significant consumer and business cases. At Keller Rohrback L.L.P., he regularly represents governmental and private entities in complex civil actions. John earned his B.A. and his LL.B. degrees at the University of Washington, where he was a member of the *Washington Law Review*. He is a member of the Washington State Bar Association.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                    www.SeattleClassAction.com

 4

 

# BIOGRAPHIES

## *Gretchen Freeman Cappio*



Gretchen Freeman Cappio is a member of Keller Rohrback's Complex Litigation Group practicing in the areas of class action & complex litigation, consumer protection, and employment litigation. She and her co-counsel have represented the plaintiff class in several cutting-edge complex cases, including *Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001), in which the Honorable Robert S. Lasnik ruled that an employer violated Title VII of the Civil Rights Act when its coverage failed to cover prescription contraceptives on an equal basis as other prescription drugs. Ms. Cappio graduated from the University of Washington School of Law where she served as the Executive Comments Editor of *The Pacific Rim Law & Policy Journal*. She earned her B.A. degree *magna cum laude* from Dartmouth College, where she graduated Phi Beta Kappa and with honors in Religion. Ms. Cappio is an active member of the Washington State Bar Association.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com

KR  5

  **BIOGRAPHIES**

## *David Y. Chen*



David Chen was most recently founding COO of Biotrue, a bioinformatics startup, where he managed overall operations including legal affairs. He was previously an attorney in private practice and assistant general counsel at Epoch Partners, an investment bank sponsored by Charles Schwab and acquired by Goldman, Sachs. Mr. Chen also practiced M&A, securities and general corporate law at Skadden, Arps, Slate, Meagher & Flom. He began his legal career as an Honors Program attorney with the Civil Rights Division of the U.S. Department of Justice, where he developed, investigated and prosecuted individual cases and patterns or practices of employment discrimination and represented the U.S. Department of Labor in defensive matters. Mr. Chen received his A.B. in Public Policy from Duke University and his J.D. from Stanford University Law School where he was Associate Editor of the *Stanford Law Review*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com          www.SeattleClassAction.com          6

  **BIOGRAPHIES**

## *T. David Copley*

T. David Copley's practice is focused on class action and other complex litigation, including mass tort, antitrust, breach of fiduciary duty, securities, employment and consumer protection cases. Mr. Copley was one of those named 1995 Trial Lawyer of the Year for his successful work in the Exxon Valdez Oil Spill Litigation. He graduated from Northwestern University School of Law where he served as an editor of the *Northwestern University Law Review*. He earned his B.A. at the University of Iowa, taking his degree with Distinction and Honors in Political Science and English and as a member of Phi Beta Kappa. Mr. Copley is admitted to practice in the states of Washington and Arizona, in the United States District Courts of Western Washington, Eastern Washington, Arizona, the Northern District of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                                    www.SeattleClassAction.com

KR  7

 

# BIOGRAPHIES

## *Shane P. Cramer*

Shane Cramer's practice focuses primarily on ERISA, securities fraud, and shareholder derivative litigation. Shane graduated from the University of Washington School of Law in 2003. He received his B.A. in Society & Justice and Sociology from the University of Washington in 2001, and is a member of Phi Beta Kappa. While at the University of Washington, Shane served as an extern at the United States Attorney's Office for the Western District of Washington and at the Environmental Protection Agency. He is admitted to practice in Washington and Arizona, and earned the second highest score out of 743 applicants on the July 2004 Arizona bar examination.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                      www.SeattleClassAction.com

KR    8

 

**BIOGRAPHIES**

## *Tyler L. Farmer*



Prior to joining Keller Rohrback, Tyler Farmer was a member of the Trial Practice Group in the Silicon Valley and Washington, D.C. offices of Jones Day. Over his career, he has represented a broad range of clients in state and federal courts across the country. At the trial level, his practice has encompassed such diverse matters as shareholder derivative suits, securities class actions, corporate takeover disputes, complex product liability actions, and pro bono representation of an individual seeking compensation for undisclosed termite infestation of a newly purchased property. Mr. Farmer has briefed a wide array of pre-trial and trial motions in state and federal courts and has a track record of successfully briefing and arguing discovery motions under California law.

In addition, Mr. Farmer brings particular experience to matters involving corporate internal investigations. He has been part of teams that conducted corporate internal investigations and responses to government investigations on behalf of both Audit Committees and compliance departments. In connection with these efforts, Tyler has presented investigation results to Boards of Directors, outside auditors, and governmental agencies. Mr. Farmer has also advised clients on the creation and implementation of document retention policies, data acquisition and transfer compliance, and strategies relating to the preservation and production of electronically stored information.

Mr. Farmer worked for the U.S. Department of Justice in the American Embassy during his second year of law school, which he spent in Notre Dame's Concannon Programme of International Law in London, England. Prior to attending law school, Tyler spent two years as an Americorps volunteer, teaching middle school in Pensacola, FL and working as a full-time residential staff member at a homeless shelter in Phoenix, AZ. He received both his B.A. and J.D. from Notre Dame University.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com
 9

 

**BIOGRAPHIES**

## Juli E. Farris

Juli Farris is a member of Keller Rohrback L.L.P.'s Complex Litigation Group. Her practice focuses on securities fraud, breach of fiduciary duty, and antitrust litigation in state and federal courts. She has made significant contributions in cases such as *In Re Catfish Antitrust Litigation*, *IKON Securities Litigation*, *Anicom Securities Litigation*, *United Companies Securities Litigation* and *In re Worldcom ERISA Litigation*. Prior to joining Keller Rohrback in 1991, Ms. Farris clerked for Judge E. Grady Jolly of the Fifth Circuit of the United States Court of Appeals and practiced law at the Washington, D.C. office of Sidley & Austin (now Sidley, Austin, Brown & Wood). She earned her B.A. in English and J.D. from Stanford University, where she was a Note Editor of the *Stanford Law Review*. Ms. Farris is admitted to practice in the states of Washington and California and the District of Columbia.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com

KR  10

  **BIOGRAPHIES**

## Raymond J. Farrow

Ray Farrow's practice focuses on complex litigation with an emphasis on antitrust, securities law, and ERISA litigation. Mr. Farrow graduated with high honors from the University of Washington School of Law where he was Articles Editor of the *Washington Law Review*. Prior to law school, Mr. Farrow was a member of the Economics faculty at Seattle University, the University of Washington, and Queen's University in Canada. He earned his B.A. in Economics from the University of Manchester in the U.K. and M.A. degrees in Economics from the University of Essex (U.K.) and Princeton University. Mr. Farrow is licensed to practice in Washington State.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR  11

 

# BIOGRAPHIES

## *Laura R. Gerber*

Laura R. Gerber's practice focuses on complex litigation with an emphasis on ERISA litigation. Prior to joining the firm, she was a consulting attorney on land reform projects in foreign countries.   Ms. Gerber graduated from the University of Washington School of Law. While in law school, she concurrently received an M.P.A. degree from the Daniel J. Evans School of Public Affairs at the University of Washington and was a member of the Moot Court Honor Board. She received her B.A. in History and Economics from Goshen College. Ms. Gerber is licensed to practice in Washington.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

KR  12

 

# BIOGRAPHIES

## Gary Gotto



Gary Gotto is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Mr. Gotto currently serves in leadership positions in the *Enron ERISA Litigation*, *CMS Energy Corp. ERISA Litigation*, *Dynegy ERISA Litigation*, *Global Crossing ERISA Litigation*, and the *WorldCom ERISA Litigation* and has held leadership and management positions in both *Whetman v. IKON Office Solutions, Inc. Securities and ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Gotto has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in cases in which defendants in ERISA 401(k) litigation are also debtors in bankruptcy, including the *Enron ERISA Litigation*, *WorldCom ERISA Litigation*, and *Global Crossing, Ltd. ERISA Litigation*. He chaired the Arizona State Bar Subcommittee on Revising the Limited Partnership Act and co-authored *Arizona Legal Forms: Limited Liability Companies and Partnerships*. Mr. Gotto speaks and teaches regularly on a number of topics, including an annual real estate bankruptcy case study presented at Harvard Law School. He earned his J.D. from Arizona State University *summa cum laude*, where he was a member of the Order of the Coif. and the Special Projects Editor of the *Arizona State Law Journal*. Mr. Gotto received his B.A. from the University of Pennsylvania *cum laude*. He is admitted to practice in the state of Arizona.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                        www.SeattleClassAction.com

KR  13

 

## BIOGRAPHIES

### *Gary D. Greenwald*



Gary Greenwald practiced in Columbus, Ohio from 1975 through 2006 where he was the senior litigation partner for the firms of Schottenstein, Zox, & Dunn and Shayne & Greenwald. He has a broad range of experience as a commercial litigator, having tried more than 200 cases in the federal and state courts across the United States. His trial experience includes securities litigation, ERISA breach of fiduciary duty claims, trademark litigation, trade secrecy claims, professional malpractice, and a wide range of contract and real estate disputes. He spent five years as an Adjunct Professor of Trial Practice at the Ohio State University College of Law and has been a frequent speaker on the subject of Employee Stock Ownership Plans ("ESOPs"). He received his B.A. from Miami University and his J.D. from Ohio State University College of Law.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                    www.SeattleClassAction.com

KR    14

 

# BIOGRAPHIES

## Mark A. Griffin



Keller Rohrback's Complex Litigation antitrust team is led by Mark Griffin. Mr. Griffin earned his Bachelor of Science degree in Business Economics (magna cum laude) from Marquette University where he received the Economics Faculty Award. He attended Gonzaga University School of Law on a Thomas More Scholarship where he earned his law degree (magna cum laude). He served as a judicial law clerk in the U.S. District Court for the Western District of Washington (Magistrate Judge Philip K. Sweigert). He joined Keller Rohrback in 1988 and has served on its Executive Committee since 2000. He also served as chair of the Consumer Protection, Antitrust & Unfair Business Practices Section of Washington State Bar Association and is Executive Editor of the Third and Fourth Editions of the <u>Washington Antitrust and Consumer Protection Handbook</u>.

Mr. Griffin has actively engaged in the prosecution of complex litigation for almost two decades. He serves as lead counsel in several antitrust and other class action cases. He has successfully litigated class action cases in the following areas: Antitrust (*Microsoft, Vitamin, Linerboard, NASCAR, Specialty Steel Pipe, Soft Drink Bottling, Catfish, Drill Bits, Commercial Tissue, Steel Drum, Steel Pail, Potash, Infant Formula, Domestic Air Transportation, Commercial Explosives, Chain Link Fence*); Securities (*Herrington v. Hawthorne,* 111 Wn.App. 824 (2002), *Getty v. Harmon,* 53 F.Supp.2d (1999), *Sons of Norway*); Consumer Protection (*Gerber v. First Horizon*, 2006 WL 581082 (2006), *Orser v. Select Portfolio*, 2005 WL 3478126 (2005), *Hansen v. Ticket Track,* 213 F.R.D. 412 (2003), *Dwyer v. J.I. Kislak Mortgage*, 103 Wn.App. 542, 13 P.3d 240 (2000), *Mortimore v. F.D.I.C.*, 197 F.R.D. 432 (2000), *Griffith v. Centex Real Estate*, 93 Wn.App. 202 (1998)); and Mass Tort (*Jack-in-the-Box Class Action*). He also helped successfully defend Skagit County in class actions in federal and state court. *Halverson v. Skagit County*, 42 F.3d 1257 (9th Cir. 1994), 139 Wn.2d 1 (1997).

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                          www.SeattleClassAction.com

KR    15

  **BIOGRAPHIES**

## Amy N. L. Hanson

Amy N. L. Hanson's practice is focused on class action and other complex litigation, including products liability, breach of fiduciary duty, consumer protection, antitrust, and employment protection cases. Ms. Hanson has successfully represented plaintiff classes and individuals on a variety of issues in both state and federal courts, including *Rozema v. Marshfield Clinic,* 977 F. Supp. 1362 (W.D. Wis. 1997) (class action antitrust)*; Wright v. Jeckle,* 104 Wn. App. 478, 16 P.3d 1268 (2001)(class action consumer protection and breach of fiduciary duty), *rev. denied* 144 Wn.2d 1011, 31 P.3d 1185 (2001), *subsequent appeal,* 121 Wn. App. 624, 90 P.3d (2004); *In re CMS Energy ERISA Litig.,* 225 F.R.D. 539 (E.D. Mich. 2004) (class action breach of fiduciary duty)*; and Shaffer v. McFadden,* 155 Wn.2d 1010, 122 P.3d 912, *rev. denied* 155 Wn.2d 1010; 122 P.3d 912 (2005) (jurisdictional and forum selection clause issues).



Ms. Hanson earned her J.D. from the University of Wisconsin, where she began litigating her first class action antitrust case as a 2L with Keller Rohrback L.L.P. through the law school's Consumer Litigation Clinic. She earned her B.A. degree *summa cum laude* in Economics and Political Science from the University of Minnesota. She is licensed to practice in Washington and Wisconsin and in the United States District Court of Western Washington, Eastern Washington, Eastern Michigan, and the Court of Appeals for the Ninth Circuit.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                www.SeattleClassAction.com

KR    16

 

# BIOGRAPHIES

## Ron Kilgard

Ron Kilgard is of member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Most notable among the many cases he has litigated is the *Whetman v. IKON Office Solutions, Inc. ERISA Litigation*, MDL No. 1318 (E.D. Pa.), in which Mr. Kilgard served as one of the lead attorneys. The *IKON ERISA Litigation* was one of the leading ERISA 401(k) breach of fiduciary duty class actions in the country, providing landmark published decisions on class certification and other central issues pertaining to ERISA 401(k) breach of fiduciary duty class action litigation. The ERISA issues in the *IKON Securities Litigation*, which were actively litigated for more than three years in the United States District Court for the Eastern District of Pennsylvania, were fundamentally the same as those presented in subsequent ERISA 401(k)  litigation against IKON, involving the alleged imprudence of investments in employer securities in the same company's 401(k) plan and materially misleading communications with plan participants related thereto. Mr. Kilgard currently serves in leadership positions in the *Enron ERISA Litigation* and *BellSouth ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Kilgard has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in ERISA cases in which defendants also are debtors in bankruptcy.

Mr. Kilgard is a Phoenix native. He received an undergraduate degree from Harvard College and a Master's degree from Harvard Divinity School, concentrating in Hebrew Bible and other ancient Near Eastern languages and literatures (Babylonian-Assyrian, Egyptian, etc.), before returning home to Arizona for law school. Mr. Kilgard graduated from Arizona State as the Editor-In-Chief of the law review and was selected by faculty as the outstanding graduate of his class. Upon earning his law degree, Mr. Kilgard clerked for the Hon. Mary Schroeder on the Ninth Circuit Court of Appeals before entering private practice. In over twenty years of practice, Mr. Kilgard has litigated a broad array of commercial and personal injury/wrongful death cases for both plaintiffs and defendants, including construction cases for Bechtel Corporation, personal injury/ wrongful death cases involving AIDS-tainted blood, insurance bad faith cases, and insurance receivership cases. Mr. Kilgard is asked by courts to serve as a special master in complex or contentious cases requiring individualized management. In recent years he has been extensively involved in litigating ERISA breach of fiduciary duty class action cases, especially those involving issues of company stock. Mr. Kilgard is a frequent speaker at seminars, both for lawyers and judges.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infoaz@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

KR    17

 

**BIOGRAPHIES**

## *Cari Campen Laufenberg*



Cari Campen Laufenberg's practice focuses on ERISA, breach of fiduciary duty litigation, and consumer fraud litigation. She graduated from the University of Washington School of Law. Prior to law school, Ms. Laufenberg earned a Masters of Public Administration from the University of Washington. She received her B.A. from the University of California, San Diego. Ms. Laufenberg is a member of the King County Bar Association, the American Bar Association, Washington Women Lawyers, and is a member of the Board of Directors of King County Washington Women Lawyers. She is licensed to practice in Washington State.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                                    www.SeattleClassAction.com

KR  18

 

# BIOGRAPHIES

## *Elizabeth A. Leland*



Beth Leland's practice focuses on ERISA and securities fraud litigation. She is actively involved in, among other cases, the *BellSouth ERISA Litigation*, *Visteon ERISA Litigation* and *Xerox ERISA Litigation*. Ms. Leland has made significant contributions in ERISA and securities cases such as the *Dynegy ERISA Litigation*, *IKON Securities Litigation*, *Anicom Securities Litigation* and the *United Companies Securities Litigation*. She is an active member of the King County, Washington State, and American Bar Associations, including the American Bar Association's Section of Labor & Employment Law. She earned her B.A. in Business Administration with concentrations in Finance and Business Economics from the University of Washington and graduated *cum laude* from the University of Puget Sound School of Law. Ms. Leland is admitted to practice in Washington State and Federal Courts, as well as the Ninth and other Circuits across the country.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                                        www.SeattleClassAction.com

KR  19

 

**BIOGRAPHIES**

## *Lorraine Lewis Phillips*

Lorraine Lewis Phillips is an attorney whose practice focuses on Complex Litigation with an emphasis in Antitrust and Consumer Protection cases. Lorraine earned her J.D. from the University of Washington School of Law. While in law school, Lorraine served as Treasurer of the Student Bar Association and as a member of the Moot Court Honor Board. She also interned with the Department of Justice, Environmental Enforcement Section in Washington, D.C., working on the "Power Plant Initiative." Prior to law school, Lorraine worked for the Washington State, Office of the Attorney General for 12 years. She was the Administrator of the statewide Stop Fraud Network and an Investigator with the Consumer Protection and Antitrust Divisions for eight years. She is admitted to practice in Washington State and in the U.S. District Courts for the Western and Eastern Districts of Washington.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                        www.SeattleClassAction.com

20

 

**BIOGRAPHIES**

## *Tana Lin*



Tana Lin's practice focuses on employment and ERISA litigation. Prior to joining Keller Rohrback's Complex Litigation Group, Ms. Lin practiced as a civil rights attorney and criminal defense lawyer. She began her legal career as a trial attorney with the Public Defender Service for the District of Columbia. She later became a senior trial attorney with the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice and, subsequently, the Chicago District Office of the United States Equal Employment Opportunity Commission. Ms. Lin has prosecuted employment discrimination cases against governmental entities such as the Louisiana State Police and private corporations such as Wal-Mart. Ms. Lin was also the litigation coordinator for the Michigan Poverty Law Program where she developed and implemented impact projects to address systemic problems affecting the poor on issues such as access to public benefits and appropriate educational services. She also served as a co-mediator for federal agency employee disputes through the Interagency Project on Sharing Neutrals. Ms. Lin received her A.B. with Distinction in Government from Cornell University; she earned her J.D. from New York University School of Law where she was a Root-Tilden-Snow Scholar. She is admitted to practice in the District of Columbia, Illinois, Michigan, and Washington.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                        www.SeattleClassAction.com

21

  **BIOGRAPHIES**

## Derek W. Loeser



Derek Loeser practices in the firm's Complex Litigation Group with an emphasis on ERISA and breach of fiduciary duty litigation. He is actively involved in, among other cases, the *Enron ERISA Litigation*, *WorldCom ERISA Litigation*, *Global Crossing ERISA Litigation*, and *CIGNA ERISA Litigation*, and has a leadership role in the *CMS Energy ERISA Litigation*, the *HealthSouth Corp. ERISA Litigation*, the *Polaroid ERISA Litigation*, and the *Mirant Corp. ERISA Litigation.* Following law school, Mr. Loeser was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. He also clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon. Mr. Loeser received his B.A. in American Literature from Middlebury College in 1989, graduating *summa cum laude*, with highest departmental honors, and as a member of Phi Beta Kappa. He earned his J.D. with honors from the University of Washington School of Law. Mr. Loeser is admitted to practice in Washington, the United States District Courts for the Western and Eastern Districts of Washington, the Ninth Circuit Court of Appeals, and is a member of American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff Attorney.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                                www.SeattleClassAction.com

KR  22

 

**BIOGRAPHIES**

## *Gretchen S. Obrist*



Prior to joining Keller Rohrback, Gretchen Obrist worked for two years as a law clerk to the Hon. John C. Coughenour, United States District Judge for the Western District of Washington in Seattle, where she worked on civil and criminal matters ranging from commercial litigation to employment, civil rights, and constitutional cases to antitrust and securities fraud actions. Ms. Obrist received both her B.S. and her J.D. from the University of Nebraska—Lincoln. She graduated from law school Order of the Coif and was the Editor-in-Chief of the *Nebraska Law Review*. During law school, Ms. Obrist worked at a public defender's office, where she represented clients before the county mental health board and worked on felony proceedings and appeals. She also conducted law and policy analysis and drafted proposed legislation for the Nebraska Domestic Violence Sexual Assault Coalition. Prior to law school, Ms. Obrist worked on legal issues generated by welfare reform at the Nebraska Appleseed Center for Law in the Public Interest, where she assisted project attorneys with individual and class litigation, prepared and delivered testimony to the state legislature, developed educational materials for both welfare clients and the advocacy community, and worked toward system responsiveness to the intersection between poverty and intimate partner violence. Ms. Obrist is licensed to practice in Washington State and is a member of the King County Bar Association, the American Bar Association, and the American Constitution Society.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR 23

 

**BIOGRAPHIES**

## Erin M. Riley

Erin Riley's practice focuses on ERISA and breach of fiduciary duty litigation. Ms. Riley graduated *cum laude* from the University of Wisconsin School of Law where she was a managing editor of the *Wisconsin Law Review*. She received her B.A. in French and History from Gonzaga University, where she graduated *cum laude.* Ms. Riley is licensed to practice in both Washington and Wisconsin, and is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff Attorney.



Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                      www.SeattleClassAction.com

KR 24

 

# BIOGRAPHIES

## Karin B. Swope

Karin Swope practices in the firm's nationally recognized complex litigation group. Prior to joining the firm, Karin litigated complex commercial cases, primarily in the areas of intellectual property, and commercial disputes. She also has significant experience in responding to government enforcement activities, including white collar criminal prosecutions, federal civil enforcement actions, and government investigations, and has counseled clients on internal corporate investigations. She clerked for the Hon. John C. Coughenour, United States District Court, District of Western Washington, and for the Hon. Robert E. Cowen, United States Court of Appeals for the Third Circuit. She earned her B.A. in English and Political Science from Amherst College and her J.D. from Columbia University School of Law , where she was Executive Articles Editor for the *Columbia Human Rights Law Review.*



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                        www.SeattleClassAction.com

KR  25

 

# BIOGRAPHIES

## *Britt L. Tinglum*

Britt Tinglum is a partner at Keller Rohrback L.L.P. and has held a leadership role in several nation-wide class actions, including *In re Ikon Office Solutions*, *Inc.* and *Lucent Technologies, Inc. ERISA Litigation*, in which her firm was appointed co-lead counsel. Ms. Tinglum is also actively engaged in the prosecution of a variety of other complex class actions, including antitrust and consumer fraud and accounting fraud. She received both her undergraduate and J.D. from the University of Wisconsin.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                              www.SeattleClassAction.com

26

  **BIOGRAPHIES**

## Margaret E. Wetherald



Margie Wetherald is a partner of Keller Rohrback L.L.P. and serves on the firm's executive committee. Throughout her practice, Ms. Wetherald has handled complex litigation in multiple state and federal jurisdictions with a concentration on commercial insurance coverage, breach of fiduciary duty, and class action litigation. Ms. Wetherald has also handled mass tort litigation involving transmission of AIDS to hemophiliacs through blood products, exposure to contaminated groundwater and hepatitis. She received her undergraduate degree from Mount Holyoke College *cum laude* and as a member of Phi Beta Kappa. She graduated from Cornell Law School. Ms. Wetherald taught at the Columbus School of Law at Catholic University in Washington, D.C. from 1983 to 1985. Ms. Wetherald has practiced in Seattle since 1985 with two years in Washington, D.C. from 1992–1994. She is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States District Courts for Eastern and Western Washington and in the State Courts in Washington and Oregon.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR  27

 

# BIOGRAPHIES

## *Amy Williams-Derry*

Amy Williams-Derry joined Keller Rohrback's Complex Litigation Group in 2005 with several years of litigation experience. This experience includes intellectual property, employment, securities, consumer, real property, and corporate disputes, as well as federal court litigation on resource issues involving water quality and water rights, forest practices, endangered species, and toxic substances. Ms. Williams-Derry has litigated cases at both the trial and appellate levels, and has successfully represented clients in mediation and arbitration settings, including before the National Labor Relations Board, National Association of Securities Dealers, and New York Stock Exchange. Ms. Williams-Derry earned her A.B. with honors from Brown University and her J.D. from the University of Virginia. While in 

law school, she served as Editor-in-Chief of the *Virginia Environmental Law Journal*.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

28

 

**BIOGRAPHIES**

## *Michael D. Woerner*



Mike Woerner joined Keller Rohrback L.L.P. in 1985. His practice focuses on class action and mass tort cases. Mike was a member of the litigation team that received the Trial Lawyers for Public Justice's 1995 Trial Lawyer of the Year Award for his work in *In re Exxon Valdez*. He has more recently represented hundreds of clients in multiple states injured by fen-phen diet drugs. Mike earned his B.S. from the University of Puget Sound and his J.D. from the University of Notre Dame, where he was a member of the *Journal of Legislation* Law Review. He is admitted to practice in Washington, the United States District Courts of Washington, and the United States Court of Appeals for the Ninth Circuit.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                     www.SeattleClassAction.com

KR 29

 

**BIOGRAPHIES**

**Other Keller Rohrback attorneys working with the Complex Litigation Group:**

| | | |
|---|---|---|
| Ian S. Birk | Daniel S. Friedberg | Amy Phillips |
| Stephen R. Boatwright* | Glen P. Garrison | David J. Russell |
| Karen E. Boxx | Irene M. Hecht | Mark D. Samson* |
| Jason P. Chukas | Scott C. Henderson | Frederick W. Schoepflin |
| Alicia Corbett* | Benjamin J. Lantz | William C. Smart |
| Rob J. Crichton | Heidi Lantz | Thomas A. Sterken |
| Chloethiel W. DeWeese | John Mellen | Ryan J. Straus |
| Maureen M. Falecki | Robert S. Over | Laurence R. Weatherly |
| | | Benson D. Wong |

*Admitted to practice in the State of Arizona only.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                    www.SeattleClassAction.com

KR  30





# ERISA PRACTICE GROUP

January 2, 2008



## Marc I. Machiz

Marc Machiz, a Partner at Cohen Milstein, joined the Firm in 2000 and is the head of the Employee Benefits (ERISA) practice group. He is the resident Partner of the Philadelphia office.

Mr. Machiz litigates ERISA class actions involving a range of benefits cases including inappropriate pension plan investments, the inappropriate investment in company stock by 401(k) plans, discharges to interfere with pension rights and illegal plan terminations including, among others, *Hans v. Tharaldson et al.* (D.N.D.) (purchase by ESOP of employer stock allegedly imprudently and for more than adequate consideration); *Mehling, et al. v. New York Life Insurance Co., et al.*, (E.D. Pa.) (investment in allegedly overpriced mutual funds proprietary to the sponsor) and *In re Williams Company ERISA Litigation* (N.D. Okla.) (investment by 401(k) plan in allegedly inflated company stock); *In re Dynegy ERISA Litigation* (S.D. Texas ) (same); Simpson v. Firemen's Fund Insurance Co. (N.D. Cal.) (discharge of disabled employees allegedly to interfere with their attainment of health benefits); *Stoeffels v. SBC Communications, Inc.*, (S.D. Tex.) (termination of retiree telephone concession alleged to be a pension plan); *Wagener v. SBC Communications Inc. Pension Plan* (D.D.C.) (alleged failure to pay promised pension benefits); *Zhu v. Fujitsu*, N.D. Cal. (alleged vesting violation); *Banyai v. Mazur* (S.D.N.Y.) (alleged illegal transfer of fund assets). Mr. Machiz has submitted amicus curiae briefs to the Supreme Court and lower courts on behalf of the Pension Rights Center and the National Association of Insurance Commissioners. He consults with the AFL-CIO on state legislation to expand healthcare coverage so as to minimize the chance that such legislation will be held preempted, and he represents Fiduciary Counselors. Inc. in evaluating the adequacy of both ERISA and Securities settlements on behalf of plans participating in settlements with their plans sponsors and the officers of the plan sponsors, including evaluation of settlements in the Enron Securities litigation.

He joined the Plan Benefits Security Division ("PBS") of the Office of the Solicitor of Labor as a trial attorney in 1978, and was appointed Assistant Counsel for Fiduciary Litigation in 1982. At the start of 1984, he joined Beins, Axelrod and Osborne, P.C. practicing general labor and ERISA law on behalf of unions and multiemployer plans. In 1986 he returned to the Department of Labor as Counsel for General Litigation at PBS, and from 1988 to 2000 held the position of Associate Solicitor, heading the Division. As Associate Solicitor, Mr. Machiz was the Department of Labor's chief ERISA lawyer charged with responsibility for all enforcement litigation brought by the Secretary of Labor under the statute, which governs the vast majority of privately sponsored health, welfare and pension plans. He was also responsible for all legal advice under the statute provided to the Pension & Welfare Benefits Administration, which administers Title I of ERISA.

Mr. Machiz worked to institute the Department's innovative amicus program which aggressively advocated the Department's views throughout the judicial system on a wide range of ERISA issues ranging from the need to limit ERISA preemption of state worker and consumer protection laws to the need to strengthen participants' rights and remedies under the Act.

Mr. Machiz's expertise in ERISA has been recognized by his colleagues in the ERISA bar, who made him a Charter Fellow of the American College of Employee Benefits Counsel. Mr. Machiz

COHEN MILSTEIN
HAUSFELD & TOLL P.L.L.C.

is a frequent speaker on ERISA issues for the ABA, ALI-ABAPLI, and private seminars, and has served as plaintiffs' co-chair of subcommittees of the Employees Benefits Committee of the ABA's Labor Section. He is also a member of the *BNA Pension and Benefits Reporter* Advisory Board.

Mr. Machiz has authored several articles including *Understanding DOL's New Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation*, Pension & Benefits Reporter, Vol. 31, No. 2, January, 2004; and *ESOPS, ERISA, and Employer Stock: A Litigator's Approach*, ATLA Commercial Litigation Section Newsletter, Volume 7, Number 3 (Spring/Summer 2001).

He attended the University of Pennsylvania, where he earned a B.A. in History, and received his law degree from the University of California at Berkeley (Boalt Hall) in 1978.

Mr. Machiz is admitted to practice in the District of Columbia and Pennsylvania.


**Bruce F. Rinaldi**

Bruce Rinaldi joined the Firm in 2004 as Of Counsel and is a member of the Employee Benefits practice group.

After clerking for United States District Judge James A. Walsh in Tucson, Arizona, Mr. Rinaldi taught at the University of Arizona School of Law and was in private practice in Tucson before serving as a Special Counsel in the Office of the General Counsel at the Securities and Exchange Commission.  In 1979 he joined the Special Litigation Division in the Office of the Solicitor of Labor as Supervisory Trial Attorney, where he ran the litigation of *Donovan v. Fitzsimmons* (N.D. Ill.)*,* negotiating and drafting a consent decree governing the management of billions of dollars in assets of the Teamsters Central States Pension Fund, which remains in effect today.  Mr. Rinaldi also conducted a four month trial of allegations of ERISA fiduciary breaches with respect to the Teamsters Central States Health and Welfare Fund in *Brock v. Robbins* (N.D. Ill.).

In 1985 Mr. Rinaldi became the Senior Trial Attorney in the Plan Benefits Security Division of the Department of Labor.  Mr. Rinaldi litigated a wide range of major fiduciary breach cases brought by the Secretary of Labor under ERISA including the seminal case of *Reich v. Valley National Bank* (S.D.N.Y.), concerning fiduciary breaches in the acquisition of employer stock by an ESOP.  In 1989 Mr. Rinaldi joined the Office of Thrift Supervision ("OTS") as the Associate Chief Counsel for Litigation and directed investigations and enforcement actions under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") for fiduciary breaches arising out of failures of thrifts and savings and loan organizations.  He directed all of the enforcement actions taken by the OTS against officers, directors, accountants, and attorneys associated with Lincoln Savings and Loan Association, the largest thrift failure in history.  *See In re American Continental Corp./Lincoln Sav. & Loan Securities Litigation* (D. Ariz.).

2

COHEN MILSTEIN
HAUSFELD & TOLL P.L.L.C.

In 2000, Mr. Rinaldi left the government for private practice.  As the senior litigator at the McTigue Law Firm, Mr. Rinaldi was responsible as co-lead counsel for several cases, including the approved settlement of a case against the fiduciaries of the Morrison Knudson 401(k) plan; *In re McKesson HBOC, Inc. ERISA Litigation* (N.D. Cal.); and *In re CMS Energy ERISA Litigation* (E.D. Mich.).

Mr. Rinaldi earned a B.A. in Political Science from the University of California at Berkeley in 1969, after spending three years as a Peace Corps volunteer in Venezuela, and then received his law degree from the University of California at Davis (King Hall) in 1972.

Mr. Rinaldi is admitted to practice in the District of Columbia and is an inactive member of the Arizona and California Bars.


**Karen L. Handorf**

Karen Handorf joined the Firm in 2007 as Of Counsel and is a member of the Employee Benefits (ERISA) practice group.

Ms. Handorf began her legal career at the Office of the Solicitor of Labor in 1975. In 1982, she joined the Plan Benefits Security Division (PBS) as a trial attorney where she litigated actions brought by the Secretary of Labor for violations of the fiduciary standards of the ERISA. In 1989, she was appointed Counsel for Decentralized and Special Litigation. As Counsel, Ms. Handorf was responsible for establishing and supervising the Department's amicus brief writing program which addressed a wide range of novel and difficult ERISA issues in both state and federal court. Through her supervision of the amicus brief writing program, Ms. Handorf was instrumental in shaping the law relating to preemption, remedies available under ERISA, and standards for evaluating fiduciary conduct with respect to ESOPs, termination annuities, and employer stock purchases. As Counsel, she was also responsible for supervising the Department's ERISA appellate litigation, district court litigation brought by regional offices of the Solicitor of Labor and administrative litigation involving the civil penalty provisions of ERISA. In 2001, she was appointed Deputy Associate Solicitor of PBS. As the Deputy Associate Solicitor, she was responsible for overseeing litigation brought by the Secretary of Labor and legal advice provided to the Employee Benefit Security Administration, which administers Title I of ERISA. In 2005, she returned to her position as supervisor of the ERISA appellate and amicus brief writing program, serving as Counsel for Appellate and Special Litigation. Ms. Handorf is a recipient of the Department of Labor Distinguished Career Service Award.

Ms. Handorf received her law degree from the University of Wisconsin Law School in 1975, where she received the International Academy of Trial Lawyers Award, the Mathys Memorial Award for Appellate Advocacy, and First Place, Milwaukee Bar Association Moot Court Prize. Prior to law school, she attended the University of Wisconsin-River Falls where she received a B.S. in Speech and History.



Ms. Handorf is admitted to practice in Wisconsin. Her application to the District of Columbia Bar is pending and she is currently practicing under the supervision of Marc I. Machiz, an enrolled active member of the District of Columbia Bar, pursuant to Rule 49(c)(8) of the Rules of the District of Columbia Court of Appeals.

**R. Joseph Barton**

Joseph Barton joined Cohen, Milstein, Hausfeld & Toll P.L.L.C. as an associate in 2001 and is a member of the Antitrust, Securities and Employee Benefits practice groups. Prior to joining the firm, Mr. Barton served as a judicial law clerk to the Honorable Lenore C. Nesbitt, United States District Judge for Southern District of Florida (2000-2001). Since joining the firm, Mr. Barton has been actively involved in a diverse number of class action cases.

Mr. Barton has been actively involved in a number of employee benefit cases. For example, in *Beam v. HSBC Bank*, No. (W.D.N.Y.) (settlement of $9.25 Million) which challenged the sale of stock for $25 million by the family shareholders to the Azon Corporation ESOP, Mr. Barton briefed and argued the motions for summary judgment, resulting in denial of defendants' motions and granting plaintiffs' motion for partial summary judgment. In *Simpson v. Fireman's Fund Insurance Company* (N.D. Cal.), Mr. Barton represented a class of active and terminated employees alleging that FFIC's policy of terminated persons on disability violated the discrimination provisions of ERISA, and obtained a settlement which included restoring their right to benefits for a period of years and also reimbursement of past expenses. Additionally, Mr. Barton has also been involved in a number of cases alleging breach of fiduciary duty by investing the 401k plan in company stock. Mr. Barton is currently working on a case against certain insiders at Tharaldson Motels who sold stock to the ESOP for $500 million, *Hans v. Gary Tharaldson et al.* (D.N.D.) and a case against SBC Communications (now AT&T), *Stoffels et al. v. SBC Communications* (W.D. Tex.) alleging that their provision and subsequent elimination of cash payments via a program known as Telephone Concession constituted a defined benefit pension plan under ERISA and violated ERISA. At the hearing on the class certification motion, in *Stoffels*, the Court complimented Mr. Barton on the quality of his advocacy and subsequently certified the class as requested.

Mr. Barton has been active in a number of securities fraud lawsuits including *In re Physician Corporation of America Securities Litigation* (S.D. Fla.) (settlement of $10.2 million), and *In re MCI Securities Litigation* (D.D.C.) (settlement of $4.5 million) and also represented a small class of former Sterling shareholders who received Uniroyal stock in a merger in *Avery v. Uniroyal Technology Corp.*, (M.D. Fla.) (settlement of $2.3 million). Mr. Barton currently represents limited partners of Lipper Convertibles, a now-defunct hedge fund, in a class action arbitration against the former general partners, *Levitt v. Lipper Holdings et al.* (AAA), and also in litigation against the outside auditor in federal district court, *Levitt v. PricewaterhouseCoopers* (S.D.N.Y.) alleging violations of the federal securities laws in connection with their investments in the Partnership which were allegedly overvalued for over 5 years.

COHEN MILSTEIN
HAUSFELD & TOLL P.L.L.C.

Mr. Barton has also worked on a number of antitrust actions. Mr. Barton was a part of the team that engaged in intensive trial preparations in *In re High Fructose Corn Syrup Antitrust Litigation*, (C.D. Ill.) a class action alleging price-fixing by the manufacturers of high fructose corn syrup, which settled for more than $500 million shortly before trial. Mr. Barton is currently working on *In re Mercedes-Benz Antitrust Litigation* (D.N.J.), a class action alleging price-fixing of new Mercedes -Benz vehicles in the New York Region. In connection with the *Mercedes-Benz* litigation, Mr. Barton briefed and argued and obtained summary judgment on a matter of first impression that established that lessee-plaintiffs had standing to sue as direct purchasers under the federal antitrust laws.

Additionally, Mr. Barton considers pro bono activities to be an important part of his practice. Along with the non-profit law firm Midwest Environmental Advocates**,** Mr. Barton provided pro bono representation to the grassroots citizens action group Clean Water Action Council of Northeastern Wisconsin, in objecting to a settlement by the United States Department of Justice and the State of Wisconsin concerning natural resource damages in the Fox River area of Wisconsin. Mr. Barton also represented a client in D.C. Superior Court against her former employer who refused to pay her wages and overtime, in which the Judge described Mr. Barton's representation as follows: "everything done on behalf of the Plaintiff has been professional, timely and thorough."

Mr. Barton received his undergraduate degree from the College of William & Mary (B.A. 1991) where he majored in History and minored in Classical Studies, and graduated *Order of the Coif* from the College of William & Mary, Marshall-Wythe School of Law (J.D. 2000). At law school, he received the Lawrence W. I'Anson Award for outstanding student scholarship, character and leadership, the William B. Spong Award for professionalism and ethics, the Robert R. Kaplan Award for excellence in legal writing and *Order of the Barristers*. He served on the editorial board of the *William & Mary Law Review* and was a staff member of the *William & Mary Bill of Rights Journal*. Mr. Barton was a member of the William & Mary National Trial Team and served as Vice-President of the William & Mary Chapter of the Association of Trial Lawyers of America.

Mr. Barton is the author of *Determining the Meaning of "Direct Evidence" in Discrimination Cases Within the Eleventh Circuit: Why Judge Tjoflat was (W)right*, 77 Fla. B.J. 42 (2003), *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims*, 41 Wm. & Mary L. Rev. 1789 (2000), and *Utilizing Statistics and Bellwether Plaintiff Trials: What do the Constitution and the Federal Rules of Civil Procedure Permit?*, 8 Wm. & Mary Bill Rts. J. 199 (1999). Each of Mr. Barton's published articles has been cited by both courts and commentators.

Mr. Barton is admitted to practice in the State of California and the District of Columbia and is listed in the *Marquis' Who's Who in American Law*.


**Michelle C. Yau**

COHEN MILSTEIN
HAUSFELD & TOLL

Michelle Yau joined the firm as an associate in August 2007 and is a member of the Employee Benefits practice group.

Prior to joining the firm Ms. Yau was an attorney in the Solicitor's Office of the U.S. Department of Labor, where she was responsible for the enforcement and administration of a variety of labor statutes.  She started with the Department of Labor in the Honors Program where she was involved in several litigation matters, including the Department of Labor's Enron litigation alleging violations of ERISA.  During law school Ms. Yau worked in the Employee Benefits and Executive Compensation Group of Shearman & Sterling, at the labor law firm of Segal Roitman & Coleman, and in the New York office of Tibetan Government in exile.  Before law school, Ms. Yau worked as a financial analyst at Goldman, Sachs & Co. in the Financial Institutions Group of the Investment Banking Division.

Ms. Yau received her law degree from Harvard Law School in 2003, where was awarded several public interest fellowships, including the Heyman Fellowship for academic excellence and a demonstrated commitment to federal public service.  Ms. Yau received a B.A. in Mathematics (with distinction, 1997) from the University of Virginia, where she was a member of Phi Beta Kappa and Phi Mu Epsilon (mathematics honors fraternity).  Ms. Yau was also selected as an Echols Scholar and awarded the Student Council Scholarship for leadership, academic achievement and community service.

Ms. Yau is admitted to practice in the United States Court of Appeals for the Fourth Circuit and Massachusetts. Her application to the District of Columbia Bar is pending and she is currently practicing under the supervision of Marc I. Machiz, an enrolled active member of the District of Columbia Bar, pursuant to Rule 49(c)(8) of the Rules of the District of Columbia Court of Appeals.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                    Defendants. | Case No.  07-CV-10687 (LBS) |

### DECLARATION OF MARY ELLEN SIGNORILLE IN SUPPORT OF ESPOSITO PLAINTIFFS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND LEAD COUNSEL

I, Mary Ellen Signorille, hereby declare as follows:

I have personal knowledge of the facts contained in this declaration and, if called to testify, will testify as set forth below.

**Background of Mary Ellen Signorille**

1.    I am a Senior Staff Attorney with AARP Foundation Litigation, located in Washington, D.C.

2.    Since 1979, I have specialized in pension and employee benefit litigation and consultation under the Employee Retirement Income Security Act ("ERISA").   From 1979

through 1986, I did so as an attorney and shareholder with the law firm of Abato & Abato, P.A.,

which later merged into Abato, Rubenstein & Abato, P.A., located in Baltimore, Maryland.

Subsequently, between 1986 through 1992, I worked as an associate with the law firm of

Rogovin, Huge & Schiller, which after a merger was renamed Donovan, Leisure, Rogovin, Huge

& Schiller. I performed this work for employers, labor organizations and employee benefit plans

located primarily in the Mid-Atlantic states.

3.    Since 1993, I have worked as a senior staff attorney at AARP and its affiliated

Foundation. I have been the attorney with lead responsibility for AARP's judicial advocacy on

employee benefits issues. I have appeared as counsel of record for AARP in more than 20

*amicus curiae* briefs filed before the Supreme Court presenting AARP's view, and the views of

its nearly 40 million members, on the Employee Retirement Income Security Act ("ERISA"). I

have prepared numerous *amicus curiae* briefs on pension and employee benefits laws on behalf

of AARP and its members in cases before the U.S. Court of Appeals, federal district and state

courts. I have drafted many of AARP's comments on proposed regulations to the various

agencies charged with enforcing ERISA. I have presented AARP's position on various federal

legislative proposals to Congressional and agency staff including AARP's legislative proposal to

limit the amount of employer stock available for investment in defined contribution plans. I have

advocated before the National Association of Insurance Commissioners to enact a Model Act

prohibiting discretionary clauses in health and disability insurance contracts.

4,    Among my duties at AARP Foundation Litigation is to keep abreast of the current

issues in ERISA litigation, to act as a clearinghouse for counsel trying cases and to provide my

expertise to attorneys litigating these cases. During the past fifteen years at AARP and its

affiliated Foundation, I have received numerous phone calls and correspondence for assistance with cases. Unfortunately, far too many of them have been in cases where counsel did not have the requisite background to understand or know of nuances in the law or were unaware of potential changes in the law.

5.    My legal work in the pension and employee benefit plan area has included the litigation of a broad spectrum of employee benefit and ERISA issues. This has included litigation regarding preemption, benefit claims, breaches of fiduciary duty, and the scope of relief available under the different subsections of ERISA §502(a), 29 U.S.C. §1132(a). At present, virtually all of my work is in the employee benefit area.

6.    From 2001-2004 I was the Plaintiff Co-Chair of the American Bar Association's Employee Benefits Committee (EBC) of the Labor and Employment Section. (The other two co-chairs are designated the Management Co-Chair and the Union Co-Chair). Part of the duties of this position included recruiting plaintiffs' lawyers to join the EBC. I have been a contributor to *Employee Benefits Law* (BNA), a publication of the ABA. As such, I have served as a chapter editor for various chapters of the Second Edition and for the supplements thereto. Those chapters include the chapters on preemption and reporting and disclosure. Currently, I am in charge of coordinating the revision of the treatise including recruiting lawyers to rewrite sections of the treatise consistent with their specialized knowledge of ERISA.

7.    I am and have been a regular speaker at the American Bar Association's Annual "ERISA Litigation: Tactics and Strategy," "ERISA Basics" and "Health and Welfare Benefit Plans: The Pressure is On" seminars, where I have spoken on a broad range of ERISA topics, including issues at the heart of this case for the last ten years. I have also been active in the

-3-

National Employment Lawyers Association and have spoken on ERISA topics at numerous Annual Conferences as well as NELA's "ERISA for the Plaintiff Employment Lawyer" conference in October 2000. In the past I have also presented papers at numerous Thompson Legal Works' ERISA Litigation Conferences. In 2003 and 2004, I have also lectured and taught on the subject of pension law and employee benefits during the "Elderlaw" course at the George Washington School of Law. From 2000-2003, I spoke at the National Aging and Law Conference on ERISA Basics and benefits claims. In 2003, I lectured at the Kenneth M. Piper Lecture at the Chicago-Kent College of Law and my commentary was published at *Commentary: Is it Time to Take the Broom and Really Clean House? A New Paradigm for Employee Benefits,* 79 CHI.-KENT L. REV. 655 (2004). In 2006 I spoke at the New York University's 59th Labor and Employment Law Conference on current ERISA litigation issues.

8.      Other publications include: *Overrule Mertens v. Hewitt Associates: The Time Is Now,* 2 EMPLOYEE RIGHTS QUARTERLY NO. 2 (August 2001); *A Primer on Private Pension Plans,* 34 CLEARINGHOUSE REVIEW 327 (Sept-Oct 2000); and various articles for the ABA EMPLOYEE BENEFITS COMMITTEE NEWSLETTER.

9.      I am a former Co-Chair and Steering Committee member of the District of Columbia Bar's Labor and Employment Law Section.

10.     I was named one of the top employee benefits lawyers by the National Law Journal in 1998 and was elected to the charter class of the American College of Employee Benefits Counsel in 2000. I am currently on the Board of Governors of the College and was elected as its Treasurer.

11.     I am currently a representative to the American Bar Association's Joint Council

on Employee Benefits.

12.     I graduated from SUNY at Buffalo in 1974 with a B.A. degree and from Catholic University, Columbus School of Law in 1977 with a J.D. degree. I received my L.L.M. from Georgetown University in 1980. I was admitted to practice in the District of Columbia in December 1977, and to the state of Maryland in May 1980, and am a member in good standing of these Bars. In addition to these state bar memberships, I am admitted to practice before the U.S. District Court for the District of Columbia and Maryland, as well as the First, Third, Fourth, Fifth, Seventh, Ninth, Tenth and Eleventh Circuit Courts of Appeal and the U.S. Supreme Court.

### AARP Involvement in 401(k) Plan Employer Security Litigation

13.     AARP Foundation decided to act as co counsel in the first case filed against WorldCom titled as *Vivien v. Worldcom*. AARP has always been concerned with the retirement security of our nearly 40 million members. As of the end of 2006, employer-sponsored defined contribution plans held $3.26 trillion in assets, *Flow of Funds Accounts of the United States, Flows and Outstandings Third Quarter 2007*, FEDERAL RESERVE STATISTICAL RELEASE at Table L. 118.c (Dec. 6, 2007), with $2.698 trillion in 401(k) plans. Investment Company Institute, *Frequently Asked Questions About 401(k) Plans*, *available at* http://www.ici.org/home/faqs_401k.html (June 2007). Since 1981, the number of 401(k) plans has significantly increased, making defined contribution plans the nation's primary retirement savings vehicle. PETER BRADY & SARAH HOLDEN, *The U.S. Retirement Markets, 2006*, RESEARCH FUNDAMENTALS (Investment Company Institute, Washington, D.C.), July 2007, *available at* http://www.ici.org/pdf/fm-v16n3.pdf. As the number of 401(k) plans have increased, the efficacy of 401(k) plans to provide retirement security has been a major concern

since the mid-1980's.  Accordingly, the underlying issues in the *Vivien* lawsuit have been a major

policy issue for AARP for close to fifteen years.  In particular, the security of 401(k) accounts

and the duties and responsibilities of fiduciaries and employers to 401(k) participants have been

of particular concern because there are few substantive rules in ERISA concerning the use of

employer stock in 401(k) plans as compared with the 10% maximum for the use of employer

stock and employer real estate in defined benefit plans.  Corporate scandals which came to light

in 2002 have cost Americans more than $200 billion in lost investment savings, jobs, pension

losses and tax revenue.  Losses from 401(k) accounts alone totaled $175 billion.  No More

Enrons Coalition, THE COST OF CORPORATE RECKLESSNESS (2002).[1]  Other estimates place

retirement fund losses over $1.5 trillion.  Catherine Valenti, *Enron Imploded a Year Ago: What's

Changed for Investors?*, ABC NEWS MONEYSCOPE, (November 27, 2002), *available at*

http://abcnews.go.com/sections/business/DailyNews/enronanniversary_021127.html.  Moreover,

the underlying issues in *Vivien* dovetailed with our legislative and regulatory advocacy efforts on

these issues.  As the number of 401(k) plans have increased, the efficacy of 401(k) plans to

provide retirement security has been a major concern since the mid-1980's.  Accordingly, the

underlying issues in the *Vivien* lawsuit have been a major policy issue for AARP for more than

10 years

      14.     Subsequent to AARP Foundation's participation as counsel in *Vivien v.

WorldCom*, AARP has filed *amicus curiae* briefs in *Steinman v. Hicks*, 352 F.3d 1101 (7th Cir.

2003); *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311 (5th Cir. 2006); *In re Schering Plough ERISA*

---

[1] The coalition is partially funded by consumer groups and labor organizations.  The report put
together data from government and other public sources to detail the impact of accounting
failures at Enron, Arthur Andersen, WorldCom, Global Crossing, Adelphia Communications,

*Litig.*, 420 F.3d 231 (3d Cir. 2005); and *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 226 F.R.D. 559 (E.D. Tex 2005), *on appeal as Langbecker v. Elec. Data Sys. Corp.*, No. 04-41760, (5th Cir. March 2005) (settled after oral argument); *In re Reliant Energy ERISA Litig.*, 336 F.Supp.2d 646 (S.D. Tex. 2004), *on appeal as Kirschbaum v. Reliant Energy, Inc.*, No. 06-20157 (5th Cir. Aug. 2006); and *LaRue v. DeWolff, Boberg, & Assocs., Inc.*, 450 F.3d 570 (4th Cir. 2006), *reh'g en banc denied*, 458 F.3d 359 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 2971 (June 18, 2007) (No. 06-856), concerning issues arising in 401(k) employer stock securities cases.

### Expertise of Counsel

15.     I have been aware of the expertise of Marc Machiz of Cohen, Milstein, Hausfeld and Toll, and his capabilities as a litigator specializing in ERISA cases, from past work with his firm as well as during his tenure as Associate Solicitor of the Plan Security Division at the U.S. Department of Labor over the last 13 years. He is considered one of the leading plaintiff's ERISA attorneys in the country. Mr. Machiz is one of the few attorneys who has proven himself to be quite skilled in ERISA. When AARP needs to take a position on a novel issue of law, he is one of the attorneys I call to seek his view. I have also worked with him on *amicus* briefs to the United States Supreme Court and was extremely impressed by his breadth of knowledge, his quick intellect and the precision in his work. Mr. Machiz replaced me as the chapter editor on the ABA's Employee Benefit Treatise Preemption Chapter and has done a significant amount of work reediting that Chapter. I am aware of his integrity and concern that class members receive a significant benefit from any litigation, not only from past work with him, but from participation with him on American Bar Association panels.

---

Xerox, Tyco International, Qwest Communications, and others.

16.    I have been aware of the expertise of Lynn Sarko of Keller, Rohrback and his capabilities as a litigator specializing in ERISA cases, from past work with his firm during the *Vivien v. WorldCom* in which he was appointed lead counsel. AARP members have generally provided me with favorable comments about the settlement of that case. In addition, I am aware of the excellent reputation of the Keller, Rohrback firm in obtaining results for class members, as well as its resources to litigate major class action lawsuits. Finally, I am aware of his integrity and concern that class members receive a significant benefit from any litigation, not only from past work with him, but from participation with him on American Bar Association panels. Among the duties of the co-chairs of the American Bar Association's Employee Benefits Committee of the Labor and Employment Section are to develop ABA's annual ERISA Litigation seminar and Mid-Winter Meeting including selecting the speakers. Mr. Sarko was chosen to speak at these seminars because of his in-depth knowledge concerning the substantive law of ERISA on employer stock litigation, the practicalities of identifying worthy cases, the strategies necessary to successfully litigate ERISA employer stock cases, and his rating as an excellent and knowledgeable speaker by the attendees of these seminars in their evaluations.

17.    Litigation concerning ERISA issues is time-consuming, difficult and not desirable to litigate. Notwithstanding the recent desire of many plaintiffs' securities lawyers to try their hand at ERISA litigation in the context of 401(k) employer stock cases, there are very few well-qualified attorneys who are willing to represent participants in ERISA cases as the mainstay of their practice. For example, one of my duties as plaintiff co-chair for the ABA's Employee Benefit Committee (EBC) of the Labor and Employment Section was to increase the number of attorneys representing participants in that Committee. Out of 235 attendees at the 2004 ABA

EBC Midwinter Meeting only 35 represented participants on a regular basis; this was the largest number of attorneys representing participants that ever attended this meeting. These cases require a high degree of knowledge under ERISA, and few attorneys are willing to litigate these cases who I believe have the requisite knowledge and commitment to ERISA litigation, as well as the relevant advocacy skills and capabilities.

18.     Mr. Machiz, Mr. Sarko and myself are in frequent communication concerning developments in the law that will affect the ability of participants to successfully recover assets lost by pension plan investments in employer stock. For example, when class certification in a recent case in which Mr. Sarko served as counsel, *In re Elec. Data Sys. Corp. "ERISA" Litigation*, 224 F.R.D. 613(E.D. Tex 2005) was on appeal to the Fifth Circuit, Mr. Sarko contacted both myself and Mr. Machiz about the important issues presented. As a result of our discussions, AARP filed an amicus brief to address some of these issues, and Mr. Machiz (along with Professor Norman Stein of the University of Alabama Law School) was selected by the Pension Rights Center, another non-profit group dedicated to protecting the rights of pension plan participants, to file a complementary brief providing a different perspective on the issues in the case. In another example, in late December 2004, the U.S. Department of Labor took a position that some commentators have suggested changed its position in its Enron brief. See 31 BNA PENSION REPORTER No. 50 at 2804-05 (December 28, 2004); Field Assistance Bulletin No. 2004-03 available at http://www.dol.gov/ebsa/regs/fab_2004-3.html. Mr. Machiz, Mr. Sarko and I had extensive discussions concerning both the underpinnings and the implications of this Department of Labor opinion. In their dedication not merely to prosecuting individual cases, but to understanding and advocating for the development of the ERISA case law, Mr. Sarko and Mr.

Machiz are matched by only a handful of ERISA plaintiffs' attorneys.

19.    In the context of ERISA fiduciary breach cases including cases involving employer stock, AARP has two main concerns.  The first concern is that in a particular case, the outcome makes plans and their participants and beneficiaries whole for their losses and protects their retirement security.  The second concern is that the law develops in a way that is beneficial to future advocacy efforts.  Because AARP is committed to the ensuring that cases are litigated by those who best represent those retired, those soon to be retired and those who will eventually be able to be retired, the competence and expertise of counsel in the area of ERISA company stock litigation, and their resources to litigate an ERISA case should be paramount in choosing lead counsel.  Mr. Machiz, Mr. Sarko and their respective law firms possess the competence, dedication and resources to effectively litigate these cases in a way that furthers the interests of the participants and advances the development of the law.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 7th day of February 2008, at the District of Columbia.

Mary Ellen Signorille
Mary Ellen Signorille –
D.C. Bar No.942474
AARP FOUNDATION LITIGATION
601 E Street, N.W.
Washington, D.C. 20049

Telephone: (202) 434-2060
Facsimile: (202) 434-6424

-10-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated, <br><br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, <br> Defendants. | Case No.  07-CV-10268 (LBS) |
| MARY GIDARO, individually and on behalf of all others similarly situated, <br><br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, <br> Defendants. | Case No.  07-CV-10273 (LBS) |

| | |
|---|---|
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>                  v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                     Defendants. | **Case No.  07-CV-10398 (LBS)** |
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>                  v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                     Defendants. | **Case No.  07-CV-10569 (LBS)** |

| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | **Case No. 07-CV-10661 (LBS)** |
| --- | --- |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | **Case No. 07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>               Defendants. | **Case No.  07-CV-11054 (LBS)** |

| | |
|---|---|
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>Defendants. | **Case No. 07-Civ-11615 (LBS)** |
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>Defendants. | **Case No. 08-Civ-0058 (LBS)** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>                       Plaintiffs,<br><br>            v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                      Defendants. | Case No. 07-CV-10268 (LBS) |

*[additional captions follow]*

**DECLARATION OF CARL ESPOSITO IN SUPPORT OF THE *ESPOSITO*
PLAINTIFFS' AMENDED NOTICE OF MOTION TO CONSOLIDATE ERISA CASES
AND APPOINT INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL.**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Case No. 07-CV-10273 (LBS) |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Case No. 07-CV-10398 (LBS) |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                              Defendants. | Case No. 07-CV-10569 (LBS) |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                              Defendants. | Case No. 07-CV-10661 (LBS) |

4|9

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                     Defendants. | Case No.  07-CV-10687 (LBS |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                     Defendants. | Case No.  07-CV-10710 (LBS) |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>              Defendants. | **Case No.  07-CV-11054 (LBS** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>           Defendants. | **Case No. 07-Civ-11615 (LBS)** |

6|9

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>Defendants. | Case No. 08-Civ-0058 (LBS) |

I, Carl Esposito, hereby declare as follows:

1.     I have personal knowledge of the facts contained in this declaration and, if called to testify, will testify as set forth below.

2.     I am a current participant in the Merrill Lynch 401(k) Savings and Investment Plan (the "SIP"), the Merrill Lynch Retirement Accumulation Plan (the "RAP"), and the Merrill Lynch Employee Stock Ownership Plan (the "Traditional ESOP") (collectively the "Plans"). As of January 1, 2007, I held approximately 1,294 shares of Merrill Lynch stock in the Plans which was then valued at approximately $120,483. I continued to acquire Merrill Lynch stock in the Plans during the proposed Class Period, January 18, 2007 to the present (the "Class Period"). The value of the Merrill Lynch stock in the Plans has decreased approximately 45 percent since the beginning of the Class Period. A significant portion of my retirement savings in the Plans was invested in Merrill Lynch stock as a result of the way the Plans were administered by the Plans'

7|9

fiduciaries during the Class Period. This investment has been decimated by the failure of the Plans' fiduciaries to do what was necessary under the law to protect the Plans.

3.    The Plans have tens of thousands of participants who, like me, have suffered tremendous losses as a result of the recent Merrill Lynch debacle. I understand that as a proposed Class Representative my job in this case is to represent the interests of all of the participants of the Plans who have suffered similar harm as me, and, furthermore, that this action is brought on behalf of the Plans under ERISA, and not to recover any personal losses of my own.

4.    My lawyers have explained to me that my duties in this regard include the following:

    a.    Consider the interest of the class just as I would consider my own interests;

    b.    Vindicate the legal rights of the entire class, in addition to vindicating my own legal rights, which provides "economies of scale" that save time, money, and effort for plaintiffs, defendants, and the judicial system;

    c.    Participate actively in the lawsuit, such as by reviewing and approving significant briefs (*e.g.*, the complaint *Esposito v. Merrill Lynch & Co., et al.*,) before they are filed, testifying at deposition and trial, and answering written interrogatories;

    d.    Continue to be aware of the status and progress of the lawsuit; and

    e.    Provide my lawyers and the court with all relevant facts of which I am aware.

8|9

5.     I understand these duties and will abide by them if I am appointed to serve as a Class Representative in this case.

6.     I understand as well that several different firms have filed suit against Merrill Lynch on behalf of participants of the Plans and are seeking to be appointed lead counsel in this case.

7.     I support the leadership structure proposed by Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll P.L.L.C. ("Cohen Milstein") since they have substantial experience litigating ERISA class action cases like this one and have served successfully in leadership positions in many other similar ERISA cases. I believe that this structure will ensure that I, and the class of persons I seek to represent, will have the best counsel possible to pursue the interests of the class. Their past experience is important to me as I do not think it would be in the best interests of the participants of the Plans to be represented by counsel with less experience than Keller Rohrback and Cohen Milstein. I am sure that the defendants in this case have obtained the best defense counsel for the job, and, as a proposed Class Representative, I believe that I would be remiss if I did not seek to have the best plaintiffs' counsel appointed as well.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _2/14/08_          _Carl Esposito_
                          Carl Esposito

- 8 -

9/9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>     Defendants. | Case No.  07-CV-10268 (DC) |

[*additional captions follow*]

**DECLARATION OF BARBARA BOLAND IN SUPPORT OF THE *ESPOSITO*
PLAINTIFFS' AMENDED NOTICE OF MOTION TO CONSOLIDATE ERISA CASES
AND APPOINT INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL.**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                Defendants. | Case No.  07-CV-10273 (LBS) |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>                Defendants. | Case No.  07-CV-10398 (LBS) |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>        Defendants. | **Case No. 07-CV-10569 (LBS)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>        Defendants. | **Case No. 07-CV-10661 (LBS)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>          Defendants. | **Case No.  07-CV-10687 (LBS)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>          Defendants. | **Case No.  07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | **Case No. 07-CV-11054 (LBS)** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>Defendants. | **Case No. 07-Civ-11615 (LBS)** |

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>Defendants. | Case No. 08-Civ-0058 (LBS) |

I, Barbara Boland, hereby declare as follows:

1.      I have personal knowledge of the facts contained in this declaration and, if called to testify, will testify as set forth below.

2.      I am a current participant in the Merrill Lynch 401(k) Savings and Investment Plan (the "SIP"), the Merrill Lynch Retirement Accumulation Plan (the "RAP"), and the Merrill Lynch Employee Stock Ownership Plan (the "Traditional ESOP") (collectively the "Plans"). As of January 1, 2007, I held approximately 1709 shares of Merrill Lynch stock in the Plans which was then valued at approximately $159,152. During the proposed Class Period, January 18, 2007 to the present (the "Class Period"), I acquired approximately 1,000 additional shares of Merrill Lynch stock in the Plans. As of year end 2007, I held approximately 2730 shares of Merrill Lynch stock in the Plans which was then valued at approximately $146,537. The value of the Merrill Lynch stock in the Plans has decreased approximately 45 percent since the beginning of the Class Period. A significant portion of my retirement savings in the Plans was invested in

Merrill Lynch stock as a result of the way the Plans were administered by the Plans' fiduciaries during the Class Period.  This investment has been decimated by the failure of the Plans' fiduciaries to do what was necessary under the law to protect the Plans.

3.    The Plans have tens of thousands of participants who, like me, have suffered tremendous losses as a result of the recent Merrill Lynch debacle.  I understand that as a proposed Class Representative my job in this case is to represent the interests of all of the participants of the Plans who have suffered similar harm as me, and, furthermore, that this action is brought on behalf of the Plans under ERISA, and not to recover any personal losses of my own.

4.    My lawyers at Zimmerman Reed PLLP have explained to me that my duties in this regard include the following:

    a.    Consider the interest of the class just as I would consider my own interests;

    b.    Vindicate the legal rights of the entire class, in addition to vindicating my own legal rights, which provides "economies of scale" that save time, money, and effort for plaintiffs, defendants, and the judicial system;

    c.    Participate actively in the lawsuit, such as by reviewing and approving significant briefs (*e.g.*, the complaint *Boland v. Merrill Lynch & Co., et al.*,) before they are filed, testifying at deposition and trial, and answering written interrogatories;

    d.    Continue to be aware of the status and progress of the lawsuit; and

    e.    Provide my lawyers and the court with all relevant facts of which I am aware.

5.      I understand these duties and will abide by them if I am appointed to serve as a Class Representative in this case.

6.      I understand as well that several different firms have filed suit against Merrill Lynch on behalf of participants of the Plans and are seeking to be appointed lead counsel in this case.

7.      As I discussed with my attorneys at Zimmerman Reed PLLP, I support the leadership structure proposed by Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll P.L.L.C. ("Cohen Milstein") since they have substantial experience litigating ERISA class action cases like this one and have served successfully in leadership positions in many other similar ERISA cases. I believe that the leadership structure proposed by Keller Rohrback and Cohen Milstein is the best of the three leadership structures now presented by plaintiffs in this case. I am sure that the defendants in this case have obtained the best defense counsel for the job, and, as a proposed Class Representative, I believe that I would be remiss if I did not speak in favor of the best option now before the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __2/15/08__                      _Barbara A. Boland_
                                        Barbara Boland